# Exhibit 3

LEXSEE

JOAN FERRARI, on Behalf of Herself and All Others Similarly Situated, Plaintiff, -
against- IMPATH, INC., ANU D. SAAD, JAMES V. AGNELLO, CARTER H.
ECKERT, RICHARD ADELSON, and DAVID J. CAMMARATA, Defendants.
HARVEY ALTMAN, on Behalf of Himself and All Others Similarly Situated, Plain-
tiff, -against- IMPATH, INC., et al., Defendants. MARK EPSTEIN, on Behalf of
Himself and All Others Similarly Situated, Plaintiff, -against- IMPATH, INC., et al.,
Defendants. ROBERT CORWIN, on Behalf of Himself and All Others Similarly
Situated, Plaintiff, -against- IMPATH, INC., et al., Defendants. CHERYL LACOFF,
on Behalf of Herself and All Others Similarly Situated, Plaintiff, -against- IMPATH,
INC., et al., Defendants. TRUDY NOMM, on Behalf of Herself and All Others Simi-
larly Situated, Plaintiff, -against- IMPATH, INC., et al., Defendants. MARTIN LA-
COFF, On Behalf Of Himself and All Others Similarly Situated, Plaintiff, -against-
IMPATH, INC., et al., Defendants. ABE ROLNICK, On Behalf Of Himself and All
Others Similarly Situated, Plaintiff, -against- IMPATH, INC., et al., Defendants.
ELIOT WOLBROM and SHEILA WOLBROM, On Behalf of Themselves and All
Others Similarly Situated, Plaintiff, -against- IMPATH, INC., et al., Defendants.
GEORGE HEYER, On Behalf Of Himself and All Others Similarly Situated, Plain-
tiff, -against- IMPATH, INC., et al., Defendants. LINDA ADLER, On Behalf Of
Herself and All Others Similarly Situated, Plaintiff, -against- IMPATH, INC., et al.,
Defendants. JILL A. MACDONALD, On Behalf of Herself and All Others Similarly
Situated, Plaintiff, -against- IMPATH, INC., et al., Defendants. MICHAEL JACK-
SON, On Behalf Of Himself and All Others Similarly Situated, Plaintiff, -against-
IMPATH, INC., et al., Defendants. JOE ISENBERG, On Behalf Of Himself and All
Others Similarly Situated, Plaintiff, -against- IMPATH, INC., et al., Defendants.
ANNE-MARIE CASDEN, On Behalf of Herself and All Others Similarly Situated,
Plaintiff, -against- IMPATH, INC., et al., Defendants. OLIVER ENG, On Behalf of
Herself and All Others Similarly Situated, Plaintiff, -against- IMPATH, INC., et al.,
Defendants.

03 Civ. 5667 (DAB), 03 Civ. 5670 (DAB), 03 Civ. 5737 (DAB), 03 Civ. 5800 (DAB), 03
Civ. 5860 (DAB), 03 Civ. 5902 (DAB), 03 Civ. 6073 (DAB), 03 Civ. 6083 (DAB), 03
Civ. 6123 (DAB), 03 Civ. 6418 (DAB), 03 Civ. 6484 (DAB), 03 Civ. 6689 (DAB), 03
Civ. 6703 (DAB), 03 Civ. 7200 (DAB), 03 Civ. 7358 (DAB), 03 Civ. 7490 (DAB)

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF
NEW YORK

*2004 U.S. Dist. LEXIS 13898; Fed. Sec. L. Rep. (CCH) P92,886*

July 15, 2004, Decided
July 20, 2004, Filed

**SUBSEQUENT HISTORY:** Related proceeding at *SEC v. Saad, 2005 U.S. Dist. LEXIS 14780 (S.D.N.Y., July 23, 2005)*

**DISPOSITION:**    Plaintiffs Groups' motions to con-solidate granted. Nichols, Glotzer, Rolander, and Okla-homa Firefighters Plaintiffs Groups' motions to be ap-pointed lead plaintiff and to approve their respective se-

lections for lead counsel denied. SoCal Plaintiff Group's motions to be appointed lead plaintiff and to approve its selection of Lerach, Coughlin, Stoia & Robbins LLP as lead counsel granted.

**COUNSEL:** [*1]  For Joan Ferrari, individually and on behalf of all others similarly situated, Plaintiff: Daniel S.

2004 U.S. Dist. LEXIS 13898, *; Fed. Sec. L. Rep. (CCH) P92,886

Drosman, Lerach, Coughlin, Stoia & Robbins, L.L.P., San Diego, CA. David Avi Rosenfeld, Cauley Geller Bowman & Rudman LLP, Melville, NY. Marc A. Topaz, Schiffrin & Barroway, L.L.P., Bala Cynwyd, PA. Samuel Howard Rudman, Cauley, Geller, Bowman & Rudman, L.L.P., Melville, NY.

