# Exhibit 6

LEXSEE

**LAWRENCE SCHULMAN, on Behalf of Himself and All Others Similarly Situated, Plaintiff, -against- LUMENIS, LTD., JACOB FRENKEL, YACHA SUTTON, SAGI GENGER, and ASIF ADIL, Defendants. JAMES ENDSLEY, on Behalf of Himself and All Others Similarly Situated, Plaintiff, -against- LUMENIS, LTD., et al., Defendants. ABRAHAM I. KATSMAN, on Behalf of Himself and All Others Similarly Situated, Plaintiff, -against- LUMENIS, LTD., et al., Defendants. ZEV ASH, on Behalf of Himself and All Others Similarly Situated, Plaintiff, -against- LUMENIS, LTD., et al., Defendants. TZ MICROCOMPUTERS, on Behalf of Itself and All Others Similarly Situated, Plaintiff, -against- LUMENIS, LTD., et al., Defendants. JOHN ROEFS, on Behalf of Himself and All Others Similarly Situated, Plaintiff, -against- LUMENIS, LTD., et al., Defendants. MARTIN WALDHERR, On Behalf Of Himself and All Others Similarly Situated, Plaintiff, -against- LUMENIS, LTD., et al., Defendants. DAVID WALDACK, On Behalf Of Himself and All Others Similarly Situated, Plaintiff, -against- LUMENIS, LTD., et al., Defendants. SURI FINGERER, On Behalf of Herself and All Others Similarly Situated, Plaintiff, -against- LUMENIS, LTD., et al., Defendants.**

**02 Civ. 1989 (DAB), 02 Civ. 2038 (DAB), 02 Civ. 2169 (DAB), 02 Civ. 2354 (DAB), 02 Civ. 2435 (DAB), 02 Civ. 2469 (DAB), 02 Civ. 2740 (DAB), 02 Civ. 3462 (DAB), 02 Civ. 3627 (DAB)**

**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

***2003 U.S. Dist. LEXIS 10348***

**June 17, 2003, Decided**
**June 18, 2003, Filed**

**DISPOSITION:** [*1] Plaintiffs groups' motion to consolidate Lumenis Actions for all purposes granted. Prosek and Palmeri plaintiffs groups' respective motions for appointment as lead plaintiff and motions for appointment of lead counsel denied. Stonehedge plaintiffs group's respective motion for appointment as lead plaintiff granted.

**COUNSEL:** For Lawrence Schulman, James Endsley, PLAINTIFFS: Daniel W. Krasner, Wolf, Haldstein, Adler, Freeman & Herz, LLP, New York, New York.

For Abraham I. Katsman, PLAINTIFF: Sandy A. Leibhard, Bernstein Liebhard & Lifshitz, LLP, New York, New York.

For Zev Ash, PLAINTIFF: Peter D. Bull, Joshua M. Lifshitz, Bull & Lifshitz, LLP, New York, New York.

For TZ Microcomputers, PLAINTIFF: Jules Brody, Aaron Brody, Tzivia Brody, Stull, Stull & Brody, New York, New York.

For John Roefs, PLAINTIFF: Robert A. Schachter, Richard A. Speirs, Zwerling, Schachter & Zwerling, LLP, New York, New York.

For Martin Waldherr, PLAINTIFF: Robert I. Harwood, Matthew M. Houston, Wechsler Harwood Halebian & Feffer LLP, New York, New York.

For David Waldack, PLAINTIFF: Daniel W. Krasner, Fred Taylor Isquith, Gregory M. Nespole, Wolf Haldenstein [*2] Adler Freeman & Herz LLP, New York, New York.

For Suri Fingerer, PLAINTIFF: Steven G. Schulman, Samuel H. Rudman, Milberg Weiss Bershad Hynes & Lerach LLP, New York, New York.

**JUDGES:** DEBORAH A. BATTS, United States District Judge.

**OPINION BY:** DEBORAH A. BATTS

**OPINION**

MEMORANDUM AND ORDER

DEBORAH A. BATTS, United States District Judge.

Pending before this Court are nine securities fraud class action lawsuits against Lumenis, Ltd. ("Lumenis") and certain of its officers and directors. [1] These nine actions (collectively the "Lumenis Actions") allege claims under *Sections 10(b)* and *20(a) of the Securities Exchange Act of 1934 (the "Exchange Act")* and *Rule 10b-5* as promulgated by the Securities and Exchange Commission (the "SEC").

