**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ALEXANDER FLEISS, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>    v.<br><br>OPTIONABLE INC.<br>        Defendants. | Civil Action No.:  1:07-CV-03753 (LAK) |
| JAGDISH PATEL, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>    v.<br><br>OPTIONABLE INC., KEVIN CASSIDY, and EDWARD J. O'CONNOR<br><br>        Defendants. | Civil Action No.:   07-CV-03845 (LAK) |
| EDWARD PETERS, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>    v.<br><br>OPTIONABLE INC., MARK NORDLICHT, KEVIN P. CASSIDY, EDWARD J. O'CONNOR, ALBERT HELMIG, and MARC-ANDRE BOISSEAU.<br><br>        Defendants. | Civil Action No.: 07-CV-3877 (LAK) |

| | |
|---|---|
| JONATHAN Glaubach, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>OPTIONABLE INC., KEVIN CASSIDY, MARK NORDLICHT, EDWARD J. O'CONNOR, ALBERT HELMIG, and MARC-ANDRE BOISSEAU.<br><br>Defendants. | Civil Action No.:  07-CV-4085 (LAK) |
| STANLEY T. BOCK III, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>OPTIONABLE INC., KEVIN CASSIDY, MARK NORDLICHT, EDWARD J. O'CONNOR, ALBERT HELMIG, and MARC-ANDRE BOISSEAU.<br><br>Defendants. | Civil Action No.:   07-CV-5948 (LAK) |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION OF MARC A. HEMBROUGH FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF CHOICE OF LEAD COUNSEL

## I.  INTRODUCTION

Pursuant to Section 21D of the Securities Exchange Act of 1934 (the "Exchange Act"), as

amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-

4(a)(3)(B), and for the reasons set forth below, Marc A. Hembrough ("Mr. Hembrough" or "Movant"), respectfully moves this Court for an Order appointing him Lead Plaintiff on behalf of himself and all other similarly situated people who, from September 25, 2005 to May 14, 2007 (the "Class Period"),[1] purchased or otherwise acquired securities of Optionable, Inc. ("Optionable" or the "Company") and incurred damages as a result of the Defendants' alleged violations of the federal securities laws. Movant also seeks approval of his selection of the law firm of Spector, Roseman & Kodroff, P.C. ("Spector Roseman") to serve as Lead Counsel and for the consolidated action.

At least five complaints have been filed in this Court against Optionable for violations of Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5 promulgated thereunder. These complaints (the "Related Actions") are predicated on a series of material misrepresentations made during the Class Period by the Defendants regarding, *inter alia*, the failure of Optionable to properly disclose its dependance on a single customer, the basis for its relationship with that customer and the felony criminal history of its CEO. All of these factors put in doubt Optionable's ability to continue operations.

Movant suffered substantial damages,[2] over $34,200, as a result of Defendants'

---

[1] The initial Related Actions had slightly different class periods. Nonetheless, courts regularly consolidate related actions and appoint lead plaintiffs where there are differing class periods, recognizing that the differing class periods will be resolved in the consolidated complaint. *See Takeda v. Turbodyne Technologies, Inc.*, 67 F. Supp. 2d 1129, 1133, 1137 (C.D. Cal. 1999); *In re Cendant Corp. Litig.*, 182 F.R.D. 476, 478 (D. N.J. 1998); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 293 (E.D.N.Y. 1998).

[2] The losses suffered by Movant, as detailed herein, are not the same as legally compensable damages, measurement of which is often a complex legal question, which cannot be determined at this stage of the litigation. The approximate losses can, however, be determined from the executed certification required under Section 21D of the Exchange Act and based upon reference to information concerning the market for Optionable securities. See Declaration of Robert Roseman in Support of Motion of Hembrough ("Roseman Decl.") Ex. B.

misleading conduct. To Movant's knowledge, his loss exceeds that of any other plaintiff or group of plaintiffs in these related actions. Thus, under Section 21D of the Exchange Act, Mr. Hembrough is presumptively the "most adequate plaintiff" and should be appointed as lead plaintiff because he has "the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). Movant is represented in this action by Spector Roseman, which is seeking appointment as Lead Counsel and is eminently qualified to prosecute securities fraud claims such as this one.

