UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re OPTIONABLE SECURITIES LITIGATION | : : : : | 07 Civ. 3753 (LAK) |

**THE PATEL GROUP'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION FOR LEAD PLAINTIFF**

Plaintiff Jagdish Patel ("Patel" or "Plaintiff") and Movants Robert Leoni, Rosanne Leoni, Gulati Family Limited Partnership II and Geraldine Gulati (collectively, the "Patel Group"), respectfully submit this memorandum of law in support of its motion for an Order: (i) appointing it as Lead Plaintiff in the above-captioned action pursuant to the pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. §§ 78u-4(a)(3)(B) and (ii) approving its choice of Sarraf Gentile LLP and Schatz Nobel Izard, P.C., as Co-Lead Counsel.

**INTRODUCTION**

This consolidated action is brought against Optionable and its top officers and directors (collectively, "Defendants") on behalf of the stock purchasers of Optionable Inc. ("Optionable" or the "Company") for claims under the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. §§ 77, and the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78, arising out of material misrepresentations from May 6, 2005 to May 10, 2007 (the "Class Period").[1]

This motion is made on the grounds that the Patel Group is the most adequate plaintiff, as

---

[1] The Fleiss Complaint, initiating the action, was filed on behalf of investors who purchased or otherwise acquired the publicly traded securities of Optionable between May 6, 2005 and May 10, 2007. The complaint filed by Lerach Coughlin Stoia Geller Rudman & Robbins, LLP counsel to Jonathan Glaubach, on May 24, 2007 was on behalf of a Class including investors who purchased or otherwise acquired the publicly traded securities of Optionable between September 27, 2005 and May 14, 2007. The Patel Group's certifications set forth all of the members transactions in Optionable at any time.

defined by the PSLRA. The Patel Group is, to the best of its knowledge, the movant with the greatest financial stake in this litigation and adequately satisfy the applicable requirements of Rule 23 of the Federal Rules of Civil Procedure because its claims are typical of the claims of the Class and it will fairly and adequately represent the interests of the Class.

Accordingly, the Patel Group's motion for the appointment of Lead Plaintiff and Co-Lead Counsel should be granted in all respects.

## FACTUAL BACKGROUND

According to the complaints filed against Optionable and certain of its directors and officers, Defendants made several false and misleading statements concerning the Company's business prospects and growth. Specifically, throughout the relevant period, Defendants failed to disclose, *inter alia*, that: (i) Optionable was engaged in improper deals with its biggest client, the Bank of Montreal ("BMO"); (ii) Optionable's business was extremely dependent upon BMO; and (iii) Defendants were able to retain BMO only because they helped BMO mismark options, falsify the trading price at which BMO traded those options, and hide massive losses incurred by BMO as a result of those trades.

On April 27, 2007, BMO announced that it had lost between $300 to $400 million on trades executed through Optionable. In response to this disclosure, the Company's stock dropped 33%. Then, on May 8, 2007, BMO announced it was suspending all of its business relationships with Optionable. Finally, on May 10, 2007, it was disclosed that Deloitte & Touche LLP had conducted an audit of the trades that BMO had conducted with Optionable and found there had been "serious mismarking of the book of natural-gas options." On this news, the price of Optionable fell further to $0.84, representing a total drop of nearly 90%. Optionable stock traded as high as $9.10 per share.

# ARGUMENT

A.   **The Patel Group Should Be Appointed Lead Plaintiff**

   1.   **The PSLRA's Lead Plaintiff Provisions**

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in each private action arising under the federal securities laws that is brought as a plaintiff class action. 15 U.S.C. §78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i). On May 11, 2007, Sarraf Gentile LLP and Schatz Nobel Izard, P.C. caused a notice to be published on Prime Newswire. *See* Exhibit 1 of the Declaration of Ronen Sarraf (the "Sarraf Decl."). Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §78u-4(a)(3)(A) and (B). Accordingly, the deadline for applying to be appointed lead plaintiff is July 10, 2007.

Second, the PSLRA provides that within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. §78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that

> (aa) has either filed the complaint or made a motion in response to a notice ...
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). *See Glauser v EVCI Career Colleges Holding Corp.,* 236 F.R.D. 184, 187 (S.D.N.Y. 2006); *Mitchell v. Complete Management, Inc.,* No. 99 Civ. 1454 (DAB), 1999 WL 728678, at *2 (S.D.N.Y. Sept. 17, 1999); *Koppel v. 4987 Corp,* 96 Civ. 7570 (RLC), 1999 WL 608783, at *8 (S.D.N.Y. Aug. 11, 1999). As discussed below, the Patel Group has complied with the procedural prerequisites of the PSLRA, has demonstrated that it has the largest financial interest in the litigation, has met the relevant requirements of Fed. R. Civ. P. 23, and should, therefore, be appointed as Lead Plaintiff.

