UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re OPTIONABLE SECURITIES LITIGATION | : : : : | Civil Action No. 07 Civ. 3753 (LAK)<br><br>CLASS ACTION |
| This Document Relates To:<br><br>    ALL ACTIONS. | : : : : : : | MEMORANDUM IN SUPPORT OF THE MOTION OF DORIS LEE HO FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF SELECTION OF LEAD COUNSEL |

**I.      PRELIMINARY STATEMENT**

Presently pending before this Court is a consolidated securities class action lawsuit (the "Action") brought on behalf of all those who purchased or otherwise acquired Optionable, Inc. ("Optionable" or the "Company") shares between May 6, 2005 and May 14, 2007, inclusive (the "Class Period") and allege violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. §78(j)(b) and 78(t)) and Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5).[1]

Class member Doris Lee Ho hereby moves this Court for an order to: (i) appoint Doris Lee Ho as Lead Plaintiff in the Action under Section 21D(a)(3)(B) of the Exchange Act; and (ii) approve Doris Lee Ho's selection of the law firm of Lerach Coughlin Stoia Geller Rudman & Robbins LLP ("Lerach Coughlin") to serve as Lead Counsel.

This motion is made on the grounds that Doris Lee Ho is the most adequate plaintiff, as defined by the PSLRA. Doris Lee Ho suffered losses of $207,803.59 in connection with her purchases of shares of Optionable stock during the Class Period. *See* Alba Decl. Ex. B.[2] In addition, Doris Lee Ho, for the purposes of this motion, adequately satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure in that her claims are typical of the claims of the putative class and that she will fairly and adequately represent the interests of the class.

---

[1]     Of the five actions that were filed, four actions assert claims under Sections 10(b) and 20(a) of the Exchange Act and only one action asserts claims under Sections 11 and 15 of the Securities Act of 1933.

[2]     References to the "Alba Decl. Ex. ___" are to the exhibits attached to the accompanying Declaration of Mario Alba Jr. dated July 10, 2007 and submitted herewith.

**II.    FACTUAL BACKGROUND[3]**

The Company provides services for the brokerage of energy derivatives to brokerage firms, financial institutions, energy traders, and hedge funds in the United States.

The complaint charges Optionable and certain of its officers and directors with violations of the Exchange Act. The complaint alleges that throughout the Company's history, Optionable understated its dependence on BMO Financial Group ("BMO"), also known as Bank of Montreal. BMO's business with Optionable increased when prices in natural gas options rose following Hurricane Katrina in August 2005. In its latest quarterly report, Optionable stated that BMO accounted for approximately 30% of its revenues during the three-month period ended March 31, 2007. Moreover, the Company failed to tell investors that its business with BMO was tied intimately to David Lee ("Lee"), a natural gas trader at BMO. Unbeknownst to investors, Lee had a close personal relationship with executives at Optionable, including Kevin Cassidy ("Cassidy"), the Company's Vice Chairman and Chief Executive Officer ("CEO"). According to reports, Lee's trading alone in the first quarter of 2007 amounted to $2.73 million, or 30% of Optionable's revenue.

On April 27, 2007, when BMO announced that its mark-to-market commodity trading losses were estimated to be between $350 million and $450 million (pre-tax) in the second quarter of 2007, shares of the Company's stock fell $1.45 per share, or almost 21%, to close at $5.56 per share after investors recognized that BMO accounted for at least 24% of the Company's revenues in 2006.

On May 8, 2007, when BMO announced that it was suspending all of its business relationships with Optionable pending the results of a full external review and placed Lee and Bob Moore, executive managing director of commodity products at BMO, on leaves of absence, the price

---

[3]    These facts are drawn from the allegations in the complaint entitled *Jonathan Glaubach vs. Optionable, Inc., et al.*, Civil Action No. 07-cv-4085.

of Optionable stock declined precipitously, falling from $4.64 per share to $2.81 per share - a decline of approximately 40% - on heavy trading volume. According to reports, BMO contributed its mark-to-market commodity trading losses to bad trading strategies employed by Lee. Moreover, BMO was concerned with the quality of valuations provided by Optionable to BMO and Lee being able to do all of his business through one broker.

