**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re OPTIONABLE, INC. SECURITIES LITIGATION | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) DOCKET NUMBER: 07-cv-3753-LAK<br><br>HON. LEWIS A. KAPLAN |

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE MOTION OF
KLD INVESTMENT MANAGEMENT, LLC TO BE APPOINTED LEAD PLAINTIFF,
TO APPROVE PROPOSED LEAD PLAINTIFF'S SELECTION OF COUNSEL,
AND IN OPPOSITION TO ALL OTHER COMPETING MOTIONS**

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ................................................................................................. iii
**INTRODUCTION** ..................................................................................................................... 1
**ARGUMENT** ............................................................................................................................. 2
   I) KLD Should Be Appointed Lead Plaintiff ........................................................................ 2
      A. KLD Meets the Requirements of the PSLRA and Is the "Most Adequate Plaintiff" 2
         1. KLD Has the Largest Financial Interest in the Relief Sought by the Class ........... 2
         2. KLD Satisfies the Requirements of Rule 23 ............................................................. 4
      B. The Competing Movants Cannot Rebut the Presumption that KLD Is the Most Adequate Lead Plaintiff and Their Motions Must Fail ....................................................... 6
         1. The Desai Groups Should Not Be Appointed Lead Plaintiff ................................... 7
         2. Monarch Capital Fund, Ltd. Should Not Be Appointed Lead Plaintiff .................. 9
         3. The Remaining Lead Plaintiff Movants Have Losses Well Below Those of KLD 11
   II) The Court Should Appoint KLD Lead Plaintiff & Approve Its Selection of Counsel 12
**CONCLUSION** ........................................................................................................................ 12

# TABLE OF AUTHORITIES

**CASES**

*Casden v. HPL Technologies, Inc.*, 2003 U.S. Dist. LEXIS 19606 at *30 (N.D. Cal. Sept. 29, 2003) .................................................................................................................................. 6

*Clair v. DeLuca*, 232 F.R.D. 219, 227 (W.D. Pa. 2005) ............................................................... 8

*Ezra Charitable Trust v. Rent-Way, Inc.*, 136 F. Supp. 2d 435, 441 (W.D. Pa. 2001).................. 5

*In re Am. Bus. Fin. Servs., Inc. Sec. Litig.*, C.A. No. 04-0265, 2004 U.S. Dist. LEXIS 10200, at *13-16 (E.D. Pa. June 3, 2004) .................................................................................................. 8

*In re Cavanaugh*, 306 F.3d 26, 732 (9th Cir 2002) .............................................................. 10, 11

*In re Comverse Tech., Inc. Sec. Litig.*, 2006 U.S. Dist. LEXIS 69900, *19-20 (S.D.N.Y. 2006).. 7

*In re eSpeed, Inc. Sec. Litig.*, 2005 U.S. Dist. LEXIS 14104 at *5-6 (S.D.N.Y. July 13, 2005)... 5, 10, 11

*In re Microstrategy, Inc. Sec. Litig.*, 110 F. Supp. 2d 427, 434-435 (E.D. Va. 2000).................. 8

*In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 46 (D.N.Y. 1998) ............................ 7

*In re Party City*, 189 F.R.D. 91, 106 (D. NJ 1999)....................................................................... 4

*In re Turkcell Iletisim Hizmetler, A.S. Sec. Litig.*, 209 F.R.D. 353, 357-58 (S.D.N.Y. 2002)...... 10

*Kaplan v. Gelfond*, 240 F.R.D. 88 (S.D.N.Y. 2007)..................................................................... 5

*Lee v. Axonyx, Inc., et al.*, No. 7:05-cv-2307, slip op., at pg. 8 (S.D.N.Y. Jan. 27, 2006) (Griesa, J.)................................................................................................................................................ 2

*Local 144 Nursing Home Pension Fund v. Honeywell Int'l, Inc.*, Civ. No. 00-3605 (DRD), 2000 U.S. Dist. LEXIS 16712, at *14 (D.N.J. Nov. 16, 2000)........................................................... 7

*Olsen v. New York Community Bancorp, Inc.*, 233 F.R.D. 101, 107 (E.D.N.Y. 2005)................. 6

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Labranche & Co., Inc.*, No. 03-cv-8264, 2004 U.S. Dist. LEXIS 9571, at *53 (S.D.N.Y. May 27, 2004)....................................... 4

