# EXHIBIT B

GEORGE S. CARDONA
Acting United States Attorney
THOMAS P. O'BRIEN
Assistant United States Attorney
Chief, Criminal Division
DOUGLAS A. AXEL (Cal. Bar #173814)
Deputy Chief, Major Frauds Section
RICHARD E. ROBINSON (Cal. Bar #090840)
ROBERT J. MCGAHAN (Cal. Bar #196568)
Assistant United States Attorneys
Major Frauds Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone:  (213) 894-0713
    Facsimile:  (213) 894-6269
    E-mail: Richard.Robinson@usdoj.gov
            Doug.Axel@usdoj.gov
            Robert.McGahan@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

                 UNITED STATES DISTRICT COURT

            FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,    )    No. CR 05-587(B)-JFW
                             )
              Plaintiff,     )    **PLEA AGREEMENT FOR DEFENDANT**
                             )    **DAVID J. BERSHAD**
         v.                  )
                             )
DAVID J. BERSHAD,            )
                             )
              Defendant.     )
_____)

        1.    This constitutes the plea agreement between DAVID J.

BERSHAD ("defendant"), on the one hand, and the United States

Attorney's Office for the Central District of California, on the

other hand (the "USAO").  Except as provided in paragraph 20(d)

below, this agreement is limited to the USAO and cannot bind any

other federal, state, or local prosecuting, administrative or

regulatory authorities.

/ / /

<u>PLEA</u>

2.   Defendant gives up the right to indictment by a grand jury and agrees to plead guilty to a one-count information in the form attached to this agreement or a substantially similar form.

<u>NATURE OF THE OFFENSE</u>

3.   In order for defendant to be guilty of count one of the information, which charges a violation of Title 18, United States Code, Section 371, the following must be true:

(a)   Beginning in or before 1981, and continuing through at least in or about 2005, there was an agreement between two or more persons to commit at least one of the crimes charged in the information, namely:

(i) to obstruct justice by corruptly influencing, obstructing, and impeding, and endeavoring to influence, obstruct, and impede, the due administration of justice in lawsuits filed and litigated in courts of the United States, in violation of Title 18, United States Code, Section 1503; and

(ii) to make false material declarations under oath in proceedings before and ancillary to courts of the United States, in violation of Title 18, United States Code, Section 1623(a);

(b)   defendant became a member of the conspiracy, that is, he joined in the illegal agreement, knowing of at least one of its objects and intending to help accomplish it; and

(c)   one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy.

/ / /

1    4.   Defendant admits that defendant is, in fact, guilty of

2    this offense, as described in count one of the information.

3                              PENALTIES

4    5.   The statutory maximum sentence that the Court can

5    impose for a violation of Title 18, United States Code,

6    Section 371, is five-years imprisonment; a three-year period of

7    supervised release; a fine of $250,000 or twice the gross gain or

8    gross loss resulting from the offense, whichever is greatest; and

9    a mandatory special assessment of $100.

10   6.   Supervised release is a period of time following

11   imprisonment during which defendant will be subject to various

12   restrictions and requirements.  Defendant understands that if

13   defendant violates one or more of the conditions of any

14   supervised release imposed, defendant may be returned to prison

15   for all or part of the term of supervised release, which could

16   result in defendant serving a total term of imprisonment greater

17   than the statutory maximum stated above.

18   7.   Defendant also understands that, by pleading guilty,

19   defendant may be giving up valuable government benefits and

20   valuable civic rights, such as the right to vote, the right to

21   possess a firearm, the right to hold office, and the right to

22   serve on a jury.

23   8.   Defendant further understands that the conviction in

24   this case may subject defendant to various collateral

25   consequences, including revocation or suspension of his license

26   to practice law.  Defendant understands that unanticipated

27   collateral consequences will not serve as grounds to withdraw

28   defendant's plea of guilty.

3

1      9.   The parties agree and stipulate that restitution is not

2  warranted.

3  <u>FACTUAL BASIS</u>

4      10.   Defendant and the USAO agree and stipulate to the

5  statement of facts set forth in Exhibit A hereto.  This statement

6  of facts includes facts sufficient to support a plea of guilty to

7  the charge described in this agreement, and to establish the

8  sentencing guideline factors set forth in paragraph 14.  It is

9  not meant to be a complete recitation of all facts relevant to

10  the underlying criminal conduct or all facts known to either

11  party that relate to that conduct.