For Carpenters Pension Trust for Southern California and United Brotherhood for Carpenters Pension Fund, Movant: Steven G. Schulman, Milberg Weiss Bershad & Schulman LLP (NYC), New York, NY.

For Oklahoma Firefighters Pension and Retirement System, Raiffeisen Kapitalanlage-Gesellschaft m.b.H, Movants: Douglas M. McKeige, Bernstein, Litowitz, Berger & Grossmann, L.L.P., New York, NY. Douglas M. McKeige, Bernstein, Litowitz, Berger & Grossman, L.L.P., New York, NY. Eitan Misulovin, Bernstein, Litowitz, Berger & Grossmann, L.L.P., New York, NY. Eitan Misulovin, Bernstein, Litowitz, Berger & Grossman, L.L.P., New York, NY. Max W. Berger, Bernstein, Litowitz, Berger & Grossmann, L.L.P., New York, NY.

JUDGES: DEBORAH A. BATTS, United States District Judge.

OPINION BY: DEBORAH A. BATTS

OPINION

*MEMORANDUM AND ORDER*

DEBORAH [*2] A. BATTS, United States District Judge.

Pending before this Court are sixteen securities fraud class action lawsuits against Impath, Inc. ("Impath") and certain of its officers and directors. [1] These sixteen actions (collectively the "Impath Actions") allege claims under *Sections 10(b)and 20(a)* of the Securities Exchange Act of 1934 (the "Exchange Act") and *Rule 10b-5* as promulgated by the Securities and Exchange Commission (the "SEC").

1    The Court has accepted the following sixteen actions as related: *Ferrari v. Impath, Inc.,* No. 03 Civ. 5667; *Altman v. Impath, Inc.,* No. 03 Civ. 5670; *Epstein v. Impath Inc.,* No. 03 Civ. 5737; *Corwin v. Impath, Inc.,* No. 03 Civ. 5800; *Lacoff v. Impath, Inc.,* No. 03 Civ. 5860; *Nomm v. Impath, Inc.,* No. 03 Civ. 5902; *Lacoff v. Impath, Inc.,* No. 03 Civ. 6073; *Rolnick v. Impath, Inc.,* No. 03 Civ. 6083; *Wolbrom v. Impath, Inc.,* No. 03 Civ. 6123; *Heyer v. Impath, Inc.,* No. 03 Civ. 6418; *Adler v. Impath, Inc.,* No. 03 Civ. 6484;

*MacDonald v. Impath, Inc.,* No. 03 Civ. 6689; *Jackson v. Impath, Inc.,* No. 03 Civ. 6703; *Isenberg v. Impath,* No. 03 Civ. 7200; *Casden v. Impath, Inc.,* No. 03 Civ. 7358; and *Eng v. Impath, Inc.,* No. 03 Civ. 7490.

[*3]    The Court currently has motions from five plaintiff groups before it, each requesting the Court to consolidate the Impath Actions, to appoint the respective group Lead Plaintiff, and to approve that Lead Plaintiff's selection of Lead Counsel. [2] The following groups have made the above motions:

Houston H. Nichols ("Nichols Plaintiff") moves the Court to consolidate the Impath Actions, to be appointed Lead Plaintiff, and to approve Cohen, Milstein, Hausfeld & Toll, P.L.L.C. as Lead Counsel.

Ira Glotzer and Regina Glotzer (collectively the "Glotzer Plaintiffs Group") move the Court to consolidate the Impath Actions, to be appointed Lead Plaintiff, and to approve Abbey Gardy, LLP as Lead Counsel.

Carpenters Pension Trust for Southern California and United Brotherhood of Carpenters (collectively the "SoCal Plaintiffs Group" or "SoCal") move the Court to consolidate the Impath Actions, to be appointed Lead Plaintiff, and to approve Lerach, Coughlin, Stoia & Robbins as Lead Counsel. [3]

Morine Rolander and Jody Berger (collectively the "Rolander Plaintiffs Group") move the Court to consolidate the Impath Actions, to be appointed Lead Plaintiff, and to approve Wolf Haldenstein Adler Freeman [*4] & Herz, LLP as Lead Counsel.

Oklahoma Firefighters Pension and Retirement System and Raiffeisen Kapitalanlage-Gesellschaft m.b.H. (collectively the "Oklahoma Firefighters Plaintiffs Group" or "Oklahoma Firefighters") move the Court to consolidate the Impath Actions, to be appointed Lead Plaintiff, and to approve Bernstein Litowitz Berger & Grossmann LLP and Berman DeValerio Pease Tabacco Burt & Pucillo as Co-Lead Counsel.

2    Seven motions to consolidate and to appoint Lead Plaintiff and Lead Counsel have been filed in this case; however, as noted in the Opinion above, only five remain pending before the Court. First, on October 14, 2003, James Rogers and Murdock Johnson filed a Notice of Withdrawal of their Motion to Appoint Lead Counsel and Plaintiff. Eliot Wolbrom and Shiela Wolbrom did the same on November 3, 2003.