1 The Court has accepted the following nine actions as related: Schulman v. Lumenis, Ltd., No. 02 Civ. 1989; Endsley v. Lumenis, Ltd., No. 02 Civ. 2038; Katsman v. Lumenis, Ltd., No. 02 Civ. 2169; Ash v. Lumenis, Ltd., No. 02 Civ. 2354; TZ Microcomputers v. Lumenis, Ltd., No. 02 Civ. 2435; Roefs v. Lumenis, Ltd., No. 02 Civ. 2469; Waldherr v. Lumenis, Ltd., No. 02 Civ. 2740; Waldack v. Lumenis, Ltd., No. 02 Civ. 3462; and Fingerer v. Lumenis, Ltd., No. 02 Civ. 3627.

[*3] The Court currently has motions from three plaintiff groups before it, each requesting the Court to consolidate the Lumenis Actions, to appoint the respective group Lead Plaintiff, and to approve that Lead Plaintiff's selection of Lead Counsel. [2] The following groups have made the above motions:

2 Six motions to consolidate and to appoint Lead Plaintiff and Lead Counsel have been filed in this case; however, as noted in the Opinion above, only three remain pending before the Court. First, Suri Fingerer on May 10, 2002 filed motions for consolidation and appointment of Lead Plaintiff and Lead Counsel, but then withdrew them on June 19, 2002. Second, Jacob Caspi filed consolidation, Lead Plaintiff, and Lead Counsel motions on May 10, 2002 as did Thomas W. Pruter FBO Stonehedge Securities ("Pruter") and Efraim Zwecker. On May 28, 2002, however, Caspi, Pruter, and Zwecker jointly filed an amended motion, seeking consolidation and the appointment of Lead Plaintiff and Lead Counsel; in so doing, they essentially withdrew their respective original motions in favor of a single joint set of motions. Accordingly, the Court will look only at the Stonehedge Plaintiffs Group's, Prosek Plaintiffs Group's, and the Palmeri Plaintiffs Group's motions when making its consolidation, Lead Plaintiff, and Lead Counsel determinations.

[*4] Thomas W. Pruter FBO Stonehedge Securities LLC, Efraim Zwecker, and Jacob Caspi (collectively the "Stonehedge Plaintiffs Group") move the Court to consolidate the Lumenis Actions, to be appointed Lead Plaintiff, and to approve Bernstein Liebhard & Lifshitz, LLP and Glancy & Binkow as Lead Counsel.

Marjorie Cantwell, Kwan Cheung, Isaac and Joy Seligsohn, Morris Shenberg, and Thomas M. Prosek (collectively the "Prosek Plaintiffs Group") move the Court to consolidate the Lumenis Actions, to be appointed Lead Plaintiff, and to approve Stull, Stull & Brody and Weiss & Yourman as Lead Counsel.

Robert Palmeri and Dov Lifshitz (collectively the "Palmeri Plaintiffs Group") move the Court to consolidate the Lumenis Actions, to be appointed Lead Plaintiff, and to approve Kirby McInerney & Squire, LLP as Lead Counsel.

For the reasons that follow, the Court GRANTS the three above-referenced Plaintiffs Groups' motions to consolidate; the Court DENIES the Prosek and Palmeri Plaintiffs Groups' Motions to be appointed Lead Plaintiff and to approve their respective selections for Lead Counsel; and the Court GRANTS Stonehedge Plaintiffs Group's Motions to be appointed Lead Plaintiff and to approve [*5] its selection of Bernstein Liebhard & Lifshitz LLP and Glancy & Binkow LLP as Lead Counsel.

I. BACKGROUND

On March 7, 2002, Lawrence Schulman ("Plaintiff") filed a class action against Lumenis, an Israeli company specializing in the development and manufacture of medical devices; Jacob Fenkel, Lumenis' Chairman; Yacha Sutton, Lumenis' President and Chief Executive Officer; Sagi Genger, Lumenis' Chief Operating Officer; and Asif Adil, Lumenis' Executive Vice-President for Business Development, and for part of 2001, its Chief Financial Officer (collectively the "Defendants"). (Schulman Compl. PP 9, 10.) Plaintiff alleges violations of *Sections 10(b)* and *20(a) of the Exchange Act* and *Rule 10b-5* as promulgated by the SEC. Specifically, the Complaint alleges that the Defendants provided materially false and misleading information in various public statements, press releases, and company filings. (Schulman Compl. PP 31-37.)