## II.  BACKGROUND

Defendant Optionable is primarily a broker of energy based options and other securities. Optionable describes itself as a "leading provider of natural gas and other energy derivatives trading and brokerage services, headquartered in Valhalla, NY. The Company provides its services to brokerage firms, financial institutions, energy traders, and hedge funds nationwide." Throughout the Class Period, the Company repeatedly issued positive statements as to its financial results and positions. However, unbeknownst to its investors, during the Class Period Optionable's revenues and profits were highly dependant on one customer: Bank of Montreal ("BMO"). While Optionable did identify BMO as its largest customer, Optionable materially understated the percentage of its trades that involved BMO and the extent of Optionable's dependance on BMO. Optionable also failed to reveal the fact that all of its BMO business was directly tied to one BMO trader, David Lee, who had a close personal relationship with a senior Optionable executive. Had Optionable fully disclosed the true nature of its relationship with BMO and David Lee, Optionable's securities would not have traded at the artificially inflated prices that prevailed.

The truth began to emerge on April 27, 2007, when Bank of Montreal announced that it

had suffered over $350 million in commodity trading losses in the previous quarter, primarily involving natural gas trading. Two weeks later, on May 8, 2007 BMO announced that it was suspending its business relationship with Optionable.

During this period analysts and news stories began to recognize that Optionable had significantly understated the importance of BMO to its business. While Optionable stated that BMO accounted for 30% of its revenues, the reality was that BMO accounted for well over 60% of Optionable's revenues, when all of the transactions involving BMO were included.

Next was the announcement that one of Optionable's most important investors, NYMEX Holdings, was resigning its Board representation because it had just learned that Optionable's CEO, Defendant Cassidy, served time in prison for felony fraud and tax evasion convictions.

These revelations of the truth about Optionable's business with BMO and NYMEX have caused the Company's stock price to fall dramatically.

## III.  ARGUMENT

### A.    The Related Actions Should Be Consolidated Pursuant to Rule 42(a)

Class action shareholder suits, in particular, are ideally suited for consolidation pursuant to Rule 42(a). *See Weltz v. Lee*, 199 F.R.D 129, 131 (S.D.N.Y. 2001). Indeed, "in securities actions where the complaints are based on the same public statements and reports, consolidation is appropriate if there are common questions of law and fact and the parties will not be prejudiced." *Id.* Consolidation of related actions is a prerequisite to the appointment of lead plaintiffs in a securities class action under the PSLRA. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).

The related actions present virtually identical factual and legal issues, as they all arise out of the same alleged scheme by defendants and all allege violation of the federal securities laws. Each action has been filed pursuant to Sections 10(b) and 20(a) of the Securities Exchange Act of

1934; names Optionable and several of its founders and senior officers as defendants; and arises

from the same underlying facts and circumstances. "The proper solution to problems caused by

the existence of two or more cases involving the same parties and issues simultaneously pending

in the same court would be to consolidate them under Rule 42(a)." *Hargett v. Alley Fed. Sav.*

*Bank*, 60 F.3d 754, 765 (11th Cir. 1995) (quoting *Miller v. United States Postal Serv.*, 729 F.2d

1033, 1036 (5th Cir. 1995)); *see also Internet Law Library, Inc. v. Southridge Capital*

*Management, LLC*, 208 F.R.D. 59, 61 (S.D.N.Y. 2002); *Primavera Familienstiftgung v. Askin*,

173 F.R.D. 115, 129 (S.D.N.Y. 1997). Because these actions are based on the same facts and

involve the same subject matter, discovery obtained in one lawsuit will undoubtedly be relevant

to all others.

Consolidation of the related actions is thus appropriate as common questions of law and

fact predominate these actions. Fed. R. Civ. P. 42(a). Accordingly, the Motion to Consolidate

the Related Actions should be granted.

B.    **Movant Satisfies the Legal Prerequisites For Appointment as Lead Plaintiff**

1.    Mr. Hembrough Is Presumptively the Most Adequate Plaintiff

The PSLRA sets forth procedures for the appointment of lead plaintiffs in class actions

brought under the Exchange Act. 15 U.S.C. § 78u-4(a)(1). The PSLRA provides that this Court:

> shall appoint as lead plaintiff the member or members of the purported plaintiff
> class that the court determines to be most capable of adequately representing the
> interests of class members (hereafter in this paragraph referred to as the "most
> adequate plaintiff") in accordance with this subparagraph.