### 2. The Patel Group Has The Largest Financial Interest In The Relief Sought On Behalf Of The Class

Pursuant to the PSLRA, identification of the most adequate plaintiff begins with the identification of the movant with "the largest financial interest in the relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb). As set forth in Movants' certifications (Exhibit 2 to the Sarraf Decl.), the Patel Group purchased a total of 439,641 shares of Optionable for approximately $2,830,385.19 and suffered a loss of approximately $2,261,947.18. *Id; see also* Computation of Losses (Exhibit 3 to the Sarraf Decl.).[2] As the Patel Group is unaware of any other Lead Plaintiff movant with comparable losses, the Patel Group has the largest financial interest in the relief sought

---

[2] While Plaintiff Patel's certification lists the average purchase price paid for his Optionable shares, his exact trading information is attached to his certification, is incorporated into the computation of losses and was used to determine his loss amount.

and is the movant with the "largest financial interest in the relief sought by the class." 15 U.S.C.§78u-4(a)(3)(B)(iii).

### 3. The Patel Group Is Qualified To Serve As Lead Plaintiff Because It Satisfies The Relevant Requirements Of Fed. R. Civ. P. 23

According to 15 U.S.C. §78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." As interpreted by the courts, that provision of the PSLRA requires the proposed Lead Plaintiff to demonstrate that (i) the claims of the proposed lead plaintiff are typical of the claims of the class and (ii) the proposed lead plaintiff will fairly and adequately protect the interests of the class.[3] *See, e.g., Glauser,* 236 F.R.D. at 188-189; *Pirelli Armstrong Tire Corp. v. LaBranche & Co.,* 229 F.R.D. 395, 419-20 (S.D.N.Y.2004); *Sczesny Trust v. KPMG LLP*, 223 F.R.D. 319, 324 (S.D.N.Y. 2004); *In re Oxford Health Plans, Inc. Sec. Litig.,* 182 F.R.D. 42, 45-46 (S.D.N.Y.1998); *In re Olsten Corp. Sec. Litig.,* 2 F. Supp.2d 286, 296 (E.D.N.Y. 1998); *The Ezra Charitable Trust v. Rent-Way, Inc.*, 136 F.Supp.2d 435, 444 (W.D. Pa 2001).

The typicality requirement of Rule 23(a)(3), is satisfied where the claims of the proposed class representative arise from the same course of conduct that gives rise to the other class members' claims, where these claims are based on the same legal theory, and where the class members and proposed class representatives were injured by the same conduct. *See Rosini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986); *In re Initial Public Offering Sec. Litig.*, 214 F.R.D. 117, 121

---

[3] Although there are two other requirements under Fed. R. Civ. P. 23(a), numerosity and commonality, "[t]ypicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Cendant Corp. Litig.*, 264 F.3d at 263-64. (3d Cir. 2001).

(S.D.N.Y. 2002). The adequacy requirement of Rule 23(a)(4) is satisfied when the proposed class representatives do not have interests antagonistic to the proposed class, and where the proposed class representatives have retained experienced and capable counsel. Here, the Patel Group's claims are typical of those claims belonging to all Class members. They have been harmed by Defendants' allegedly false and misleading statements, as all Class members were. Further, the Patel Group's interests are clearly aligned with those of the members of the Class, and there is no evidence of any antagonism between their interests and those of the Class. An examination of the pleadings filed in these actions and the purchase data submitted by the Patel Group demonstrates that their claims are typical of the claims of the Class within the meaning of Rule 23(a)(3) and that they will fairly and adequately represent the interests of the Class under Rule 23(a)(4).

**B.     The Court Should Approve the Patel Group's Choice Of Co-Lead Counsel**

Under the PSLRA, the Lead Plaintiff is vested with the authority to select and retain lead counsel, subject to court approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). Accordingly, the Court should not disturb the Lead Plaintiff's choice of counsel unless "necessary to protect the interests of the plaintiff class." *See Statement of Managers* – "The Private Securities Litigation Reform Act of 1995," 141 Cong. Rec. H13691-08, at H13700 (daily edition Nov. 28, 1995).

In this case, the Patel Group has selected Sarraf Gentile LLP and Schatz Nobel Izard, P.C. to serve as Co-Lead Counsel. As is set forth in detail in the firm resumes attached to the Sarraf Declaration, Sarraf Gentile LLP and Schatz Nobel Izard, P.C. have substantial experience and expertise in prosecuting class actions, particularly in cases brought under the federal securities laws. *See* Sarraf Decl., at Exh. 4 (Sarraf Gentile LLP and Schatz Nobel Izard, P.C. firm resumes). Because the appointment of Sarraf Gentile LLP and Schatz Nobel Izard, P.C. as Co-Lead Counsel will

facilitate the efficient and cost-effective prosecution of this action, the Patel Group's selection should be approved by the Court.

## CONCLUSION

For all of the reasons set forth above, the Patel Group respectfully requests that the Court: (i) appoint them as Lead Plaintiff in this action; and (ii) approve their selection of Sarraf Gentile LLP and Schatz Nobel Izard, P.C. as Co-Lead Counsel for the Class.

Dated: July 10, 2007                                  Respectfully submitted,

 /s/ Ronen Sarraf
Ronen Sarraf (RS 7694)
**SARRAF GENTILE LLP**
485 Seventh Avenue, Suite 1005
New York, NY 10018
T: 212-868-3610

**SCHATZ NOBEL IZARD P.C.**
Andrew M. Schatz
Jeffrey S. Nobel
Nancy A. Kulesa
20 Church Street, Suite 1700,
Hartford, CT 06103
T: 860-493-6292

Counsel for the Patel Group