Shares of the Company's stock continued to decline as investors learned that: (i) NYMEX Holdings, Inc. ("NYMEX") had resigned its board representation of Optionable; (ii) Cassidy had resigned as Chairman and CEO; and (iii) Cassidy served time in prison for a felony conviction on credit card fraud in 1997 and for income tax evasion in 1993. Prior to disclosing these adverse facts, Cassidy, Edward J. O'Connor, President of Optionable, and Mark Nordlicht, Chairman of the Board and a founder of Optionable, were able to sell 10,758,886 shares of their personally held Optionable stock to NYMEX for gross proceeds in excess of $28 million.

### III.    ARGUMENT

#### A.    DORIS LEE HO SHOULD BE APPOINTED LEAD PLAINTIFF

##### 1.    The Procedure Required By The PSLRA

The PSLRA has established a procedure that governs the appointment of a Lead Plaintiff in "each private action arising under the [Securities Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as Lead Plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i). Plaintiff in the first-filed action entitled *Alexander Fleiss vs. Optionable, Inc., et al.*, Civil Action No. 07 Civ. 3753 (LAK) caused notice regarding the pendency of these actions to be published on *Market Wire*, a national, business-oriented newswire service, on May 11, 2007. *See* Alba Decl. Ex. A. Within 60 days after publication of the notice,

any person or group of persons who are members of the proposed class may apply to the Court to be appointed as Lead Plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §§78u-4(a)(3)(A) and (B).

Second, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as Lead Plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. §78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that
>
> (aa) has either filed the complaint or made a motion in response to a notice...
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). *See generally Greebel v. FTP Software*, 939 F. Supp. 57, 64 (D. Mass. 1996).

### 2. Doris Lee Ho Satisfies the "Lead Plaintiff" Requirements Of The Exchange Act

#### a. Doris Lee Ho Has Complied With The Exchange Act And Should Be Appointed Lead Plaintiff

The time period in which class members may move to be appointed Lead Plaintiff herein under 15 U.S.C. §§78u-4(a)(3)(A) and (B) expires on July 10, 2007. Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice (published on May 11, 2007), Doris Lee Ho timely moves this Court to be appointed Lead Plaintiff on behalf of all members of the class.

Doris Lee Ho has duly signed and filed a certification stating that she is willing to serve as the representative party on behalf of the class. *See* Alba Decl. Ex. C. In addition, Doris Lee Ho has selected and retained competent counsel to represent her and the class. *See* Alba Decl. Ex. D. Accordingly, Doris Lee Ho has satisfied the individual requirements of 15 U.S.C. §78u-4(a)(3)(B) and is entitled to have her application for appointment as Lead Plaintiff and selection of Lead Counsel as set forth herein, considered and approved by the Court.

### b. Doris Lee Ho Has The Requisite Financial Interest In The Relief Sought By The Class

During the Class Period, as evidenced by, among other things, the accompanying signed certification, *see* Alba Decl. Ex. C., Doris Lee Ho purchased shares of Optionable stock in reliance upon the materially false and misleading statements issued by the Defendants and was injured thereby. In addition, Doris Lee Ho incurred a substantial $207,803.59 loss on her transactions in Optionable shares. Doris Lee Ho thus has a significant financial interest in this case. Therefore, Doris Lee Ho satisfies all of the PSLRA's prerequisites for appointment as Lead Plaintiff in this action and should be appointed Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B).

### c. Doris Lee Ho Otherwise Satisfies Rule 23

According to 15 U.S.C. §78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two -- typicality and adequacy -- directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. *See Lax v. First Merchants Acceptance Corp.*, NO. 97 C 2715, 1997 U.S. Dist. LEXIS 11866, at *20, (N.D. Ill. Aug. 11, 1997). Doris Lee Ho satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying her appointment as Lead Plaintiff.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists where the plaintiffs' claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986). Typicality does not require that there be no factual differences between the class representatives and the class members because it is the generalized nature of the claims asserted which determines whether the class representatives are typical. *See Priest v. Zayre Corp.*, 118 F.R.D. 552, 555 (D. Mass. 1988) ("With respect to typicality under Rule 23(a)(3), plaintiffs need not show substantial identity between their claims and those of absent class members, but need only show that their claims arise from the same course of conduct that gave rise to the claims of the absent [class] members") (citations omitted). The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical. *Phillips v. Joint Legislative Comm. on Performance & Expenditure Review*, 637 F.2d 1014, 1024 (5th Cir. 1981).