*Smith v. Suprema Specialties, Inc.*, 206 F. Supp. 2d 627, 634 (D.N.J. 2002)........................... 5, 10

*Sofran v. Labranche & Co.*, 220 F.R.D. 398, 401 (S.D.N.Y. 2004)....................................... 2, 11

*Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 252 (S.D.N.Y. 2003) ........ 4, 5

*Weisz v. Calpine Corporation*, 2002 U.S. Dist. LEXIS 27831 at *21 (August 15, 2002) ........ 5, 10

*Weltz v. Lee*, 199 F.R.D. 129, 133 (D.N.Y. 2001) ............................................................. 7


**STATUTES**

15 U.S.C. § 77z-1(a)(3)(B) ............................................................................................ 1, 4

15 U.S.C. § 77z-1(a)(3)(B)(iii) ..................................................................................... 2, 11

15 U.S.C. § 77z-1(a)(3)(B)(iii)(bb) .................................................................................. 12

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I) ................................................................................... 4, 6

15 U.S.C. § 77z-1(a)(3)(B)(iii)(II) ...................................................................................... 7

15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa) .............................................................................. 12

15 U.S.C. § 77z-1(a)(3)(B)(v) .......................................................................................... 12

15 U.S.C. § 78u-4(a)(3)(B) ............................................................................................ 1, 4

15 U.S.C. § 78u-4(a)(3)(B)(iii) ..................................................................................... 2, 11

15 U.S.C. § 78u-4(a)(3)(B)(iii)(bb) .................................................................................. 12

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ................................................................................... 4, 6

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) ...................................................................................... 7

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa) .............................................................................. 12

15 U.S.C. § 78u-4(a)(3)(B)(v) .......................................................................................... 12


**RULES**

Fed. R. Civ. P. 23 .............................................................................................. 4, 6, 7, 9, 12

Fed. R. Civ. P. 23(a) ........................................................................................................... 4

Fed. R. Civ. P. 23(a)(3) ...................................................................................................... 4

Fed. R. Civ. P. 23(a)(4) ...................................................................................................... 4

## INTRODUCTION

KLD Investment Management, LLC ("KLD" or "Movant") respectfully submits this Memorandum of points and authorities in further support of its Motion, pursuant to the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77z-1(a)(3)(B), and the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B) as *amended* by Section 101(a) of the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for appointment of KLD as Lead Plaintiff, for approval of its selection of Kahn Gauthier Swick, LLC as Lead Counsel, and in opposition to the six competing Lead Plaintiff motions filed by various competing movants.[1]

The case has been consolidated and, at this time, KLD hereby opposes the other six competing motions for appointment as Lead Plaintiff because KLD is presumptively the most adequate plaintiff. KLD has suffered the largest loss among the competing movants and is an investment advisor who acted as a "single investor" and has the attorney-in-fact authority to pursue litigation and move for Lead Plaintiff on behalf of its investor-clients.

The Desai Group cannot be appointed Lead Plaintiff because its losses are three times smaller than KLD, it does not have the largest financial interest in the relief sought by the Class, and it suffers from other deficiencies that render it inadequate and atypical. The purported Desai Group has not properly identified its members or the full relationship between such members, nor has it demonstrated a cohesive ability to manage this litigation.

---

[1] By Notice filed with this Court on July 27, 2007, the Patel Group withdrew its motion for appointment as Lead Plaintiff, stating, "[u]pon review of the competing motions for appointment as Lead Plaintiff, it appears that KLD Investment Management, LLC has the largest financial interest in this litigation and is the most appropriate plaintiff within the meaning of the Private Securities Litigation Reform Act of 1995, 15U.S.C. §§ 78u-4(a)(3)(B)." Prior to withdrawal, the Patel Group, with losses of $2.261 million had the second largest loss of any movant, other than KLD with $3.752 million in losses.

1

Monarch Capital Fund, Ltd. ("Monarch"), with losses equal to only 25% of KLD's, also cannot be appointed Lead Plaintiff here because it too does not have the largest losses in the litigation, and because it is an investment advisor that has offered no evidence whatsoever that it is a genuine "purchaser" in the litigation. At no time has Monarch demonstrated either that it controlled and directed the investment of its clients such that it was effectively a "single investor," or that it has attorney-in-fact authority to move in this Action on behalf of such clients.