12  <u>WAIVER OF CONSTITUTIONAL AND OTHER RIGHTS</u>

13      11.  By pleading guilty, defendant gives up the following

14  rights:

15          (a)  The right to persist in a plea of not guilty.

16          (b)  The right to a speedy and public trial by jury.

17          (c)  The right to the assistance of legal counsel at

18  trial, including the right to have the Court appoint counsel for

19  defendant for the purpose of representation at trial.  (In this

20  regard, defendant understands that, despite his plea of guilty,

21  he retains the right to be represented by counsel -- and, if

22  necessary, to have the Court appoint counsel if defendant cannot

23  afford counsel -- at every other stage of the proceeding.)

24          (d)  The right to be presumed innocent and to have the

25  burden of proof placed on the government to prove defendant

26  guilty beyond a reasonable doubt.

27          (e)  The right to confront and cross-examine witnesses

28  against defendant.

4

1          (f)   The right, if defendant wished, to testify on

2   defendant's own behalf and present evidence in opposition to the

3   charges, including the right to call witnesses and to subpoena

4   those witnesses to testify.

5          (g)   The right not to be compelled to testify, and, if

6   defendant chose not to testify or present evidence, to have that

7   choice not be used against defendant.

8      12.   By pleading guilty, defendant gives up any and all

9   rights to pursue any affirmative defenses, Fourth Amendment or

10  Fifth Amendment claims, and other pretrial motions that could be

11  filed on his behalf, including assertion of any defense based on

12  statute of limitations or venue.

13                          <u>SENTENCING FACTORS</u>

14     13.   Defendant understands that the Court is required to

15  consider the factors set forth in 18 U.S.C. § 3553(a)(1)-(7),

16  including the kinds of sentence and sentencing range established

17  under the United States Sentencing Guidelines ("U.S.S.G." or

18  "Sentencing Guidelines") in determining defendant's sentence.

19  Defendant further understands that the Sentencing Guidelines are

20  advisory only, and that after considering the Sentencing

21  Guidelines and the other § 3553(a) factors, the Court may be free

22  to exercise its discretion to impose any reasonable sentence up

23  to the maximum set by statute for the crime of conviction.

24     14.   Defendant and the USAO agree and stipulate to the

25  following applicable Sentencing Guidelines factors:

26  Base Offense Level:              14    [U.S.S.G. § 2J1.2(a)]

27

28

                                    5

Specific Offense
Characteristics

Substantial interference
with admin. of justice:       +3      [U.S.S.G. § 2J1.2(b)(2)]

Obstruction extensive in
scope                         +2      [U.S.S.G. § 2J1.2(b)(3)]

Abuse of position of trust:   +2      [U.S.S.G. § 3B1.3]

Acceptance of
responsibility:               -3      [U.S.S.G. § 3E1.1]

---

Total offense level:          18

The USAO will agree to a downward adjustment for acceptance of

responsibility only if the conditions set forth in paragraph

20(c) are met.  Subject to paragraphs 16 and 20(i), defendant and

the USAO agree not to seek, argue, or suggest in any way, either

orally or in writing, that any other specific offense

characteristics, adjustments or departures, relating to either

the applicable Offense Level or the Criminal History Category, be

imposed.  If, however, after signing this agreement but prior to

sentencing, defendant were to commit an act, or the USAO were to

discover a previously undiscovered act committed by defendant

prior to signing this agreement, which act, in the judgment of

the USAO, constituted obstruction of justice within the meaning

of U.S.S.G. § 3C1.1, the USAO would be free to seek the

enhancement set forth in that section.  Defendant and the USAO,

pursuant to the factors set forth in 18 U.S.C. § 3553(a)(1),

(a)(2), (a)(3), (a)(6), and (a)(7), further reserve the right to

argue for a sentence outside the sentencing range established by

the Sentencing Guidelines, except that the USAO agrees not to

argue for a sentence above the low end of the applicable

1 guideline range.