3    Milberg Weiss Bershad Hynes & Lerach LLP originally filed this Motion to Consolidate and for Appointment of Lead Counsel and Plaintiff.

Page 3

2004 U.S. Dist. LEXIS 13898, *; Fed. Sec. L. Rep. (CCH) P92,886

However, on May 1, 2004, the firm split and the West Coast partners of Milberg, Weiss formed a new partnership, Lerach, Coughlin, Stoia & Robbins LLP. This new firm would be taking over the case. (Notice of Change of Firm, dated May 28, 2004.)

[*5]    For the reasons that follow, the Court GRANTS the five above-referenced Plaintiffs Groups' motions to consolidate; the Court DENIES the Nichols, Glotzer, Rolander, and Oklahoma Firefighters Plaintiffs Groups' Motions to be appointed Lead Plaintiff and to approve their respective selections for Lead Counsel; and the Court GRANTS SoCal Plaintiff Group's Motions to be appointed Lead Plaintiff and to approve its selection of Lerach, Coughlin, Stoia & Robbins LLP as Lead Counsel.

## I. BACKGROUND

On July 30, 2003, Joan Ferrari ("Plaintiff") filed a class action against Impath, a New York based company incorporated in Delaware, which specializes in information services regarding advanced cancer-fighting technologies; Anu Saad, Impath's Chairman and Chief Executive Officer until her resignation in February 2003; Richard Adelson, Impath's President and Chief Operating Officer; David J. Cammarata, Impath's Chief Financial Officer until his resignation in May 2002; James V. Agnello, Impath's Senior Vice President and after September 2002, its Chief Financial Officer; and Carter H. Eckert, Impath's Chairman and Chief Executive Officer since February 10, 2003 (collectively the "Defendants"). (Ferrari [*6] Compl. PP7, 8.) Plaintiff alleges violations of *Sections 10(b)and 20(a)* of the Exchange Act *and Rule 10b-5* as promulgated by the SEC. Specifically, the Complaint alleges that the Defendants provided materially false and misleading information in various public statements, press releases, and company filings. (Ferrari Compl. PP44-58.)

In accordance with the requirements of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), *15 U.S.C. § 77z-1(a)(3)(A)(i)*, Plaintiff published a notice of the pendency of this action over the PR Newswire on July 30, 2003. (*See* Kaboolian Decl., Ex. A.) Since the filing of the *Ferrari* Complaint, fifteen other Complaints arising out of the same facts and alleging similar, if not identical, claims were filed in the Southern District of New York. [4] The five movants before the Court filed their respective Motions for Consolidation, Appointment of Lead Plaintiff and Lead Counsel; the Defendants have not taken a position on the merits of the pending Motions.

4    The Court notes that all the Complaints contain virtually the same, if not identical, claims,

and all but the Corwin, Nomm, C. Lacoff, and Casden Complaints define the same dates (February 21, 2001 through July 29, 2003) as the relevant class period. The Corwin, C. Lacoff, and Nomm Complaints instead use April 25, 2001 through July 29, 2003, which is inclusive of the other Complaints' definition of the proper class period. The Casden Complaint alleges a class period between February 24, 2000 to July 29, 2003, which essentially covers the same time and concerns damages resulting from almost all of the same alleged misrepresentations and omissions contained in the other Complaints.

## [*7] II. DISCUSSION

### A. Motion to Consolidate

The Nichols, Glotzer, SoCal, Rolander, and Oklahoma Firefighters Plaintiffs Groups move to consolidate the sixteen related actions, and any subsequently filed related actions, pursuant to *Rule 42(a) of the Federal Rules of Civil Procedure. Rule42(a)* provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

> *Fed. R. Civ. P. 42(a).*

In such instances, district courts have "broad discretion to consolidate actions," *Primavera Familienstiftung v. Askin, 173 F.R.D. 115, 129 (S.D.N.Y. 1997)*, and "have taken the view that considerations of judicial economy favor consolidation." *Johnson v. Celotex Corp., 899 F.2d 1281, 1285 (2d Cir. 1990)*. Furthermore, when complaints in securities actions "are based on the same 'public statements and reports, [*8] ' consolidation is appropriate if there are common questions of law and fact and the defendants will not be prejudiced." *Mitchell v. Complete Management, Inc. Sec. Litig., 1999 U.S. Dist. LEXIS 14460, No. 99 Civ. 1454, 1999 WL 728678, at *1 (S.D.N.Y. Sept. 17, 1999); see also Werner v. Satterlee, Stephens, Burke & Burke, 797 F. Supp. 1196, 1211 (S.D.N.Y. 1992)* (same).