In accordance with the requirements of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), *15*

*U.S.C. § 77z-1(a)(3)(A)(i)*, Plaintiff published a notice of the pendency of this action over the Internet Wire on March 11, 2002. ( [*6] See Brody Aff., Ex. A.) Since the filing of the Schulman Complaint, eight other Complaints arising out of the same facts and alleging similar, if not identical, claims were filed in the Southern District of New York. [3] The three movants before the Court filed their respective Motions for Consolidation, Appointment of Lead Plaintiff and Lead Counsel; the Defendants have not taken a position on any aspect of the merits of the pending Motions.

3 The Court notes that all the Complaints contain virtually the same, if not identical, claims, and all but the Fingerer Complaint define the same dates (January 7, 2002 through February 28, 2002) as the relevant class period. The Fingerer Complaint instead uses August 2, 2001 through May 7, 2002, which is inclusive of the other eight Complaints' definition of the proper class period.

II. DISCUSSION

A. Motion to Consolidate

The Stonehedge, Prosek, and Palmeri Plaintiffs Groups move to consolidate the nine related actions, and any subsequently filed related actions, [*7] pursuant to *Rule 42(a) of the Federal Rules of Civil Procedure. Rule42(a)* provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.
>
> *Fed. R. Civ. P. 42(a).*

In such instances, district courts have "broad discretion to consolidate actions," *Primavera Familienstiftung v. Askin, 173 F.R.D. 115, 129 (S.D.N.Y. 1997)*, and "have taken the view that considerations of judicial economy favor consolidation." *Johnson v. Celotex Corp., 899 F.2d 1281, 1285 (2d Cir. 1990)*. Furthermore, when complaints in securities actions "are based on the same 'public statements and reports,' consolidation is appropriate if there are common questions of law and fact and the defendants will not be prejudiced." Mitchell v. Complete Mgmt., Inc., 1999 U.S. Dist. LEXIS 14460, Fed. Sec. L. Rep. (CCH) P90652No. 99 Civ. 1454, 1999 WL 728678, at *1 (S.D.N.Y. Sept. 17, 1999); see also *Werner v. Satterlee, Stephens, Burke & Burke, 797 F. Supp. 1196, 1211 (S.D.N.Y. 1992)* [*8] (same).

The nine Lumenis Actions pending before this Court involve common questions of both law and fact. Indeed, the factual basis supporting the claims asserted in each of the Lumenis Actions are identical. The Plaintiffs are all investors who purchased shares of Lumenis common stock during the Class Period. [4] In addition, every Plaintiff, in purchasing the shares of Lumenis stock, allegedly relied upon materially false or misleading statements or omissions contained in various public, shareholder, and investor reports, released and prepared by Defendants. (Schulman Compl. P 14.) Furthermore, all Plaintiffs proceed on the presumption of reliance and a fraud-on-the-market theory. (Schulman Compl. PP 42-43.) Since every Complaint in the Lumenis Actions is premised on the same facts and statutory provisions, consolidation is appropriate. See, e.g., Borenstein v. Finova Group, Inc., No. CIV 00-619, No. CIV 00-926, No. CIV 00-978, No. CIV 00-1010, No. CIV 00-1100, 2000 U.S. Dist. LEXIS 14732, at *10, *15 (D. Ariz. Aug. 28, 2000) (consolidating securities complaints despite differences in class period). Since the Court finds that the Lumenis Actions involve common questions [*9] of law and fact, in the interests of judicial economy, these actions are hereby consolidated pursuant to *Rule 42(a) of the Federal Rules of Civil Procedure.*

4 As noted earlier, Plaintiffs in the Lumenis Actions disagree on the precise confines of the Class Period. However, these differences do not prevent consolidation. See e.g., *In re Olsten Corp. Sec. Litig., 3 F. Supp. 2d 286, 293 (E.D.N.Y. 1998)* (finding that differing class periods did not bar consolidation).