15 U.S.C. § 78u-4(a)(3)(B)(i)(emphasis added). In adjudicating this motion, the Court must be

guided by a presumption that the most adequate plaintiff is the person or group of persons who

(a) filed the Complaint or made a motion to serve as lead plaintiff, (b) has the largest financial

interest in the relief sought by the class, and (c) who otherwise satisfies the requirements of Fed.
R. Civ. P. 23. 15 U.S.C. § 78u-(4)(a)(3)(B)(iii)(I). This presumption may be rebutted only by
proof that the presumptively most adequate plaintiff "will not fairly and adequately protect the
interests of the class" or "is subject to unique defenses that render such plaintiff incapable of
adequately representing the class." 15 U.S.C. § 78u-(4)(a)(3)(B)(iii)(II).

Mr. Hembrough satisfies each of these requirements. During the Class Period, Movant
suffered a loss of over $15,000 from his purchases of Optionable securities.[3] Movant believes he
has the largest financial interest in the relief sought by the Class. Mr. Hembrough is seeking to
protect the interests of all class members – (*i.e.*, *all* purchasers of Optionable publicly traded
securities during the Class Period).

Mr. Hembrough is willing and able to actively participate in the leadership of this
litigation through both personal involvement and consultation with counsel. Indeed, Mr.
Hembrough intends to actively litigate this action against Optionable and all other current and
prospective defendants. He has sought appointment as a lead plaintiff in order to recover the
losses suffered by himself and by other members of the putative class. He is prepared to
participate actively in this litigation, including hearings on dispositive motions, settlement
conferences, and trial. Mr. Hembrough is committed to extending the necessary resources to
remain apprised of all developments in the litigation, to participate in decisions governing
litigation strategy, to regularly communicate with counsel, and to assist to the fullest extent in the
prosecution of the claims on behalf of purchasers of Optionable securities.

Because Mr. Hembrough possesses the most significant interest in the outcome of this
litigation, he is presumed to be the "most adequate" plaintiff. 15 U.S.C.§ 78u-

---

[3] A copy of Movant's certification and loss calculation worksheet is attached to the
Roseman Decl. as Exhibit B.

(4)(a)(3)(B)(iii)(I)(bb).  Movant is both qualified to represent the class and willing to serve as a

representative party.  In addition, Movant has selected counsel that are highly experienced in

prosecuting securities class actions such as this one.  *See* Roseman Decl. Ex. C Accordingly,

Movant satisfies the requirements for appointment as Lead Plaintiff under the PSLRA and thus,

the instant motion should be granted.

        2.      <u>Movant Satisfies The Requirements of Rule 23</u>

        In addition to requiring that the lead plaintiffs have the largest financial interest, the

PSLRA also requires that the lead plaintiff must "otherwise satisf[y] the requirements of Rule 23

of the Federal Rules of Civil Procedure."  15 U.S.C. § 78u-(4)(a)(3)(B)(iii)(I)(cc); *see also In re*

*Elan Corp. Sec. Litig.,*  2002 WL 31720410 at \*3 (S.D.N.Y. Dec. 3, 2002); *Albert Fadem Trust*

*v. Citigroup Inc.,*  239 F. Supp. 2d 344, 347 (S.D.N.Y. 2002).  Rule 23(a) requires that (1) the

class be so numerous that joinder of all members is impracticable; (2) there be questions of law

or fact common to the class; (3) such claims be typical of those of the class; and (4) the

representatives fairly and adequately protect the interests of the class.  Fed. R. Civ. P. 23(a).

Typicality and adequacy of representation are the only provisions relevant to the determination of

lead plaintiffs under the PSLRA.  *See In re Crayfish Co. Sec. Litig.*, No. 00 Civ.6766 (DAB),

2002 WL 1268013 at \*4 (S.D.N.Y. June 6, 2002) (citing *In re Olsten Corp. Sec. Litig.*, 3 F.

Supp. 2d 286, 296 (E.D.N.Y. 1998) and *Weltz*, 199 F.R.D at 133).

        The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied where "the claims or

defenses of the representative parties are typical of the claims or defenses of the class."  Fed. R.