Doris Lee Ho satisfies this requirement because, just like all other class members, she: (1) purchased Optionable shares during the Class Period; (2) purchased Optionable shares in reliance upon the allegedly materially false and misleading statements issued by Defendants; and (3) suffered

damages thereby. Thus, Doris Lee Ho's claim is typical of those of other class members since her claim and the claims of other class members arise out of the same course of events.

Under Rule 23(a)(4) the representative parties must also "fairly and adequately protect the interests of the class." The PSLRA directs this Court to limit its inquiry regarding the adequacy of Doris Lee Ho to represent the class to the existence of any conflicts between the interests of Doris Lee Ho and the members of the class. The standard for adequacy of representation under Rule 23(a)(4) is met by: (1) the absence of potential conflict between the named plaintiffs and the class members; and (2) the class representatives' choice of counsel who is qualified, experienced and able to vigorously conduct the proposed litigation. *Modell v. Eliot Sav. Bank*, 139 F.R.D. 17, 23 (D. Mass. 1991) (citing *Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 130 (lst Cir. 1985)).

Here, Doris Lee Ho is an adequate representative of the class. As evidenced by the injuries suffered by Doris Lee Ho, who purchased Optionable shares at prices allegedly artificially inflated by Defendants' materially false and misleading statements, the interests of Doris Lee Ho are clearly aligned with the members of the class, and there is no evidence of any antagonism between Doris Lee Ho's interest and those of the other members of the class. Further, Doris Lee Ho has taken significant steps which demonstrate that she will protect the interests of the class: she has retained competent and experienced counsel to prosecute these claims. In addition, as shown below, Doris Lee Ho's proposed Lead Counsel is highly qualified, experienced and able to conduct this complex litigation in a professional manner. Thus, Doris Lee Ho *prima facie* satisfies the commonality, typicality and adequacy requirements of Rule 23 for the purposes of this motion.

> **B.    THE COURT SHOULD APPROVE DORIS LEE HO'S CHOICE OF COUNSEL**

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v), the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class she seeks to represent. In that regard, Doris

Lee Ho has selected the law firm of Lerach Coughlin as Lead Counsel, a firm which has substantial experience in the prosecution of shareholder and securities class actions, including serving as lead counsel in *In re Enron Corp. Sec. Litig.*, No. H-01-3624, 2005 U.S. Dist. LEXIS 39867 (S.D. Tex. Dec. 22, 2005) in which Lerach Coughlin has obtained recoveries to date which represent the largest recovery ever obtained in a shareholder class action. *See* Alba Decl., Ex. D. Specifically, the court in *Enron* stated:

> The firm is comprised of probably the most prominent securities class action attorneys in the country. It is not surprising that Defendants have not argued that counsel is not adequate. Counsel's conduct in zealously and efficiently prosecuting this litigation with commitment of substantial resources to that goal evidences those qualities is evident throughout this suit.

*In re Enron Corp. Sec. Derivative & "ERISA" Litig.*, H-01-3624, 2006 U.S. Dist. LEXIS 43146, at *77 (S.D. Tex. June 5, 2006).

Accordingly, the Court should approve Doris Lee Ho's selection of counsel.

**IV.    CONCLUSION**

For all the foregoing reasons, Doris Lee Ho respectfully requests that the Court: (i) appoint Doris Lee Ho as Lead Plaintiff in the Action; (ii) approve her selection of Lead Counsel as set forth herein; and (iii) grant such other relief as the Court may deem just and proper.

DATED: July 10, 2007                LERACH COUGHLIN STOIA GELLER
                                    RUDMAN & ROBBINS LLP


                                    /s/ *Mario Alba, Jr.*
                                    MARIO ALBA, JR.