The remaining four movants, VLK Group, Doris Lee Ho, Ramesh M. Singa, and Mac A. Hembrough, have losses far outweighed by those of KLD and are, therefore, not entitled to presumptive Lead Plaintiff status in this litigation.

Based on the foregoing, and for the reasons sated herein below, this Court should appoint KLD as Lead Plaintiff in this Action and ratify its selection of counsel, Kahn Gauthier Swick, LLC, as Lead Counsel for the Class.

## ARGUMENT

**I) KLD Should Be Appointed Lead Plaintiff**

   **A. KLD Meets the Requirements of the PSLRA and Is the "Most Adequate Plaintiff"**

      **1. KLD Has the Largest Financial Interest in the Relief Sought by the Class**

Pursuant to 15 U.S.C. § 77z-1(a)(3)(B)(iii) and 15 U.S.C. § 78u-4(a)(3)(B)(iii), the Court shall appoint as Lead Plaintiff the movant or movants who have the largest financial interest in the relief sought by the Class. *Sofran v. Labranche & Co.*, 220 F.R.D. 398, 401 (S.D.N.Y. 2004); *see also, Lee v. Axonyx, Inc., et al.*, No. 7:05-cv-2307, slip op., at pg. 8 (S.D.N.Y. Jan. 27, 2006) (Griesa, J.) (appointing movant with the largest financial interest).

As demonstrated herein, with 1.229 million shares purchased during the Class Period and with total losses of $3,752,667.30, KLD has the largest financial interest, in the relief sought by

2

the Class, of any movant seeking appointment as Lead Plaintiff. *See,* Miller Decl. Ex. A. In fact, the losses of KLD are more than 300% larger than those of the next-largest movant, and dwarf the losses of many of the other movants. Below is a chart reflecting the names of the various movants, their counsel, and each movant's losses:

| MOVANT | PROPOSED LEAD COUNSEL | PSLRA LOSS | COMMENTS |
|---|---|---|---|
| **KLD** | Kahn Gauthier Swick | $3,752,667 | • Largest Losses<br>• Presumptive Lead Plaintiff<br>• Adequate and Typical of Class |
| **Desai Group** | Schiffrin Barroway Topaz & Kessler<br>+<br>Brodsky & Smith | $1,039,162 | • Disorganized Movant Group<br>• Limited Identification of Members<br>• Dual Counsel Excessive |
| **Monarch Capital Fund** | Gardy & Notis | $863,000 | • Not Established Financial Interest<br>• No Filing Authority Demonstrated |
| **VLK Group** | Kaplan Fox & Kilsheimer | $236,075 | • Limited Financial Interest<br>• Unrelated Group<br>• No Demonstrated Organization |
| **Doris Lee Ho** | Lerach Coughlin Stoia Geller Rudman & Robbins | $207,803 | • Limited Financial Interest |
| **Ramesh M. Singa** | Cohen, Milstein, Hausfeld & Toll | $146,607 | • Limited Financial Interest |
| **Marc A. Hembrough** | Spector, Roseman & Kodroff | $34,200 | • Limited Financial Interest |

3

### 2. KLD Satisfies the Requirements of Rule 23

Pursuant to 15 U.S.C. § 77z-1(a)(3)(B) and 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." The Courts have made it clear that the PSLRA's focus of the inquiry under this provision is on the typicality requirement of Fed. R. Civ. P. 23(a)(3) and the adequacy requirement of Fed. R. Civ. P. 23(a)(4). *See*, *e.g.*, *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Labranche & Co., Inc.*, No. 03-cv-8264, 2004 U.S. Dist. LEXIS 9571, at *53 (S.D.N.Y. May 27, 2004). Furthermore, the Courts have uniformly held that, at the Lead Plaintiff appointment stage, the determination of whether a proposed Lead Plaintiff "otherwise satisfies the requirements of Rule 23" is subject only to a preliminary analysis. *See, e.g., Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 252 (S.D.N.Y. 2003), citing *In re Party City*, 189 F.R.D. 91, 106 (D. NJ 1999) ("In fact, a 'wide ranging analysis under Rule 23 is not appropriate [at this initial stage of the litigation] and should be left for consideration of a motion for class certification.")