2    15.  There is no agreement as to defendant's criminal

3 history or criminal history category.

4    16.  The stipulations in this agreement do not bind either

5 the United States Probation Office or the Court.  Both defendant

6 and the USAO are free to:

7        (a)  Supplement the facts by supplying relevant

8 information to the United States Probation Office and the Court;

9        (b)  Correct any and all factual misstatements relating

10 to the calculation of the sentence; and

11        (c)  Argue on appeal and collateral review that the

12 Court's Sentencing Guidelines calculations are not error,

13 although each party agrees to maintain its view that the

14 stipulated calculations in paragraph 14 are correct given the

15 facts of this case.

16                    DEFENDANT'S OBLIGATIONS

17    17.  Defendant agrees that he will:

18        (a)  Plead guilty as set forth in this agreement.

19        (b)  Not knowingly and willfully fail to abide by all

20 sentencing stipulations contained in this agreement.

21        (c)  Not knowingly and willfully fail to: (i) appear

22 for all court appearances, (ii) surrender as ordered for service

23 of sentence, (iii) obey all conditions of any bond, and (iv) obey

24 any other ongoing court order in this matter.

25        (d)  Not commit any crime; however, offenses which

26 would be excluded for sentencing purposes under U.S.S.G.

27 § 4A1.2(c) are not within the scope of this agreement.

28        (e)  Not knowingly and willfully fail to be truthful at

7

1  all times with Pretrial Services, the United States Probation

2  Office, and the Court.

3          (f)  Pay the applicable special assessment at or before

4  the time of sentencing.

5          (g)  At the time of sentencing, pay the fine imposed by

6  the Court, up to a maximum of $250,000.  In this regard,

7  defendant agrees that consideration of the factors set forth in

8  18 U.S.C. § 3553(a)(1), (a)(2)(A)-(C), and (a)(3), justifies a

9  fine amount of $250,000.

10      18.  Defendant further agrees to cooperate fully with the

11  USAO, the Internal Revenue Service, the Postal Inspection Service

12  and, as directed by the USAO, with any other federal law

13  enforcement agency.  As used in this agreement, "cooperation"

14  requires defendant to:

15          (a)  Respond truthfully and completely to all questions

16  that may be put to defendant, whether in interviews, before a

17  grand jury, or at any trial or other court proceeding.

18          (b)  Attend all interviews, meetings, grand jury

19  sessions, trials or other proceedings at which defendant's

20  presence is requested by the USAO or compelled by subpoena or

21  court order.

22          (c)  Produce voluntarily all documents, records, or

23  other tangible evidence relating to matters about which the USAO,

24  or its designee, inquires.

25          (d)  Authorize the disclosure and release by any third

26  parties of any and all documents, records, or other tangible

27  evidence relating to his cooperation.

28      19.  Defendant further agrees to forfeit to the United

8

States the amount of $7,750,000 (the "Forfeitable Currency"),
which defendant agrees shall be forfeited through administrative,
judicial criminal or judicial civil forfeiture (at the sole
election of the United States), pursuant to 28 U.S.C. § 2461(c),
18 U.S.C. § 981(a)(1)(C) and/or 18 U.S.C. § 981(a)(1)(A).
Defendant further agrees:

(a)    That the Forfeitable Currency constitutes or is
derived from net proceeds of the conspiracy to obstruct justice
(18 U.S.C. § 1503) and to make material false statement under
oath (18 U.S.C. § 1623) in violation of 18 U.S.C. § 371 described
in count one of the information;

(b)    That said conspiracy resulted in net proceeds in
excess of $7,750,000;

(c)    That at the sole and absolute discretion of the
USAO, the USAO may elect to cause to be entered (i) a money
judgment of forfeiture in the amount of the Forfeitable Currency
and apply the Forfeitable Currency toward satisfaction of the
judgment and/or (ii) a preliminary and final orders of forfeiture
of the Forfeitable Currency at or before sentencing;