The sixteen Impath Actions pending before this Court involve common questions of both law and fact. Indeed, the factual basis supporting the claims asserted in

2004 U.S. Dist. LEXIS 13898, *; Fed. Sec. L. Rep. (CCH) P92,886

each of the Impath Actions are identical. The Plaintiffs are all investors who purchased shares of Impath common stock during the Class Period. [5] In addition, every Plaintiff, in purchasing the shares of Impath stock, allegedly relied upon materially false or misleading statements or omissions contained in various public, shareholder, and investor reports, released and prepared by Defendants. (Ferrari Compl. PP10-11.) Furthermore, all Plaintiffs proceed on the presumption of reliance and a fraud-on-the-market theory. (Id. PP37-41.) Since every Complaint in the Impath Actions is premised on the same facts and statutory provisions, consolidation is appropriate. [*9] *See, e.g., Borenstein v. Finova Group, Inc.,* No. CIV 00-619, No. CIV 00-926, No. CIV 00-978, No. CIV 00-1010, No. CIV 00-1100, 2000 U.S. Dist. LEXIS 14732, at *10, *15 (D. Ariz. Aug. 28, 2000) (consolidating securities complaints despite differences in class period). Since the Court finds that the Impath Actions involve common questions of law and fact, in the interests of judicial economy, these actions are hereby CONSOLIDATED pursuant to *Rule 42(a) of the Federal Rules of Civil Procedure.*

> 5   As noted earlier, Plaintiffs in the Impath Actions disagree on the precise confines of the Class Period. However, these differences do not prevent consolidation. *See e.g., Schulman v. Lumenis, Ltd., 2003 U.S. Dist. LEXIS 10348, 02 Civ. 1989 (DAB), 2003 WL 21415287 at *2 n.4 (S.D.N.Y., June 18, 2003); In re Olsten Corp. Sec. Litig., 3 F. Supp. 2d 286, 293 (E.D.N.Y. 1998)* (finding that differing class periods did not bar consolidation).

B. Appointment of Lead [*10] Plaintiff

In 1995, Congress enacted the PSLRA in response to perceived abuses in securities fraud class actions. *See* S. Rep. No. 104-98 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679; H.R. Conf. Rep. No. 104-369 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730. [6] The purpose behind the PSLRA is to prevent "lawyer-driven" litigation, and to ensure that "'parties with significant holdings in issuers, whose interests are more strongly aligned with the class of shareholders, will participate in the litigation and exercise control over the selection and actions of plaintiffs counsel.'" *In re Oxford Health Plans, Inc., Sec. Litig., 182 F.R.D. 42, 43-44 (S.D.N.Y. 1998)* (quoting H.R. Conf. Rep. No. 104-369; *see also In re Donnkenny Inc. Sec. Litig., 171 F.R.D. 156, 157-58 (S.D.N.Y. 1997).* Congress believed that this could best be achieved by encouraging institutional investors to serve as lead plaintiffs. *See In re Oxford Health Plans, 182 F.R.D. at 46* (citing H.R. Conf. Rep. No. 104-369). Before the PSLRA was enacted, "professional plaintiffs" with securities fraud claims "tended to profit irrespective of the culpability of the defendants, [*11] most of whom chose settlement over prolonged and expensive litigation." *In re Party City Secs. Litig., 189 F.R.D. 91, 103 (D.N.J. 1999).* These professional plaintiffs tended to benefit disproportionately and at the expense of shareholders with larger stakes. *Id.*

> 6   Although the claims in the Impath Actions are brought under the Exchange Act of 1934, the PSLRA amended both the*Securities Act of 1933* and the *Securities Exchange Act of 1934. See Lax v. First Merchants Acceptance Corp., 1997 U.S. Dist. LEXIS 11866, 1997 WL 461036, at *2 n.2* (noting that "the lead-plaintiff provisions of the 1933 and 1934 acts are identical"). Therefore, regarding interpretation and application of the PSLRA, cases cited herein are based on decisions under both statutes. *See, e.g., Axelrod & Co. v. Kordich, Victor & Neufeld, 451 F.2d 838, 843 (2d Cir. 1971)* (stating that the Securities Act of 1933 and the Securities and Exchange Act of 1934 "are *in pari materia* and should be construed together as one body of law").

Accordingly, the PSLRA [*12] amended the Exchange Act by altering the procedures for bringing such class actions. The PSLRA requires plaintiffs filing a private securities class action complaint to publish notice of the pendency of the suit in a widely circulated business publication or wire service no later than twenty days after the complaint is filed. *15 U.S.C. § 77z-1(a)(3)(A)(i).* No later than sixty days after the publication of notice, any member of the purported class may file a motion to serve as lead plaintiff. *15 U.S.C. § 77z-1(a)(3)(A)(i)(II).* If a motion for consolidation has been made, the Court shall not appoint a lead plaintiff "until after the decision on the motion to consolidate is rendered." *15 U.S.C. § 77z-1(a)(3)(B)(ii).*

In addition, the PSLRA provides that:

> The court . . . shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members (hereafter in this paragraph referred to as the "most adequate plaintiff") . . . .