B. Appointment of Lead Plaintiff

In 1995, Congress enacted the PSLRA in response to perceived abuses in securities fraud class actions. See S. Rep. No. 104-98 (1995), reprinted in 1995 U.S.C.C.A.N. 679; H.R. Conf. Rep. No. 104-369 (1995), reprinted in 1995 U.S.C.C.A.N. 730. [5] The purpose behind the PSLRA is to prevent "lawyer-driven" litigation, and to ensure that "'parties with significant holdings in issuers, whose interests are more strongly aligned with the class of shareholders, will participate in the litigation [*10] and exercise control over the selection and actions of plaintiffs counsel.'" *In re Oxford Health Plans, Inc., Sec. Litig., 182 F.R.D. 42, 43-44 (S.D.N.Y. 1998)* (quoting H.R. Conf. Rep. No. 104-369); see also *In re Donnkenny Inc. Sec. Litig., 171 F.R.D. 156, 157-58 (S.D.N.Y. 1997)*. Congress believed that this could best be achieved by encouraging institutional investors to

serve as lead plaintiffs. See *In re Oxford Health Plans, 182 F.R.D. at 46* (citing H.R. Conf. Rep. No. 104-369). Before the PSLRA was enacted, "professional plaintiffs" with securities fraud claims "tended to profit irrespective of the culpability of the defendants, most of whom chose settlement over prolonged and expensive litigation." *In re Party City Secs. Litig., 189 F.R.D. 91, 103 (D.N.J. 1999)*. These professional plaintiffs tended to benefit disproportionately and at the expense of shareholders with larger stakes. *Id.*

> 5 Although the claims in the Lumenis Actions are brought under the *Exchange Act of 1934*, the PSLRA amended both the *Securities Act of 1933* and the *Securities Exchange Act of 1934*. See Lax v. First Merchants Acceptance Corp., 1997 U.S. Dist. LEXIS 11866, 1997 WL 461036, at *2 n.2 (noting that "the lead-plaintiff provisions of the 1933 and 1934 acts are identical"). Therefore, regarding interpretation and application of the PSLRA, cases cited herein are based on decisions under both statutes. See, e.g., *Axelrod & Co. v. Kordich, Victor & Neufeld, 451 F.2d 838, 843 (2d Cir. 1971)* (stating that the *Securities Act of 1933* and the *Securities and Exchange Act of 1934* "are *in pari materia* and should be construed together as one body of law").

[*11] Accordingly, the PSLRA amended the *Exchange Act* by altering the procedures for bringing such class actions. The PSLRA requires plaintiffs filing a private securities class action complaint to publish notice of the pendency of the suit in a widely circulated business publication or wire service no later than twenty days after the complaint is filed. *15 U.S.C. § 77z-1(a)(3)(A)(i)*. No later than sixty days after the publication of notice, any member of the purported class may file a motion to serve as lead plaintiff. *15 U.S.C. § 77z-1(a)(3)(A)(i)(II)*. If a motion for consolidation has been made, the Court shall not appoint a lead plaintiff "until after the decision on the motion to consolidate is rendered." *15 U.S.C. § 77z-1(a)(3)(B)(ii)*.

In addition, the PSLRA provides that:

> The court ... shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members (hereafter in this paragraph referred to as the "most adequate plaintiff") ....

*15 U.S.C. § 77z-1(a)(3)(B)(i)* [*12] .

A rebuttable presumption directs the court's inquiry when appointing lead plaintiff under the PSLRA. The PSLRA provides that the most adequate plaintiff is the person or group of persons which:

> *(aa)* has either filed the complaint or made a motion in response to a notice ...;
>
> *(bb)* in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> *(cc)* otherwise satisfies the requirements of *Rule 23 of the Federal Rules of Civil Procedure.15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)*.

This presumption, however, may be rebutted only upon proof offered by another member of the purported class "that the presumptively most adequate plaintiff -- *(aa)* will not fairly and adequately protect the interests of the class; or*(bb)* is subject to unique defenses that render such plaintiff incapable of adequately representing the class." *15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)*.