Civ. P. 23(a)(3).  A "claim will meet the typicality requirement if 'each class member's claim

arises from the same course of conduct, and each class member makes similar legal arguments to

prove the defendants' liability.'"  *Olsten,* 3 F. Supp. 2d at 296 (quoting *In re Drexel Burnham*

*Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992)); *see also Fields v. Biomatrix, Inc.*, 198

F.R.D. 451, 456 (D.N.J. 2000). The typicality standard is met even where minor distinctions

exist. *Id.* As one court noted: "The premise of the typicality requirement is simply stated: as goes

the claim of the named plaintiff, so go the claims of the class. Complete identification between

the claims constituting each individual action is not required." *Chisholm v. Transouth Fin.*

*Corp.,* 184 F.R.D. 556, 563 (E.D. Va. 1999). The typicality requirement is plainly satisfied in the

instant case, where Mr. Hembrough seeks the same relief and advances the same legal theories as

other class members.

  Movant's claims are typical of those of the Class. Mr. Hembrough alleges, as do all class

members, that Defendants violated the Exchange Act by making what they knew or should have

known were false or misleading statements of material facts concerning Optionable's financial

results. Movant, as did all members of the Class, acquired Optionable securities during the Class

Period at prices artificially inflated by Defendants' misrepresentations and omissions and was

damaged thereby. These shared claims, which are based on the same legal theory and arise from

the same events and course of conduct as the class claims, satisfy the typicality requirement of

Rule 23(a)(3).

  The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is

established that a representative party "will fairly and adequately protect the interests of the

class." Fed. R. Civ. P. 23(a)(4). Representation is adequate when "(1) class counsel is qualified,

experienced and generally able to conduct the litigation; (2) the class members do not have

interests that are antagonistic to one another; and (3) the class has a sufficient interest in the

outcome of the case to ensure vigorous adequacy." *Weltz*, 199 F.R.D. at 133 (citing *Olsten*, 3 F.

Supp. 2d at 296).

Mr. Hembrough is a more than adequate representative for the class. He purchased

Optionable securities during the Class Period and, like other putative class members, as a result

of the Defendants' deliberate fraudulent and deceptive practices, suffered a loss in the form of the

diminution of value in the price of his Optionable stock. Moreover, Movant has retained counsel

highly experienced in prosecuting securities class actions vigorously and efficiently, and has

timely submitted his choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

C.     **The Court Should Approve Movants' Selection of Spector Roseman & Kodroff as Lead Counsel**

The PSLRA vests authority in the lead plaintiff to select lead counsel, subject to approval

by the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). Thus, a court should not disturb the lead plaintiff's

selection of counsel unless such interference is necessary "to protect the interests of the class."

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Mr. Hembrough has selected Spector Roseman & Kodroff to serve as Lead Counsel. As

detailed in their firm resume,[4] Spector Roseman & Kodroff has extensive expertise and

experience in the field of securities litigation and has successfully prosecuted numerous

securities fraud class actions and obtained excellent recoveries on behalf of defrauded investors.

The firm is presently representing lead plaintiffs in three other securities fraud class actions in

this District: *In Re Parmalat Securities Litigation*, 04-MD-1653; *In Re Converium Holding AG

Securities Litigation*, 04-civ-7897 and *Welman v. Chicago Bridge and Iron*, 06-cv-01283. Thus,

the Court may be confident that the class will receive the highest caliber of legal representation in

full compliance with the mandates of the PSLRA. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).

---

[4]A copy of Spector Roseman & Kodroff's firm resume is attached to the Roseman Decl. as Exhibit C.

10

## IV.  **CONCLUSION**

Based on the foregoing, Mr. Hembrough respectfully requests that the Court: (i)

consolidate the Related Actions; (ii) appoint Matthew Hembrough as Lead Plaintiff; (iii) approve

Movant's selection of Spector Roseman & Kodroff as Lead Counsel; and (iv) grant such other

relief as the Court may deem to be just and proper.

Dated: July 10, 2007                          Respectfully submitted,

                                              SPECTOR, ROSEMAN & KODROFF, P.C.


                                              Robert M. Roseman
                                              John A. Macoretta
                                              SPECTOR, ROSEMAN & KODROFF, P.C.
                                              1818 Market Street, Suite 2500
                                              Philadelphia, PA  19103
                                              Telephone: (215) 496-0300
                                              Facsimile: (215) 496-6612

                                              *Attorneys for Marc A. Hembrough*
                                              *Proposed Lead Counsel for the Class*