SAMUEL H. RUDMAN (SR-7957)
DAVID A. ROSENFELD (DR-7564)
MARIO ALBA, JR. (MA-7240)
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

[Proposed] Lead Counsel for Plaintiffs

I:\Optionable Inc\LP Motion\LP Memo.doc

**CERTIFICATE OF SERVICE**

I, Mario Alba Jr., hereby certify that on July 10, 2007, I caused a true and correct copy of the attached:

>Notice Of Motion For Appointment As Lead Plaintiff And For Approval Of Selection Of Lead Counsel;

>Memorandum In Support Of The Motion Of Doris Lee Ho For Appointment As Lead Plaintiff And For Approval Of Selection Of Lead Counsel; and

>Declaration of Mario Alba Jr. In Support of the Motion of Doris Lee Ho For Appointment As Lead Plaintiff And For Approval Of Selection Of Lead Counsel.

to be served: (i) electronically on all counsel registered for electronic service for this case; and (ii) by first-class mail to all additional counsel on the attached service list.

>/s/ *Mario Alba Jr.*
>Mario Alba Jr.

OPTIONABLE

Service List - 7/9/2007    (07-0112)

Page 1 of 2

**Counsel For Defendant(s)**

Peter J. Pizzi
Connell Foley LLP
888 7th Avenue
New York, NY  10106
　973/533-4221
　973/535-9217 (Fax)

Christine S. Poscablo
Kevin James Smith
Thomas B. Kinzler
Kelley Drye & Warren LLP
101 Park Avenue
New York, NY  10178
　212/808-7800
　212/808-7897 (Fax)

Mark S. Gregory
Kelley Drye & Warren LLP
400 Atlantic Street
Stamford, CT  06901
　203/324-1400
　203/327-2669 (Fax)

Lawrence R. Gelber
Law Office of Lawrence R. Gelber
34 Plaza Street East, Suite 1107
Brooklyn, NY  11238
　718/638-2383
　718/857-9339 (Fax)

**Counsel For Plaintiff(s)**

Jack G. Fruchter
Abraham, Fruchter & Twersky
One Pennsylvania Plaza, Suite 2805
New York, NY  10119
　212/279-5050
　212/279-3655 (Fax)

Evan J. Smith
Brodsky & Smith, LLC
240 Mineola Blvd., 1st Floor
Mineola, NY  11501
　516/741-4977
　516/741-0626 (Fax)

Catherine A. Torell
Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
150 East 52nd Street, 13th Floor
New York, NY  10022
　212/838-7797
　212/838-7745 (Fax)

Steven J. Toll
S. Douglas Bunch
Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
1100 New York Ave., N.W., Suite 500
Washington, DC  20005-3964
　202/408-4600
　202/408-4699 (Fax)

OPTIONABLE
Service List - 7/9/2007    (07-0112)
Page 2 of 2

Lewis S. Kahn
Kahn Gauthier Swick, LLC
650 Poydras Street, Suite 2150
New Orleans, LA  70130
   504/455-1400
   504/455-1498 (Fax)

Kim E. Miller
Kahn Gauthier Swick, LLC
12 East 41st Street, 12th Floor
New York, NY  10017
   212/696-3730
   504/455-1498 (Fax)

Frederic S. Fox
Donald R. Hall
Jeffrey P. Campisi
Kaplan, Fox & Kilsheimer LLP
805 Third Avenue, 22nd Floor
New York, NY  10022
   212/687-1980
   212/687-7714 (Fax)

Samuel H. Rudman
David A. Rosenfeld
Mario Alba, Jr.
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
58 South Service Road, Suite 200
Melville, NY  11747
   631/367-7100
   631/367-1173 (Fax)

Ronen Sarraf
Joseph Gentile
Sarraf Gentile LLP
485 Seventh Avenue, Suite 1005
New York, NY  10018
   212/868-3610
   212/918-7967 (Fax)

Andrew Schatz
Jeffrey S. Nobel
Schatz Nobel Izard, P.C.
One Corporate Center
20 Church Street, Suite 1700
Hartford, CT  06103
   860/493-6292
   860/493-6290 (Fax)

Richard A. Maniskas
Schiffrin Barroway Topaz & Kessler, LLP
280 King of Prussia Road
Radnor, PA  19087
   610/667-7706
   610/667-7056 (Fax)

Marc A. Wites
Wites & Kapetan, P.A.
4400 N. Federal Highway
Lighthouse Point, FL  33064
   954/570-8989
   954/354-0205 (Fax)