As discussed in its opening Memorandum, KLD easily satisfies both the typicality and adequacy requirements of Fed. R. Civ. P. 23, having interests in common with the Class members, clear motivation and ability to vigorously pursue this action, and competent counsel. Since KLD meets both the typicality and adequacy requirements of Fed. R. Civ. P. 23(a), and has sustained the largest amount of losses as a result of the alleged illegal and improper acts of Defendants, it is, in accordance with 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I) and 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), presumptively the most adequate plaintiff to lead this action.

In addition to the foregoing, KLD has also complied with this District's requirement that an investment advisor demonstrate that it operates as a "single investor" and functions as the attorney-in-fact for its clients. *In re eSpeed, Inc. Sec. Litig.*, 2005 U.S. Dist. LEXIS 14104 at *5-6 (S.D.N.Y. July 13, 2005) ("In order for an investment advisor to attain standing on behalf of investors, the transactions in question must have been executed as if by a single person. Moreover, the advisor must be the attorney in fact for his clients…"); *see also*, *Kaplan v. Gelfond*, 240 F.R.D. 88 (S.D.N.Y. 2007); *Weinberg*, 216 F.R.D. 248. KLD operates as a single investor and is the attorney-in-fact for its client.

Here, KLD has acted and continues to act as a single investor and it has demonstrated that it has "coordinated and selected the investments of its clients, as opposed to merely executing its clients' requests." *Weisz v. Calpine Corporation*, 2002 U.S. Dist. LEXIS 27831 at *21 (August 15, 2002). Moreover, as shown by KLD's Certification, attached as Miller Decl. Ex. A, ***KLD has the "sole discretion" to make investments and related investment decisions for its clients.***" KLD Certification ¶7. This includes coordinating and selecting the investments of its partners.[2] As such, KLD functions as a single investor.

In addition to the foregoing, for an investment advisor to successfully move for Lead Plaintiff, it must *also* show that it is authorized to act as the attorney-in-fact for its clients. *Kaplan*, 240 F.R.D. at 95; *Weinberg*, 216 F.R.D. at 255; *Smith v. Suprema Specialties, Inc.*, 206 F. Supp. 2d 627, 634 (D.N.J. 2002); *Ezra Charitable Trust v. Rent-Way, Inc.*, 136 F. Supp. 2d 435, 441 (W.D. Pa. 2001). "When the investment advisor is also the attorney-in-fact for its clients with unrestricted decision making authority, the investment advisor is considered the

---

[2] As further evidence of this, all purchases of Optionable stock were made by Movant KLD through its general account and later allocated to individual client accounts, and such shares were ***not*** purchased for specific clients or through specific client accounts.

'purchaser' under the federal securities laws with standing to sue in its own name." *Olsen v. New York Community Bancorp, Inc.*, 233 F.R.D. 101, 107 (E.D.N.Y. 2005); *See also*, *Casden v. HPL Technologies, Inc.*, 2003 U.S. Dist. LEXIS 19606 at *30 (N.D. Cal. Sept. 29, 2003) ("Investment advisors who make the decisions to purchase the securities qualify as purchasers…").

KLD is the attorney-in-fact for each of its investor-clients and, therefore, as purchaser of the securities, KLD has a financial interest in the relief sought by the Class. As shown in KLD's Certification, ***KLD has "attorney-in-fact authority… to bring litigation on their behalf to recover for investment losses***." KLD Certification ¶7.

KLD easily satisfies the statutory requirements of the PSLRA: (i) it has made a motion for Lead Plaintiff; (ii) it has the largest financial interest in the relief sought by the Class with losses of $3,752,667.30; and (iii) it satisfies the typicality and adequacy requirements of Fed. R. Civ. P. 23. *See* 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I) and 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Moreover, as an investment advisor, KLD has provided documentation to the Court evidencing that it operates as a single investor and functions as attorney-in-fact on behalf of its investor-clients. KLD is, therefore, presumably the "most adequate plaintiff" in this action.