(d)    That within 30 days from the date of defendant's
signature herein defendant shall pay the Forfeitable Currency to
the United States by electronic funds transfer.  Said transfer of
the funds shall be made to the Federal Reserve Bank of New York,
33 Liberty Street, New York, New York 10045, pursuant to
instructions to be provided by the USAO.  The government will
hold the funds in the Seized Asset Deposit Funds Account until
the funds are applied to satisfy any money judgment and/or are
forfeited pursuant to any final order of forfeiture described in

9

1  paragraph 19(c) above;

2         (e)  That defendant has clear and sole title to the

3  Forfeitable Currency he promises to deliver to the USAO;

4         (f)  Not to contest the forfeiture of the Forfeitable

5  Currency in any administrative or judicial proceeding;

6         (g)  To abandon, relinquish, and waive, and by

7  executing this agreement defendant hereby does abandon,

8  relinquish and waive any and all rights in the Forfeitable

9  Currency in favor of the United States;

10         (h)  To waive all constitutional and statutory

11  challenges to forfeiture of the Forfeitable Currency on any

12  grounds, including any statutes of limitations and the Excessive

13  Fines Clause;

14         (i)  To take all steps as requested by the USAO that

15  are reasonable to pass to the United States clear title to the

16  Forfeitable Currency, including, without limitation, the

17  execution of a consent decree of forfeiture, the completing of

18  any other legal documents required for the transfer of title to

19  the United States, and causing defendant's spouse to execute a

20  consent to decree of forfeiture, all such documents to be

21  delivered to the United States along with the electronic transfer

22  of funds as described in paragraph 19(d) above;

23         (j)  Not to assist any other person in any effort

24  falsely to contest the forfeiture of the Forfeitable Currency;

25         (k)  That forfeiture of the Forfeitable Currency shall

26  not be counted toward satisfaction of any special assessment,

27  fine, restitution, or any other penalty the Court may impose, nor

28  shall it be counted toward satisfaction of any taxes, penalties,

1  or interest owed to the Internal Revenue Service or any other

2  taxing authority; and

3          (1)  With respect to any forfeiture of the Forfeitable

4  Currency, to waive and relinquish and hereby waive and relinquish

5  the requirements of: (i) Federal Rules of Criminal Procedure 32.2

6  and 43(a) regarding notice of the forfeiture in the charging

7  instrument, announcement of the forfeiture at the sentencing, and

8  incorporation of the forfeiture in the judgment; and (ii) 21

9  U.S.C. § 853(p)(1) regarding due diligence, transfer to third

10 party, placement beyond the jurisdiction of the court,

11 substantial diminution of value and commingling.

12                    THE USAO'S OBLIGATIONS

13     20.  If defendant complies fully with all defendant's

14 obligations under this agreement, the USAO agrees:

15         (a)  To abide by all sentencing stipulations contained

16 in this agreement and to advocate to the Court that the only

17 applicable specific offense characteristics, adjustments, and

18 departures are those set forth in paragraph 14 above and

19 paragraph 20(i) below.

20         (b)  At the time of sentencing to move to dismiss the

21 underlying indictment against defendant only.

22         (c)  At the time of sentencing, provided that defendant

23 demonstrates an acceptance of responsibility for the offense with

24 which he is charged in the information up to and including the

25 time of sentencing, to recommend a three-level reduction in the

26 applicable Sentencing Guidelines offense level, pursuant to

27 U.S.S.G. § 3E1.1.

28         (d)  Not to further prosecute defendant for violations

1 of federal law arising out of: (i) the conduct charged in the

2 first superseding indictment in this case and/or described in

3 Exhibit A hereto; (ii) payments to or for the benefit of

4 stockbrokers and/or non-lawyers for serving as plaintiffs and/or

5 for referring other persons and/or entities to serve as

6 plaintiffs; (iii) requests to courts for reimbursement of fees

7 and costs of a damages expert witness and/or his associated

8 entities based in Princeton, New Jersey (collectively the

9 "Princeton Expert"); (iv) the Princeton Expert's financial

10 relationship with PNC Bank; and (v) election, campaign, or other

11 political contributions.  The non-prosecution provisions of this

12 paragraph are binding on the USAO, the United States Attorney's

13 Offices for each of the other 93 judicial districts of the United

14 States ("the other USAOs"), and the United States Department of

15 Justice ("DOJ").  Defendant understands and agrees that the USAO,

16 the other USAOs, and DOJ are free to prosecute defendant for any

17 other unlawful past conduct not specifically exempted by this

18 agreement or any illegal conduct that occurs after the date of

19 this agreement.