*15 U.S.C. § 77z-1(a)(3)(B)(i).*

[*13] A rebuttable presumption directs the court's inquiry when appointing lead plaintiff under the PSLRA. The PSLRA provides that the most adequate plaintiff is the person or group of persons which:

2004 U.S. Dist. LEXIS 13898, *; Fed. Sec. L. Rep. (CCH) P92,886

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of *Rule 23 of the Federal Rules of Civil Procedure.15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)*.

This presumption, however, may be rebutted only upon proof offered by another member of the purported class "that the presumptively most adequate plaintiff -- (aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." *15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)*.

1. Notification Requirement and Filing a Timely Motion

The PSLRA requires plaintiffs filing securities class actions to publish "in a widely circulated national business-oriented [*14] publication or wire service, a notice advising members of the purported plaintiff class -- (I) of the pendency of the action, the claims asserted therein, and the purported class period . . . ." *15 U.S.C. § 77z-1(a)(3)(A)(i)*. In addition, the notice must also advise members of the purported class that "not later than 60 days after the date on which the notice is published, any member . . . may move the court to serve as lead plaintiff of the purported class." *15 U.S.C. § 77z-1(a)(3)(A)(i)(II)*. However, if more than one action alleging "substantially the same claim or claims" is filed only the party bringing the first action "shall be required to cause notice to be published . . . ." *15 U.S.C. § 77z-1(a)(3)(A)(ii)*.

In this case, the *Ferrari* Complaint was the first of the Impath Actions filed. On July 30, 2003, the Plaintiff in *Ferrari* caused to be published a notice of pendency on the PR Newswire, pursuant to *15 U.S.C. § 77z-1(a)(3)(A)(i)*. [7] This notice informed members of the class that they had a limited time after publication to move for appointment as Lead Plaintiff. The [*15] 60-day period elapsed on Monday, September 29, 2003. [8]

7   The PSLRA does not further define what type of publication is required by *15 U.S.C. § 77z-1(a)(3)(A)(i)*. However, PR Wire has been accepted as a proper publication. *See e.g., Rozenboom v. Van Der Moolen Holding, N.V., 2004 U.S. Dist. LEXIS 6382, 2004 WL 816440 at *2 (S.D.N.Y., April 14, 2004)* (publication over PR satisfies PSLRA notice requirement) (citation omitted).

8   In an announcement dated July 30, 2003, one of the firms for Ferrari, Schiffrin & Barroway, LLP, advised purchasers of Impath stock that "you may, not later than September 16, 2003, move the Court to serve as lead plaintiff of the class, if you so choose." (Kaboolian Decl., Ex. A.) The date listed in the PR Wire report is clearly incorrect. Under the PSLRA, as already noted, parties have 60 days from the date of the notice's publication to file motions with the court. Under *Rule 6 of the Federal Rules of Civil Procedure*, that filing period would have ended on September 29, 2003. Finally, the Oklahoma Firefighters Group did not file untimely; the original documents filed with the Clerk of Court demonstrate that they were properly filed on September 29, 2003.

[*16] 2. Largest Financial Interest Requirement

The PSLRA does not explicitly explain how the greatest financial interest should be calculated. However, courts have considered four factors when evaluating this requirement: (1) the number of shares purchased during the class period, (2) the number of net shares purchased during the class period, (3) the total net funds expended during the class period, and (4) the approximate loss suffered during the class period. *See, e.g., In re Olsten Corp., 3 F. Supp. 2d at 296 (citing Lax, 1997 U.S. Dist. LEXIS 11866, 1997 WL 461036, at *5)*.

Applying the above factors, this Court finds that of the Plaintiffs who filed Complaints against Impath, SoCal Plaintiffs Group possesses by far the largest financial interest in the relief sought by the class.

3. *Rule 23* Requirement

The *Rule 23* inquiry under *§ 77z-1(a)(3)(B)(iii)(I)(cc)* is less stringent than the inquiry the rule otherwise requires. *See In re Party City, 189 F.R.D. at 106* ("'[a] wide-ranging analysis under *Rule 23* is not appropriate [at this initial stage of the litigation] and should be left for consideration of a motion for class certification'") (quoting *Fischler* [*17] *v. Amsouth Bancorporation, 1997 U.S. Dist. LEXIS 2875, No. 96-1567-Civ-T-17A, 1997 WL 118429, at *2 (M.D. Fla. Feb. 6, 1997)); McKitty v. Advanced Tissue Sciences, Inc. (In re Advanced Tissue Sciences Sec. Litig.), 184 F.R.D. 346, 349 (S.D. Cal. 1998)* (same). At this stage in the litigation, one need only make a "preliminary showing" that the Rule's typicality and adequacy requirements have been satisfied. *In re Olsten Corp., 3 F. Supp. 2d at 296; see also Weltz v. Lee, 199 F.R.D. 129, Nos. 00 Civ. 3863, 00 Civ. 4021, 00 Civ. 4117, 00 Civ. 4557, 00 Civ. 5224, 2001 WL 228412, at *5 (S.D.N.Y. March 7, 2001)*. Any preliminary class certification findings of adequacy and