1. Notification Requirement and Filing a Timely Motion

The PSLRA requires plaintiffs filing securities class actions to publish "in a widely circulated national business-oriented publication or wire service, [*13] a notice advising members of the purported plaintiff class-- (I) of the pendency of the action, the claims asserted therein, and the purported class period ...." *15 U.S.C. § 77z-1(a)(3)(A)(i)*. In addition, the notice must also advise members of the purported class that "not later than 60 days after the date on which the notice is published, any member ... may move the court to serve as lead plaintiff of the purported class." *15 U.S.C. § 77z-1(a)(3)(A)(i)(II)*. However, if more than one action alleging "substantially the same claim or claims" is filed only the party bringing the first action "shall be required to cause notice to be published ...." *15 U.S.C. § 77z-1(a)(3)(A)(ii)*.

In this case, the Schulman Complaint was the first of the Lumenis Actions filed. On March 11, 2002, the Plaintiff in Schulman caused to be published a notice of pendency on the Internet Newswire, pursuant to *15 U.S.C. § 77z-1(a)(3)(A)(i)*. [6] (Brody Aff., Exh. A.) This notice informed members of the class that they had sixty days after publication to move for appointment as Lead Plaintiff. The 60-day period [*14] elapsed on Friday, May 10, 2002. [7] Both the Prosek and Palmeri Plaintiffs Groups filed their respective Motions in a timely manner before the May 10, 2002 deadline. Additionally, both Thomas W. Pruter and Jacob Caspi filed timely Motions; however, after the 60-day period had elapsed and without

leave of this Court, they jointly filed an amended motion, seeking consolidation of the Lumenis Actions, appointment as Lead Plaintiffs, and the selection of their choice for Lead Counsel.

6 The PSLRA does not further define what type of publication is required by *15 U.S.C. § 77z-1(a)(3)(A)(i)*. However, Internet Wire has been accepted as a proper publication. See e.g., Taft v. Ackermans, 2003 U.S. Dist. LEXIS 2486, 2003 WL 402789 at *2 n. 4 (S.D.N.Y. 2003) (publication over Internet Wire satisfies PSLRA).

7 In an announcement dated March 11, 2002, one of the proposed lead counsel firms, Wolf Haldenstein Adler Freeman & Herz LLP, advised purchasers of Lumenis stock that "you may, no later than May 10, 2002, request that the Court appoint you as lead plaintiff." (Konis Decl., Ex. C.)

[*15] The issue becomes then, whether the tardy filing of the Stonehedge Plaintiff Group's motion denies it further consideration by this Court. To be sure, courts have taken different approaches with respect to motions filed in excess of the 60-day period provided for under the PSLRA.Compare Steiner v. Frankino, Nos. 98 Civ. 0264, 98 Civ. 0295, 98 Civ. 0301, 98 Civ. 0356, 98 Civ. 0375, 98 Civ. 0406, 98 Civ. 0419, 98 Civ. 0431, 98 Civ. 0457, 98 Civ. 0462, 98 Civ. 0714, 1998 U.S. Dist. LEXIS 21804, at *13 (N.D. Ohio July 16, 1998) (recognizing that "it would be improper to enforce a strict time limit" where the publication of multiple notices could appear to expand the time period in the eyes of the class members) with *In re MicroStrategy Inc., Secs. Litig., 110 F. Supp. 2d 427, 433 n.12 (E.D. Va. 2000)* ("Motions filed after the 60 day period are untimely when made by a class member who has not filed a complaint."); *In re Telxon Corp., Secs. Litig., 67 F. Supp. 2d 803, 818 (N.D. Ohio 1999)* ("The PSLRA is unequivocal and allows for no exceptions. All motions for lead plaintiff must be filed within sixty (60) days of the published notice for [*16] the first-filed action. The plain language of the statute precludes consideration of a financial loss asserted for the first time in a complaint, or any other pleading, for that matter, filed after the sixty (60) day window has closed.") (emphasis in original); *Switzenbaum v. Orbital Sciences Corp., 187 F.R.D. 246, 249-50 (E.D. Va. 1999)* (stating that to be considered for Lead Plaintiff a person must either file a complaint or make a timely motion, and concluding that since the interested plaintiff "never filed a complaint himself or moved for appointment within the time that the PSLRA requires of those who hope to become the Lead Plaintiff" he could not be considered individually or as part of a group who had filed a timely motion). However, this Court has found no case that addresses the particular timeliness issue raised here, i.e., where parties who have made timely motions have then sought to amend their motion without leave of Court and filed such amended motions after the statutorily-fixed period of sixty days. Further, this Circuit has not ruled whether the requirements of the most adequate plaintiff presumption are to be applied serially in order, or whether [*17] each requirement is applied to the motion or complaint despite its inability to satisfy all of the presumption's requirements.