**B. The Competing Movants Cannot Rebut the Presumption that KLD Is the Most Adequate Lead Plaintiff and Their Motions Must Fail**

As discussed above in detail, KLD has the largest losses – approximately $3.752 million – and meets the adequacy and typicality requirements of Fed. R. Civ. P. 23. Furthermore, KLD suffers from none of the serious defects that afflict other Movants. As the movant with the largest losses who is both typical and adequate under Fed. R. Civ. P. 23, KLD is the presumptive Lead Plaintiff in this Action. As KLD has made a "prima facie showing that it satisfies the requirements of Rule 23," it is "entitled to a rebuttable presumption that it should be appointed

6

Lead Plaintiff." *In re Comverse Tech., Inc. Sec. Litig.*, 2006 U.S. Dist. LEXIS 69900, *19-20 (S.D.N.Y. 2006).

The PSLRA provides that this presumption may be rebutted "only upon proof" from a member of the Class that the presumptive Lead Plaintiff will not fairly and adequately protect the interests of the Class, or is subject to unique defenses that will render it incapable of adequately representing the Class.  *See* 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II) and 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).  Because other movants have not and cannot rebut, **with proof***,* the presumption that KLD is the most adequate Lead Plaintiff, their motions each fail.

### 1. The Desai Groups Should Not Be Appointed Lead Plaintiff

The Desai Group claims losses of $1,039,162 – losses at least three times smaller than those losses established by KLD.  As a result of sustaining much lower losses than KLD, the Desai Group is *not* the presumptive Lead Plaintiff.  Moreover, the Desai Group also suffers from problems of adequacy under Fed. R. Civ. P. 23.

The Desai Group is not an adequate Lead Plaintiff under Fed. R. Civ. P. 23, because its cohesiveness and ability to manage this litigation have not been demonstrated.  While it cannot be disputed that a "group of persons" can serve as Lead Plaintiff under the PSLRA, courts evaluate such groups on a case-by case basis, with an eye toward whether the group is cohesive and capable of controlling the litigation.  *See*, *e.g.*, *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 46 (D.N.Y. 1998)(expressing group's need to be an "effective monitor of its counsels' performance"); *Weltz v. Lee*, 199 F.R.D. 129, 133 (D.N.Y. 2001)(group must be able to prevent delivering "the control of the litigation into the hands of the lawyers"); *Local 144 Nursing Home Pension Fund v. Honeywell Int'l, Inc.*, Civ. No. 00-3605 (DRD), 2000 U.S. Dist. LEXIS 16712, at *14 (D.N.J. Nov. 16, 2000)("what is required when considering whether to

appoint a group of investors is whether that group will be able to manage effectively the litigation."); *In re Microstrategy, Inc. Sec. Litig.*, 110 F. Supp. 2d 427, 434-435 (E.D. Va. 2000)(case-by-case approach allows Courts to consider "how its members would function collectively" and the mechanisms the group and its counsel have "established to communicate with one another about the litigation."). *See also, In re Am. Bus. Fin. Servs., Inc. Sec. Litig.*, C.A. No. 04-0265, 2004 U.S. Dist. LEXIS 10200, at *13-16 (E.D. Pa. June 3, 2004).

Here, this analysis is further complicated by the fact that, while the purported Desai Group identifies "Sunil [*sic*] Desai" as the signatory for NY Drugs and the "brother of movant Hermant [*sic*] Desai," there is no disclosure that Hemant Desai is also Chairman, CEO and President of NY Durgs. *See*, Supplemental Declaration of Kim Miller In Support of KLD Opposition Memo at Ex. A. That Hemant Desai is also the controlling person over NY Drugs is a material fact, the disclosure of which is critical in examining the cohesive nature and structure of this purported group – yet this fact remains undisclosed by the Desai Movants.[3]

Without information from the group members establishing their true identity, their full relationships or independence, cohesiveness, competence, and the decision-making ability of the purported group, it is impossible for the Court to have any comfort or conviction that this Lead Plaintiff movant has the ability to effectively oversee the litigation. The members of the Desai Group have not provided enough information to demonstrate their adequacy or typicality.

Without these assurances, even groups that appear cohesive on their face have been rejected by courts. *See*, *e.g.*, *Clair v. DeLuca*, 232 F.R.D. 219, 227 (W.D. Pa. 2005)(Court

---

[3] In fact, so little information about the purported members of the Desai Group has been provided that KLD does not even know the true names of these members. Footnote 1 of the Desai Group's Memorandum identifies a "Hermant Desai," while his certification states that his name is "Hemant." Also, the name "Sunil," used in Note 1, does not appear to comport to the signature page of the NY Drugs certification, which appears to be signed by "Sumir" Desai.