20         (e)  Not to offer as evidence in its case-in-chief in

21 the above-captioned case or in any other prosecution that may be

22 brought against defendant by the USAO, the other USAOs, or DOJ

23 any statements made by defendant or documents, records, or

24 tangible evidence provided by defendant pursuant to defendant's

25 cooperation provided pursuant to this agreement and pursuant to

26 the proffer letter agreement between defendant and the USAO

27 signed by defendant on June 1, 2007 (the "Letter Agreement").

28 Defendant, however, agrees that the USAO, the other USAOs, and

1  DOJ may use such statements, documents, records, and tangible
2  evidence: (1) to obtain and pursue leads to other evidence, which
3  evidence may be used for any purpose, including prosecution of
4  defendant; (2) to cross-examine defendant should defendant
5  testify, or to rebut any evidence, argument or representations
6  made by defendant or a witness called by defendant in any trial,
7  sentencing hearing, or other court proceeding; and (3) in any
8  prosecution of defendant for false statement, obstruction of
9  justice, or perjury.

10          (f)  Not to use any information provided by defendant
11  pursuant to this agreement or the Letter Agreement against
12  defendant at sentencing for the purpose of determining the
13  applicable Sentencing Guideline range, including the
14  appropriateness of an upward departure, and to recommend to the
15  Court that such information not be used in determining the
16  sentence to be imposed.  Defendant understands, however, that
17  information provided by defendant pursuant to this agreement or
18  the Letter Agreement will be disclosed to the Probation Office
19  and the Court, and that the Court may use this information for
20  the purposes set forth in U.S.S.G § 1B1.8(b) and for determining
21  the sentence to be imposed.

22          (g)  Not to pursue any additional civil or criminal
23  forfeiture claims against defendant.

24          (h)  If requested by the defendant or his counsel, to
25  bring to the Court's attention the nature and extent of
26  defendant's cooperation, in connection with his sentencing.

27          (i)  If the USAO determines, in its exclusive judgment,
28  that defendant has both complied with his obligations under

1  paragraphs 17, 18, and 19 above and provided substantial

2  assistance to law enforcement in the prosecution or investigation

3  of another ("substantial assistance"), to move the Court pursuant

4  to U.S.S.G. § 5K1.1 to fix an offense level and corresponding

5  guideline range below that otherwise advised by the Sentencing

6  Guidelines, and to recommend a sentence no greater than the low-

7  end of this reduced range.

8          (j)  To recommend to the Court that a fine of $250,000

9  is reasonable and that no other fine amount should be imposed.

10  <u>DEFENDANT'S UNDERSTANDINGS REGARDING SUBSTANTIAL ASSISTANCE</u>

11     21.  Defendant understands the following:

12          (a)  Any knowingly false or misleading statement by

13  defendant will subject defendant to prosecution for false

14  statement, obstruction of justice, and perjury and will

15  constitute a breach by defendant of this agreement.

16          (b)  Nothing in this agreement requires the USAO or any

17  other prosecuting or law enforcement agency to accept any

18  cooperation or assistance that defendant may offer, or to use it

19  in any particular way.

20          (c)  Defendant cannot withdraw defendant's guilty plea

21  if the USAO does not make a motion pursuant to U.S.S.G. § 5K1.1

22  for a reduced sentence or if the USAO make such a motion and the

23  Court does not grant it or if the Court grants such a motion by

24  the USAO but elects to sentence above the reduced range.

25          (d)  At this time the USAO makes no agreement or

26  representation as to whether any cooperation that defendant has

27  provided or intends to provide constitutes substantial

28  assistance.  The decision whether defendant has provided

1  substantial assistance rests solely within the discretion of the

2  USAO.

3        (e)  The USAO's determination of whether defendant has

4  provided substantial assistance will not depend in any way on

5  whether the government prevails at any trial or court hearing in

6  which defendant testifies.