Page 6

2004 U.S. Dist. LEXIS 13898, *; Fed. Sec. L. Rep. (CCH) P92,886

typicality made at this time, do not preclude any party from contesting the ultimate class certification. *See Weltz, 199 F.R.D. 129, 2001 WL 228412, at *5; see also Koppel v. 4987 Corp., 1999 U.S. Dist. LEXIS 12340, Nos. 96 Civ. 7570, 97 Civ. 1754, 1999 WL 608783, at *8 (S.D.N.Y. Aug. 9, 1999)* (appointment as lead plaintiff "does not prejudice defendants' capacity to contest plaintiff's adequacy on a motion for class certification").

i. Typicality

The typicality requirement is satisfied when the claims of the proposed lead plaintiff "arise from the same [*18] conduct from which the other class members' claims and injuries arise." *In re Oxford Health Plans, 182 F.R.D. at 50* (citing *In re Drexel Burnham Lambert Group, Inc., 960 F.2d 285, 291 (2d Cir. 1992)*). The claims of the proposed lead plaintiff need not be identical to the claims alleged by other class members. *In re Party City, 189 F.R.D. at 107; see also In re Nice Systems Sec. Litig., 188 F.R.D. 206, 218 (D.N.J. 1999)* (same).

It appears that the legal claims of the SoCal Plaintiffs Group are typical of the proposed class and thus satisfies the *Rule 23* typicality requirement as it is incorporated into the PSLRA. *See* SoCal Pls. Memo. of Law in Support at 6 (noting that SoCal Plaintiffs Group "satisfy [the typicality] requirement because, just like all other class members, they (1) purchased or acquired IMPATH securities during the Class Period; (2) purchased or acquired IMPATH securities in reliance upon the alleged materially false and misleading statements issued by defendants; and (3) suffered damages thereby."). All of the Impath Actions allege substantially the same claims and these claims arise from the [*19] same factual predicate. Accordingly, the Court finds that the SoCal Plaintiffs Group claims satisfy the typicality requirement. The differences that exist between the various Impath Actions do not bar SoCal Plaintiffs Group from being appointed Lead Plaintiff.

ii. Adequacy

The adequacy requirement is satisfied if (1) the class counsel is qualified, experienced, and generally able to conduct the litigation; (2) the interests of the class members are not antagonistic to one another; and (3) the lead plaintiff has a sufficient interest in the outcome to ensure vigorous advocacy. *In re Olsten Corp., 3 F. Supp. 2d at 296* (citing *In re Drexel, 960 F.2d at 291; Lax, 1997 U.S. Dist. LEXIS 11866, 1997 WL 461036, at *6*).

The SoCal Plaintiffs Group also satisfies the adequacy requirement. The Memorandum of Law filed here suggests to this Court that the Counsel for the SoCal Plaintiffs Group is generally able to conduct the litigation. This conclusion is supported by the firms' resumes. (*See* Schulman Decl. Ex. D; Solomon Letter, dated June

30, 2004 (indicating that the firm has significant experience and success in prosecuting securities class actions).) Further, it [*20] does not appear that any antagonism exists between class members. To be sure, antagonism may exist where certain class members own shares and others do not. *See, e.g., In re Party City, 189 F.R.D. 107-112* (finding that plaintiffs who continued to hold shares had a continued interested in the financial strength of the defendant company whereas plaintiffs who sold their shares did not). However, nothing in the record before this Court suggests that SoCal Plaintiffs Group seeks anything other than "the greatest recovery for the class consistent with the merits of the claims." *In re Oxford Health Plans, 182 F.R.D. at 49*. As a final matter, SoCal Plaintiffs Group also satisfies the vigorous representation requirement. This Court finds that SoCal Plaintiffs Group is the most adequate Lead Plaintiff.

4. Presumption of Adequacy Not Rebutted

The most adequate plaintiff presumption "may be rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff -- (aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately [*21] representing the class." *15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)*.

Here, some members of the purported class have sought to rebut the presumption. The Oklahoma Firefighters Plaintiffs Group argues that SoCal Plaintiffs Group has not demonstrated that they will adequately represent the class because Douglass J. McCarron ("McCarron"), the Chairman of the two entities that comprise the SoCal, breached his fiduciary duty by engaging in securities fraud against the very funds over which he presides, albeit in an matter unrelated to Impath. (Ok. Firefighters Memo. of Law in Further Support at 5.)

The Oklahoma Firefighters also contend that Blum Capital, which allegedly has a voting and investment power for the SoCal pension funds, makes the SoCal Plaintiffs Group subject to unique defenses. Specifically, Blum Capital sought to acquire Impath and had discussions with Impath management which calls SoCal's reliance on information in the market into question. Since SoCal relied partially on such information, it is atypical from the members of the class and therefore unable to be appointed Lead Plaintiff here.