While this Court has read the PSLRA to require a complaint or a timely filed motion,see Skwortz v. Crayfish Co.( In re Crayfish Litig.) 2001 U.S. Dist. LEXIS 15532, 2001 WL 1160745 at *5 (S.D.N.Y. Sep 28, 2001)(Batts, J.) (holding that "the statute to require a complaint or a timely filed motion. The 60 day period the statute provides for the submission of lead counsel motions is mandatory"), here the Stonehedge Plaintiffs Group's Motions were amended motions made by parties who had all already filed timely motions within the 60-day period. While the Stonehedge Plaintiffs Group did seek to amend their Consolidation, Lead Plaintiff, and Lead Counsel Motions without leave of court, the Court here declines to strike the Amended Motion as untimely because these parties had previously filed timely motions. [8]

8 Even were the Court to strike the Amended Motion of the Stonehedge Plaintiffs Group, the original Motions by Thomas W. Pruter and Jacob Caspi were still timely filed, and were the Court to examine these Motions under the strictures of the PSLRA, the Pruter Motions would have been granted anyway. Thus, striking the Amended Motion would have brought about the same outcome as Pruter would have been appointed Lead Plaintiff with his choice for Lead Counsel.

[*18] 2. Largest Financial Interest Requirement

The PSLRA does not explicitly explain how the greatest financial interest should be calculated. However, courts have considered four factors when evaluating this requirement: (1) the number of shares purchased during the class period, (2) the number of net shares purchased during the class period, (3) the total net funds expended during the class period, and (4) the approximate loss suffered during the class period. See, e.g., *In re Olsten Corp., 3 F. Supp. 2d at 296* (citing Lax, 1997 U.S. Dist. LEXIS 11866, 1997 WL 461036, at *5).

Applying the above factors, this Court finds that of the Plaintiffs who filed Complaints against Lumenis, Stonehedge Plaintiffs Group possesses the largest financial interest in the relief sought by the class.

3. *Rule 23* Requirement

The *Rule 23* inquiry under *§ 77z-1(a)(3)(B)(iii)(I)(cc)* is less stringent than the inquiry the rule otherwise requires. See *In re Party City, 189 F.R.D. at 106* ("'[a] wide-ranging analysis under *Rule 23* is not appropriate [at this initial stage of the litigation] and should be left for consideration of a motion for class certification'" (quoting [*19] Fischler v. Amsouth Bancorporation, 1997 U.S. Dist. LEXIS 2875No. 96-1567-Civ-T-17A, 1997 WL 118429, at *2 (M.D. Fla. Feb. 6, 1997))); *McKitty v. Advanced Tissue Sciences, Inc. (In re Advanced Tissue Sciences Sec. Litig.), 184 F.R.D. 346, 349 (S.D. Cal. 1998)* (same). At this stage in the litigation, one need only make a "preliminary showing" that the Rule's typicality and adequacy requirements have been satisfied. *In re Olsten Corp., 3 F. Supp. 2d at 296*; see also *Weltz v. Lee, 199 F.R.D. 129, Fed. Sec. L. Rep. (CCH) P91342, Nos. 00 Civ. 3863, 00 Civ. 4021, 00 Civ. 4117, 00 Civ. 4557, 00 Civ. 5224, 2001 WL 228412, at *5 (S.D.N.Y. March 7, 2001)*. Any preliminary class certification findings of adequacy and typicality made at this time, do not preclude any party from contesting the ultimate class certification. See *Weltz, 199 F.R.D. 129, 2001 WL 228412, at *5*; see also Koppel v. 4987 Corp., 1999 U.S. Dist. LEXIS 12340, Fed. Sec. L. Rep. (CCH) P90640, Nos. 96 Civ. 7570, 97 Civ. 1754, 1999 WL 608783, at *8 (S.D.N.Y. Aug. 9, 1999) (appointment as lead plaintiff "does not prejudice defendants' capacity to contest plaintiff's adequacy on a motion for class certification").

i. Typicality

The typicality requirement is satisfied when the claims of the proposed lead plaintiff "arise from the [*20] same conduct from which the other class members' claims and injuries arise." *In re Oxford Health Plans, 182 F.R.D. at 50* (citing *In re Drexel Burnham Lambert Group, Inc., 960 F.2d 285, 291 (2d Cir. 1992))*. The claims of the proposed lead plaintiff need not be identical to the claims alleged by other class members. *In re Party City, 189 F.R.D. at 107*; see also *In re Nice Systems Sec. Litig., 188 F.R.D. 206, 218 (D.N.J. 1999)* (same).