8

refused to grant uncontested Lead Plaintiff motion of married couple who had failed to submit evidence beyond statutory certifications despite assertions in supporting brief that they would "control the litigation" and "take an active role.") Accordingly, the motion of the Desai Group should be denied.

Moreover, the lack of information available for the purported members of the Desai Group stands in stark contrast to the abundance of information made available by the presumptive Lead Plaintiff, KLD, upon its easily searchable website at www.KLDInvestments.net. The KLD website contains a plethora of important information about KLD, and such information provides significant assurance that KLD is an experienced investor and fiduciary that will fairly and adequately protect the interests of the Class, and it further evidences KLD's adequacy and typicality. *See*, Supplemental Declaration of Kim Miller In Support of KLD Opposition Memo at Ex. B.

Despite the lack of information presented by the Desai Movants, counsel for this purported group, Brodsky & Smith and Schiffrin Barroway, provide extensive resumes, attached as Exhibits E & F to the Smith Decl., in support of their motion. What remains unknown, however, is what advantage would be gained by compounding the leadership structure of this Action by adopting Co-Lead Counsel – as opposed to adopting a unified leadership structure headed by a single firm such as Kahn Gauthier Swick. Like the group they purport to represent, no detail has been provided by either of Desai's counsel that explains how they intend to work together, and why such a combination would benefit the Class.

**2. Monarch Capital Fund, Ltd. Should Not Be Appointed Lead Plaintiff**

Monarch Capital Fund, Ltd. claims losses of $863,000 – less than 20% of the losses of KLD. Not having the largest interest in this Action, Monarch too is not the presumptive Lead Plaintiff. Furthermore, Monarch suffers from problems of adequacy under Fed. R. Civ. P. 23.

Monarch is an inadequate Lead Plaintiff because it is an investment advisor which has *clients* who suffered the $863,000 in losses in Optionable, Inc. stock, which Monarch attempts to claim as its own. ***Monarch has no financial interest in this litigation and has failed to establish that its clients gave it the legal authority to sue or seek Lead Plaintiff status utilizing their losses***. *In re Turkcell Iletisim Hizmetler, A.S. Sec. Litig.*, 209 F.R.D. 353, 357-58 (S.D.N.Y. 2002)(holding that investment advisor which did not purchase securities on its own behalf lacked standing to claim their clients' financial interest); *eSpeed, Inc.*, 232 F.R.D. at 98 (declining to appoint investment advisor who had not shown "single person" or attorney-in-fact" requirements); *Weisz*, 2002 U.S. Dist. LEXIS at *19-*24 (same).

Notably, Monarch does not even attempt to claim that it: (i) obtained attorney-in-fact authority from its clients to bring suit on behalf of its clients; (ii) is authorized to claim its clients' investment losses as its own; or (iii) possesses an actual financial interest in the relief sought. *See Suprema Specialties*, 206 F. Supp. 2d at 634-35 ("The clients' mere grant of authority to an investment manager to invest on its behalf does not confer authority to initiate suit on its behalf."); *Turkcell*, 209 F.R.D. at 357-58.1.

Fatal to Monarch's Lead Plaintiff application is its inability to demonstrate that it has a financial interest in the relief sought by the Class. *See In re Cavanaugh*, 306 F.3d 26, 732 (9th Cir 2002) ("the only basis" on which to compare prospective Lead Plaintiffs "is the size of their financial stake in the controversy"). At the very least, if Monarch had wished to be appointed Lead Plaintiff based upon others' losses, it should have timely presented evidence that the clients

10

who suffered the losses lawfully empowered Monarch to move for Lead Plaintiff. See *eSpeed*, 232 F.R.D. at 98.