7                    <u>BREACH OF AGREEMENT</u>

8     22.  If defendant, at any time after the execution of this

9  agreement knowingly and willfully violates or fails to perform

10  any of defendant's obligations under this agreement ("a breach"),

11  the USAO may declare this agreement breached.  For example, if

12  defendant fails to enter a guilty plea pursuant to paragraph

13  17(a) of this agreement, fails to cooperate pursuant to paragraph

14  18 of this agreement, or knowingly and willfully in an interview,

15  before a grand jury, or at trial, falsely accuses another person

16  or entity of criminal conduct or falsely minimizes his own role,

17  or the role of another, in criminal conduct, or fails to pay the

18  Forfeitable Currency pursuant to paragraph 19 of this agreement,

19  he will have breached this agreement.  If the USAO declares the

20  agreement breached at any time between the execution of this

21  agreement and defendant's sentencing on a non-custodial sentence

22  or surrender for service of a custodial sentence, and the Court

23  finds such a breach to have occurred, defendant will not be able

24  to withdraw defendant's guilty plea (if, at the time of the

25  breach, he had previously entered his guilty plea), and the USAO

26  will be relieved of all its obligations under this agreement.  If

27  the USAO declares this agreement breached at any time after

28  defendant's sentencing on a non-custodial sentence or surrender

                                  15

1  for service on a custodial sentence, and the Court finds such a

2  breach to have occurred, the USAO will be relieved of all its

3  then-remaining obligations under this agreement.  In addition, if

4  the USAO declares the agreement breached, and the Court finds

5  such a breach to have occurred, the other USAOs and DOJ will no

6  longer be bound by the non-prosecution provisions of paragraph

7  20(d) above.

8      23.  Following a knowing and willful breach of this

9  agreement by defendant, should the USAO, the other USAOs, or DOJ

10  elect to pursue any charge that was dismissed or that it would

11  have been obligated to dismiss or that was not filed as a result

12  of this agreement, then:

13      (a)  Defendant agrees that any applicable statute of

14  limitations is tolled between the date of defendant's signing of

15  this agreement and the commencement of any such prosecution or

16  action.

17      (b)  Defendant gives up all defenses based on the

18  statute of limitations, any claim of pre-indictment delay, or any

19  speedy trial claim with respect to any such prosecution, except

20  to the extent that such defenses existed as of the date of

21  defendant's signing this agreement.

22      (c)  Defendant agrees that: (i) any statements made by

23  defendant, under oath, at the guilty plea hearing (if there was

24  such a hearing); (ii) the stipulated factual basis statement in

25  this agreement; and (iii) any evidence derived from such

26  statements, are admissible against defendant in any prosecution

27  of defendant by the USAO, the other USAOs, or DOJ, and defendant

28  shall assert no claim under the United States Constitution, any

16

1   statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of

2   the Federal Rules of Criminal Procedure, or any other federal

3   rule, that the statements or evidence derived from any statements

4   should be suppressed or are inadmissible.

5              LIMITED MUTUAL WAIVER OF APPEAL AND COLLATERAL ATTACK

6        24.  Defendant gives up the right to appeal any sentence

7   imposed by the Court and the manner in which the sentence is

8   determined, provided that (a) the sentence is within the

9   statutory maximum specified above and is constitutional, (b) the

10  Court in determining the applicable guideline range does not

11  depart upward in offense level or criminal history category and

12  determines that the total offense level is 18 or below, and

13  (c) the Court imposes a sentence within or below the range

14  corresponding to the determined total offense level and criminal

15  history category.  Defendant also gives up any right to bring a

16  post-conviction collateral attack on the conviction or sentence,

17  except a post-conviction collateral attack based on a claim of

18  ineffective assistance of counsel, a claim of newly discovered

19  evidence, or an explicitly retroactive change in the applicable

20  Sentencing Guidelines, sentencing statutes, or statutes of

21  conviction.  Notwithstanding the foregoing, defendant retains any

22  ability defendant has to appeal the amount or terms of any fine,

23  restitution order, and the conditions of supervised release

24  imposed by the Court, with the exception of the following:

25  conditions set forth in General Orders 318 and 01-05 of this

26  Court; and the drug testing conditions mandated by 18 U.S.C. §§

27  3563(a)(5) and 3583(b)(7); and the alcohol and drug use

28  conditions authorized by 18 U.S.C. § 3563(b)(7).