The allegation that McCarron breached his fiduciary duty is a red [*22] herring. As Chairman, he did sign the certificates which authorized the filing of the instant motion. (Schulman Decl., Exh. B.) However, the boards of each fund control the litigation rather than McCarron, (Clay Decl. PP2, 4; Draper Decl. PP2-4), and there is no

2004 U.S. Dist. LEXIS 13898, *; Fed. Sec. L. Rep. (CCH) P92,886

affirmative evidence of wrongdoing on his part. SoCal even submitted an article which details how McCarron resigned in protest from the company from which he was alleged to have committed securities fraud because of the company's board's "lack of action in making management changes recommended in an independent report." (Rado Decl., Exh. B.) Finally, Oklahoma Firefighters furthermore cite no case law in which such a paucity of evidence sufficiently rebutted the PSLRA presumption. Given this, the Court is not persuaded that SoCal's typicality or adequacy to serve the best interests of the class has been compromised by mere allegations against McCarron.

The Court also finds telling that in their discussion of the relationship between Blum Capital and SoCal Plaintiffs Group, Oklahoma Firefighters does not make a single citation to the record to support its allegations. Indeed, the Court has examined the papers and submissions [*23] and finds no evidence that would corroborate Oklahoma Firefighters' theory here, which appears to rely solely on innuendo and inferences rather than established fact. [9] As the PSLRA explicitly allows for rebuttal of the statutory presumption only "upon proof," Oklahoma Firefighters have clearly failed to demonstrate such evidence. *15 U.S.C. § 77z-1(a)(3)(B)(iii)(I).*

> 9   Oklahoma Firefighter's reliance on *Landry v. Price Waterhouse Chartered Accountants, 123 F.R.D. 474 (S.D.N.Y. 1989)* is misplaced. The case was decided before PSLRA's enactment and presumption requirement. Moreover, the court based its decision on direct testimony from one of the putative class members--evidence which the Court in the instant case clearly lacks.

Finally, Oklahoma Firefighters seeks limited discovery to ascertain the adequacy of SoCal Plaintiffs Groups in light of its allegations regarding Blum Capital and SoCal's purchase of Impath stock. The PSLRA provides for discovery in connection with [*24] the appointment of lead plaintiff and counsel in limited circumstances, requiring "the plaintiff first demonstrate[] a reasonable basis for a finding that the presumptively most adequate plaintiff is incapable of adequately representing the class." *15 U.S.C. 77z-1 (a)(3)(B)(iv).* While the Court views the allegations as potentially troubling, Oklahoma Firefighters have produced not one iota of evidence to give the Court even a reasonable basis to authorize discovery. [10]

> 10   The cases upon which Oklahoma Firefighters rely are inapposite. *In re Network Assocs. Sec. Litig., 76 F. Supp. 2d 1017 (N.D. Cal. 1999),* concerned a scenario in which plaintiff-side attorneys were attempting to aggregate scores of

class members together to achieve a large financial loss to qualify for the statute's presumption clause. When the district court rejected the aggregation theory, discovery was necessary to determine the largest financial loss. In *Sakhrani v. Brightpoint, Inc., 78 F. Supp. 2d 845 (S.D. Ind. 1999),* the district court was also confronted with a situation in which lawyers sought to aggregate large numbers of investors. The court authorized a deposition of one party, "and the result has been a debacle." *Id. at 854.* Finally, *Laney v. Landry's Seafood Restaurants (In re Landry's Seafood Restaurant, Inc., Sec. Litig.), 2000 U.S. Dist. LEXIS 7005, 99 Civ. 1948, 2000 WL 33999467 (S.D. Tex., Mar. 30, 2000),* the district court like the two cases mentioned above, faced a situation in which multiple parties sought to be lead plaintiffs in the aggregate. The court ordered additional information be provided for a small group of five investors in order to prove to the court that they had an established pre-litigation relationship to satisfy the court that they might be aggregated into a single lead plaintiffs group. *2000 U.S. Dist. LEXIS 7005, [WL] at *4-5.*

[*25]   Accordingly, SoCal Plaintiffs Group is appointed Lead Plaintiff for the consolidated Impath Actions currently pending before this Court.

## C. Appointment of Lead Counsel

The SoCal Plaintiffs Group has selected the law firm of Lerach, Coughlin, Stoia & Robbins, LLP, to serve as Lead Counsel. The PSLRA provides that "the most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." *15 U.S.C. § 77z-1(a)(3)(B)(v).* "Giving the Lead Plaintiff primary control for the selection of counsel was a critical part of Congress' effort to transfer control of securities class actions from lawyers to investors." *Gluck v. CellStar Corp., 976 F. Supp. 542, 550 (N.D. Tex. 1997).* Courts, however, may decline to approve Lead Plaintiff's suggested counsel "to protect the interests of the class." *15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa).*

The SoCal Plaintiffs Group has selected Lerach, Coughlin, Stoia & Robbins LLP to serve as Lead Counsel. As stated earlier, the Court finds SoCal Plaintiffs Group's choice of counsel is qualified to prosecute this securities class action. Accordingly, [*26] this Court approves the selection of Lerach, Coughlin, Stoia & Robbins LLP as Lead Counsel.