It appears that the legal claims of the Stonehedge Plaintiffs Group are typical of the proposed class and thus satisfies the *Rule 23* typicality requirement as it is incorporated into the PSLRA. See Stonehedge Memo. of Law in Support of the Amended Motion at 7 ("Thus, [the Stonehedge Plaintiffs] are typical, if not identical, to those of the other class members because Movants suffered losses similar to those of other class members and their losses result from defendants' common course of conduct."). All of the Lumenis Actions allege substantially the same claims and these claims arise from the same factual predicate. Accordingly, the Court finds that the Stonehedge Plaintiffs Group [*21] claims satisfy the typicality requirement. The differences that exist between the various Lumenis Actions do not bar Stonehedge Plaintiffs Group from being appointed Lead Plaintiff.

ii. Adequacy

The adequacy requirement is satisfied if (1) the class counsel is qualified, experienced, and generally able to conduct the litigation; (2) the interests of the class members are not antagonistic to one another; and (3) the lead plaintiff has a sufficient interest in the outcome to ensure vigorous advocacy. *In re Olsten Corp., 3 F. Supp. 2d at 296* (citing *In re Drexel, 960 F.2d at 291*; Lax v. First Merchants Acceptance Corp., 1997 U.S. Dist. LEXIS 11866, 1997 WL 461036, at *6).

The Stonehedge Plaintiffs Group also satisfies the adequacy requirement. The Memorandum of Law filed here suggests to this Court that the Counsel for the Stonehedge Plaintiffs Group is generally able to conduct the litigation. This conclusion is supported by the firms' resumes. See Konis Decl. Exs. D, E (indicating that the two firms have significant experience and success in prosecuting securities class actions). Further, it does not appear that any antagonism exists between class members. To be sure, antagonism may exist [*22] where certain class members own shares and others do not. See, e.g., *In re Party City, 189 F.R.D. 91, 107-112* (finding that plaintiffs who continued to hold shares had a continued interested in the financial strength of the defendant company whereas plaintiffs who sold their shares did not). However, nothing in the record before this Court suggests that Stonehedge Plaintiffs Group seeks anything other than "the greatest recovery for the class consistent with the merits of the claims." *In re Oxford Health Plans, 182 F.R.D. at 49*. As a final matter, Stonehedge Plaintiffs Group also satisfies the vigorous representation requirement. This Court finds that Stonehedege Plaintiffs Group is the most adequate Lead Plaintiff.

4. Presumption of Adequacy Not Rebutted

The most adequate plaintiff presumption "may be rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff--*(aa)* will not fairly and adequately protect the interests of the class; or *(bb)* is subject to unique defenses that render such plaintiff incapable of adequately representing the class." *15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)*. [*23] Here, no member of the purported class has sought to rebut the presumption. Accordingly, Stonehedge Plaintiffs Group is appointed Lead Plaintiff for the consolidated Lumenis Actions currently pending before this Court.

C. Appointment of Lead Counsel

The Stonehedge Plaintiffs Group has selected the law firms of Bernstein Liebhard & Lifshitz, LLP and Glancy & Binkow LLP, to serve as Lead Counsel. The PSLRA provides that "the most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." *15 U.S.C. § 77z-1(a)(3)(B)(v)*. "Giving the Lead Plaintiff primary control for the selection of counsel was a critical part of Congress' effort to transfer control of securities class actions from lawyers to investors." *Gluck v. CellStar Corp., 976 F. Supp. 542, 550 (N.D. Tex. 1997)*. Courts, however, may decline to approve Lead Plaintiff's suggested counsel "to protect the interests of the class." *15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa)*.