### 3. The Remaining Lead Plaintiff Movants Have Losses Well Below Those of KLD

Lead Plaintiff Movants VLK Group ("VLK"), Doris Lee Ho ("Ho"), Ramesh M Singa ("Singa") and Marc A Hembrough ("Hembrough"), all claim losses significantly lower than those of KLD.[4] Pursuant to 15 U.S.C. § 77z-1(a)(3)(B)(iii) and 15 U.S.C. § 78u-4(a)(3)(B)(iii), the Court shall appoint as Lead Plaintiff the movant or movants who have the largest financial interest in the relief sought by the Action. Courts have uniformly held that the financial loss prong of the statutory test is by far the most important factor in selecting a Lead Plaintiff. *See Labranche*, 220 F.R.D. at 401 ("Because the Harper Woods Group has lost the most money in connection with the purchase of Labranche securities…that group is deemed the most adequate plaintiff so long as it fulfills the remaining statutory requirements."); *Cavanaugh*, 306 F.3d at 732 ("the Reform Act provides in categorical terms that the only basis on which a court may compare plaintiffs competing to serve as lead is the size of their financial stake in the controversy.")

VLK, Ho, Singa, and Hembrough claim losses of $236,075.00, $207,803.59, $146,607.30 and $34,200.00, respectively. As their losses are dwarfed by the $3,752,667.30 in losses of KLD, none of these movants have the largest financial interest in the litigation and none are entitled to presumptive Lead Plaintiff status.[5]

---

[4] Movant Scott Waldman, with the lowest loss calculation of any movant, withdrew his motion for Lead Plaintiff on July 17, 2007, thereby acknowledging that KLD was the presumptive Lead Plaintiff that is adequate and typical of the Class.

[5] In addition to the foregoing, the VKL Group is composed of three unrelated individuals and, therefore, also suffers from the deficiencies outlined herein on page 7, *supra*.

11

**II) The Court Should Appoint KLD Lead Plaintiff & Approve Its Selection of Counsel**

KLD suffers none of the fatal defects evidenced in the competing motions of other movants. KLD, which suffered losses of approximately $3,752,667.30 has "the largest financial interest in the relief sought by the class" among class members seeking to be appointed Lead Plaintiff (*See* 15 U.S.C. § 77z-1(a)(3)(B)(iii)(bb) and 15 U.S.C. § 78u-4(a)(3)(B)(iii)(bb)), and meets the requirements of Fed. R. Civ. P. 23. KLD is, therefore, the presumptive Lead Plaintiff in this action, which presumption cannot be rebutted, and this Court should approve KLD's motion for appointment as Lead Plaintiff.

The PSLRA vests authority in the Lead Plaintiff to select and retain counsel to represent the Class, subject to the Court's approval. *See* 15 U.S.C. § 77z-1(a)(3)(B)(v) and 15 U.S.C. § 78u-4(a)(3)(B)(v). Courts will generally not disturb the Lead Plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa) and 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). KLD has selected Kahn Gauthier Swick, LLC, to serve as Lead Counsel for the Class.

Kahn Gauthier Swick has not only prosecuted complex securities fraud actions, but it has also successfully prosecuted many other types of complex class actions. *See,* Miller Decl. Ex. C. Moreover, KLD's counsel has continually invested time and resources in carefully investigating and prosecuting this Action, and this Court may be assured that in the event KLD's motion is granted, Kahn Gauthier Swick will provide the members of the Class with the highest caliber of legal representation.

<b><u>CONCLUSION</u></b>

For all of the foregoing reasons, KLD respectfully requests that this Court: (i) consolidate all future related actions; (ii) appoint KLD to serve as Lead Plaintiff in this consolidated Action;

(iii) approve KLD's selection of Kahn Gauthier Swick as Lead Counsel for the Class; and (iv) grant such other and further relief as the Court may deem just and proper.

Dated: July 27, 2007                     Respectfully submitted,

                                         KAHN GAUTHIER SWICK, LLC

                                         /s/ Kim E. Miller_____

                                         Michael A. Swick (MS-9970)
                                         Kim E. Miller (KM-9669)
                                         12 East 41st Street, 12th Floor
                                         New York, NY 10017
                                         Telephone: (212) 696-3730
                                         Facsimile: (504) 455-1498

                                         -and-

                                         KAHN GAUTHIER SWICK, LLC
                                         Lewis S. Kahn
                                         650 Poydras St., Suite 2150
                                         New Orleans, Louisiana 70130
                                         Telephone (504) 455-1400
                                         Facsimile: (504) 455-1498

                                         *Counsel for KLD Investment Mgmnt. LLC and Proposed Lead Counsel for the Class*

## **CERTIFICATE OF SERVICE**

      I hereby certify that this Motion was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants on July 27, 2007.

                                                /s/ Kim E. Miller_____
                                                Kim E. Miller