25.    The USAO gives up its right to appeal the sentence, provided that (a) the Court in determining the applicable guideline range does not depart downward in offense level or criminal history category (except by a downward departure in offense level pursuant to, and to the extent requested by the USAO in a motion under U.S.S.G. § 5K1.1), (b) the Court determines that the total offense level is 18 or above prior to any departure under U.S.S.G. § 5K1.1, and (c) the Court imposes a sentence within or above the range corresponding to the determined offense level (after any downward departure under U.S.S.G. § 5K1.1) and criminal history category.

<u>COURT NOT A PARTY</u>

26.    The Court is not a party to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' stipulations.    Even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from any stipulation, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.    No one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

27.    This agreement applies only to crimes committed by defendant and has no effect on any proceedings against defendant not expressly mentioned herein.

SCOPE OF AGREEMENT

28.  Except as specified in paragraph 20(d) above, which makes the non-prosecution provisions of this agreement binding on the USAO, the other USAOs, and DOJ, this agreement is binding only on defendant and the USAO, does not bind any federal, state, or local agency or prosecuting authority, or any federal, state, or local administrative or regulatory authority.

NO ADDITIONAL AGREEMENTS

29.  Except as set forth herein, there are no promises, understandings or agreements between the USAO and defendant or defendant's counsel.  This agreement supersedes and replaces the Letter Agreement.  Nor may any additional agreement, understanding or condition be entered into unless in a writing signed by all parties or on the record in court.

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

30.  The parties agree and stipulate that this agreement will be considered part of the record of defendant's guilty plea hearing as if this entire agreement had been read into the record of such proceedings.

31.  This agreement is effective upon signature by

///

///

///

///

19

1  defendant, defendant's attorney, and the United States Attorney.

2  AGREED AND ACCEPTED

3  UNITED STATES DEPARTMENT OF JUSTICE:

4

5  _____                    7/9/2007
   GEORGE S. CARDONA                            Date
6  United States Attorney

7  UNITED STATES ATTORNEY'S OFFICE
   FOR THE CENTRAL DISTRICT OF CALIFORNIA:
8

9  _____                    7/9/2007
10 GEORGE S. CARDONA                            Date
   United States Attorney

11

12 _____                    7/9/07
13 DOUGLAS A. AXEL                              Date
   Assistant United States Attorney
14 Deputy Chief, Major Frauds Section

15

16 _____                    7/9/07
   RICHARD E. ROBINSON                          Date
17 Assistant United States Attorney
   Major Frauds Section

18

19 _____                    7/9/07
20 ROBERT J. McGAHAN                            Date
   Assistant United States Attorney
21 Major Frauds Section

22

23       I, DAVID J. BERSHAD, have read this agreement and carefully

24 discussed every part of it with my attorney.  I understand the

25 terms of this agreement, and I voluntarily agree to those terms.

26 My attorney has advised me of my rights, of possible defenses, of

27 the Sentencing Guideline provisions, and of the consequences of

28 ///

                                    20

1   entering into this agreement.  No promises or inducements have

2   been made to me other than those contained in this agreement.  No

3   one has threatened or forced me in any way to enter into this

4   agreement.  Finally, I am satisfied with the representation of my

5   attorney in this matter.

6

7   _____  Date _____
DAVID J. BERSHAD

8   Defendant

9       I am DAVID J. BERSHAD's attorney.  I have carefully

10   discussed every part of this agreement with my client.  Further,

11   I have fully advised my client of his rights, of possible

12   defenses, of the sentencing factors set forth in 18 U.S.C.

13   § 3553(c), including the relevant Sentencing Guidelines

14   provisions, and of the consequences of entering into this

15   agreement.  To my knowledge, my client's decision to enter into

16   this agreement is an informed and voluntary one.

17

18   By: _____  Date _____
CRISTINA C. ARGUEDAS, ESQ.

19   ARGUEDAS CASSMAN & HEADLEY LLP

20   Counsel for Defendant
DAVID J. BERSHAD

21

22

23

24

25

26

27

28

2