## III. CONCLUSION

Having considered the motion for Consolidation of the Impath Actions Pursuant to *Rule 42(a) of the Federal*

2004 U.S. Dist. LEXIS 13898, *; Fed. Sec. L. Rep. (CCH) P92,886

*Rules of Civil Procedure* and for Appointment of Lead Plaintiff and Lead Counsel pursuant to the Exchange Act, IT IS HEREBY ORDERED THAT:

1. All movants' Motions to Consolidate the Impath Actions for All Purposes are GRANTED;

2. The following actions are hereby consolidated for all purposes, including pretrial proceedings, trial and appeal, pursuant to *Rule 42(a) of the Federal Rules of Civil Procedure*:

    *Ferrari v. Impath, Inc.,* No. 03 Civ. 5667 (DAB)

    *Altman v. Impath, Inc.,* No. 03 Civ. 5670 (DAB)

    *Epstein v. Impath Inc.,* No. 03 Civ. 5737 (DAB)

    *Corwin v. Impath, Inc.,* No. 03 Civ. 5800 (DAB)

    *Lacoff v. Impath, Inc.,* No. 03 Civ. 5860 (DAB)

    *Nomm v. Impath, Inc.,* No. 03 Civ. 5902 (DAB)

    *Lacoff v. Impath, Inc.,* No. 03 Civ. 6073 (DAB)

    *Rolnick v. Impath, Inc.,* No. 03 Civ. 6083 (DAB)

    *Wolbrom v. Impath, Inc.,* No. 03 Civ. [*27] 6123 (DAB)

    *Heyer v. Impath, Inc.,* No. 03 Civ. 6418 (DAB)

    *Adler v. Impath, Inc.,* No. 03 Civ. 6484 (DAB)

    *MacDonald v. Impath, Inc.,* No. 03 Civ. 6689 (DAB)

    *Jackson v. Impath, Inc.,* No. 03 Civ. 6703 (DAB)

    *Isenberg v. Impath,* No. 03 Civ. 7200 (DAB)

    *Casden v. Impath, Inc.,* No. 03 Civ. 7358 (DAB)

    *Eng v. Impath, Inc.,* No. 03 Civ. 7490 (DAB).

3. The caption of these consolidated actions shall be *"In re Impath, Inc. Litigation"* and the files of these con-solidated actions shall be maintained in one file under Master File No. 03 Civ. 5667 (DAB). Any other actions now pending or later filed in this district which arise out of or are related to the same facts as alleged in the above-identified cases shall be consolidated for all purposes, if and when they are brought to the Court's attention.

4. Every pleading filed in the consolidated actions or in any separate action included herein, shall bear the following caption:

UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK

In re IMPATH, INC. SECURITIES LITIGATION

This Document Relates To:

03 Civ. 5667 (DAB)

5. When a pleading is intended to be applicable [*28] to all actions governed by this Order, the words "All Actions" shall appear immediately after the words "This Document Relates To:" in the caption set out above. When a pleading is intended to be applicable to only some, but not all of the consolidated actions, this Court's docket number for each individual action to which the pleading is intended to be applicable and the last name of the first-named plaintiff in said action shall appear immediately after the words "This Document Relates To:" in the caption described above.

6. When a pleading is filed and the caption shows that it is applicable to "All Actions," the clerk shall file such pleading in the Master File and note such filing on the Master Docket. No further copies need to be filed, and no other docket entries need be made.

7. When a pleading is filed and the caption shows that it is to be applicable to fewer than all of the consolidated actions, the Clerk will file such pleading in the Master File only, but shall docket such filing on the Master Docket and the docket of each applicable action.

8. This Court requests the assistance of counsel in calling to the attention of the Clerk of this Court the filing or transfer [*29] of any case which might be consolidated as part of *In re Impath, Inc. Securities Litigation.*

9. The Nichols, Glotzer, Rolander, and Oklahoma Firefighters Plaintiffs Groups' respective Motions for Appointment as Lead Plaintiff are DENIED.

10. The Nichols, Glotzer, Rolander, and Oklahoma Firefighters Plaintiffs Groups' respective Motions for Appointment of Lead Counsel is DENIED.

11. The SoCal Plaintiffs Group's Motion for Appointment as Lead Plaintiff is GRANTED.

2004 U.S. Dist. LEXIS 13898, *; Fed. Sec. L. Rep. (CCH) P92,886

12. Lerach, Coughlin, Stoia & Robbins are appointed Lead Counsel.

13. Plaintiffs shall file a Consolidated Complaint within 45 days of the date of this Order.

14. The Defendants shall move or answer within 30 days after filing of the Consolidated Complaint.

15. The Clerk is directed to serve a copy of this Order on all parties of record in the consolidated actions.

SO ORDERED.

DATED: New York, New York

July 15, 2004

DEBORAH A. BATTS

United States District Judge