The Stonehedge Plaintiffs Group has selected Bernstein Liebhard & Lifshitz, LLP and Glancy & Binkow to serve as Lead Counsel. As stated earlier, [*24] the Court finds Stonehedge Plaintiffs Group's choice of counsel is qualified to prosecute this securities class action. Accordingly, this Court approves the selection of Bernstein Liebhard & Lifshitz, LLP and Glancy & Binkow LLP, as Lead Counsel.

III. CONCLUSION

Having considered the motion for Consolidation of the Lumenis Actions Pursuant to *Rule 42(a) of the Federal Rules of Civil Procedure* and for Appointment of Lead Plaintiff and Lead Counsel pursuant to the Exchange Act, IT IS HEREBY ORDERED THAT:

1. The motion to Consolidate the Lumenis Actions for All Purposes is GRANTED;

2. The following actions are hereby consolidated for all purposes, including pretrial proceedings, trial and appeal, pursuant to *Rule 42(a) of the Federal Rules of Civil Procedure*:

Schulman v. Lumenis, Ltd., No. 02 Civ. 1989 (DAB)

Endsley v. Lumenis, Ltd., No. 02 Civ. 2038 (DAB)

Katsman v. Lumenis, Ltd., No. 02 Civ. 2169 (DAB)

Ash v. Lumenis, Ltd., No. 02 Civ. 2354 (DAB)

TZ Microcomputers v. Lumenis, Ltd., No. 02 Civ. 2435 (DAB)

Roefs v. Lumenis, Ltd., No. 02 Civ. 2469 (DAB)

Waldherr v. Lumenis, Ltd., No. 02 Civ. 2740 (DAB)

Waldack v. Lumenis, Ltd., No. 02 Civ. 3462 [*25] (DAB)

Fingerer v. Lumenis, Ltd., No. 02 Civ. 3627 (DAB)

3. The caption of these consolidated actions shall be "In re Lumenis, Ltd. Litigation" and the files of these consolidated actions shall be maintained in one file under Master File No. 02 Civ. 1989 (DAB). Any other actions now pending or later filed in this district which arise out of or are related to the same facts as alleged in the above-identified cases shall be consolidated for all purposes, if and when they are brought to the Court's attention.

4. Every pleading filed in the consolidated actions or in any separate action included herein, shall bear the following caption:

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

In re LUMENIS, LTD.

SECURITIES LITIGATION

This Document Relates To:

02 Civ. 1989 (DAB)

5. When a pleading is intended to be applicable to all actions governed by this Order, the words "All Actions" shall appear immediately after the words "This Document Relates To:" in the caption set out above. When a pleading is intended to be applicable to only some, but not all of the consolidated actions, this Court's docket number for each individual action to which the pleading [*26] is intended to be applicable and the last name of the first-named plaintiff in said action shall appear immediately after the words "This Document Relates To:" in the caption described above.

6. When a pleading is filed and the caption shows that it is applicable to "All Actions," the clerk shall file such pleading in the Master File and note such filing on the Master Docket. No further copies need to be filed, and no other docket entries need be made.

7. When a pleading is filed and the caption shows that it is to be applicable to fewer than all of the consolidated actions, the Clerk will file such pleading in the Master File only, but shall docket such filing on the Master Docket and the docket of each applicable action.

8. This Court requests the assistance of counsel in calling to the attention of the Clerk of this Court the filing or transfer of any case which might be consolidated as part of In re Lumenis, Ltd. Securities Litigation.

9. The Prosek and Palmeri Plaintiffs Groups' respective Motions for Appointment as Lead Plaintiff are DENIED.

10. The Prosek and Palmeri Plaintiffs Groups' respective Motions for Appointment of Lead Counsel is DENIED.

11. The Stonehedge [*27] Plaintiffs Group's respective Motion for Appointment as Lead Plaintiff is GRANTED.

12. Bernstein Liebhard & Lifshitz, LLP and Glancy & Binkow LLP are appointed Lead Counsel.

13. Plaintiffs shall file a Consolidated Complaint within 45 days of the date of this Order.

14. The Defendants shall move or answer within 30 days after filing of the Consolidated Complaint.

15. The Clerk is directed to serve a copy of this Order on all parties of record in the consolidated actions.

SO ORDERED.

DATED: New York, New York

June 17, 2003

DEBORAH A. BATTS

United States District Judge