UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re OPTIONABLE SECURITIES LITIGATION | : : : : : | Civil Action No. 07 Civ. 3753 (LAK)<br><br>CLASS ACTION |
| This Document Relates To:<br><br>    ALL ACTIONS. | : : : : : | REPLY MEMORANDUM IN FURTHER SUPPORT OF THE MOTION OF DORIS LEE HO FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF SELECTION OF LEAD COUNSEL |

Plaintiff Doris Lee Ho respectfully submits this reply memorandum of law in further support of her Motion for Appointment as Lead Plaintiff and for Approval of her Selection of Lead Counsel, and in response to the opposition memoranda filed by KLD Investment Management, LLC ("KLD"); Monarch Capital Fund Ltd. ("Monarch"); and Ramesh M. Singa ("Singa").

I.   **PRELIMINARY STATEMENT**

Of the eight motions filed before this Court seeking appointment of lead plaintiff, half of the movants appear to no longer be actively pursuing their motions. KLD continues to assert that it has the largest financial interest, Monarch argues that KLD is inadequate because its counsel filed an improper notice seeking to solicit investors and Singa contends that the Court should appoint an institutional investor as co-lead plaintiff together with the individual investor who represents the largest financial interest among the individual investors.

The one shortcoming with Singa's argument seeking lead plaintiff status is that he does not represent the largest financial interest among the individual investors – Doris Lee Ho does. Recognizing this, Singa resorts to an attack on Doris Lee Ho, claiming that her motion should be denied because her choice of counsel in this litigation, the law firm of Lerach Coughlin Stoia Geller Rudman & Robbins LLP ("Lerach Coughlin"), is not qualified to serve as lead counsel. Singa bases his argument upon his counsel's speculation regarding Lerach Coughlin's ability to litigate this action because of the previous affiliation that certain of its members had with the Milberg Weiss firm, a law firm that was indicted in May 2006. As explained more fully herein, the allegations of improper conduct at Milberg Weiss concern circumstances which ***all*** took place prior to the establishment of the law firm Lerach Coughlin and will certainly not limit Lerach Coughlin's ability to effectively prosecute this action.

By contrast, Singa's proposed lead counsel in this action, the law firm of Cohen Milstein Hausfeld & Toll ("Cohen Milstein"), has already demonstrated its inadequacy to serve as counsel in

this case and may have even run afoul of Fed. R. Civ. P. 11 with the filing of its complaint. *See In re Duke Energy Corp. Sec. Litig.*, No. 02 Civ. 3960 (JSR) (S.D.N.Y. Aug. 7, 2002) (*Tr.* at *41-42) (attached hereto as Exhibit A) (stating that counsel that file other firms' complaints are presumptively inadequate under the Private Securities Litigation Reform Act because they "gave no indication whatsoever that they had done the slightest work that one would have expected of a firm that is bound by Rule 11"). Ironically, Singa claims that Lerach Coughlin is inadequate to serve as counsel in this case, yet his counsel expressed no inhibitions about Lerach Coughlin when it plagiarized Lerach Coughlin's complaint and filed a virtual carbon copy of it.

Moreover, based on the timing of the complaint filed by Cohen Milstein and the date of the certification signed by Mr. Singa, it appears that Mr. Singa retained Cohen Milstein in response to Cohen Milstein's press release announcing that it had filed the plagiarized complaint. As such, neither Mr. Singa nor his counsel is adequate to represent the class in this action.

For these reasons, and as set forth in her prior submissions, the Court should appoint Doris Lee Ho as Lead Plaintiff and approve her selection of Lead Counsel. Alternatively, if the Court is inclined to appoint an individual investor as co-lead plaintiff in this action, it is respectfully submitted that the Court appoint Doris Lee Ho, who represents the largest financial interest among all of the individual investors, as co-Lead Plaintiff and approve her selection of the law firm of Lerach Coughlin as co-Lead Counsel.

## II. ARGUMENT

### A. LERACH COUGHLIN IS ADEQUATE TO SERVE AS LEAD COUNSEL IN THIS CASE

Lerach Coughlin is one of the premier securities class action law firms and its attorneys are "probably the most prominent securities class action attorneys in the country." *See In re Enron Corp. Sec. Deriv. & "ERISA" Litig.*, MDL-1446, 2006 U.S. Dist. LEXIS 43146, at *77 (S.D. Tex.

June 5, 2006). Lerach Coughlin is comprised of over 180 attorneys and hundreds of staff members. Attorneys from Lerach Coughlin have a demonstrated track record of excellence in prosecuting securities cases and have been praised for their diligence on behalf of class members by numerous courts. *See* Resume of Lerach Coughlin (previously filed as Exhibit D to the Declaration of Mario Alba Jr. in Support of the Motion of Doris Lee Ho for Appointment as Lead Plaintiff and for Approval of Selection of Lead Counsel, dated July 10, 2007).

With full knowledge of Lerach Coughlin's credentials,[1] Mr. Singa – or more accurately, his counsel – opposes the motion of Doris Lee Ho, claiming that "[s]erious doubts exist as to the Lerach firm's ability to focus its efforts and devote the attention required for the effective litigation of this matter." Memorandum of Law in Further Support of the Motion of Ramesh M. Singa, dated July 27, 2007, at 7. Singa continues by stating that there is an ongoing investigation of William S. Lerach by the U.S. Department of Justice which is connected to the indictment of Milberg Weiss. *Id*.

Singa, however, fails to explain how the investigation of Mr. Lerach (which has been ongoing for several years now) will limit Lerach Coughlin's ability to adequately represent the class in this action. It is worth noting that Lerach Coughlin itself has ***never*** been the subject of the United States Attorney's investigation. In fact, courts, including many in this District, routinely appoint Lerach Coughlin to serve as Lead Counsel. *See Plumbers and Pipefitters Local 51 Pension Fund v. First Bancorp*, No. 05-cv-0937 (S.D.N.Y.); *In re Doral Financial Corp. Sec. Litig.*, No. 1:05md1706 (S.D.N.Y.); *In re Axonyx, Inc. Sec. Litig.*, No. 05-CV-2307 (S.D.N.Y.); *Jaroslawicz v. Astrazeneca*,

---

[1] Cohen Milstein cannot legitimately claim that it is not familiar with Lerach Coughlin's accomplishments. In fact, Cohen Milstein is currently serving as co-Lead Counsel with Lerach Coughlin in *In re Seracare Life Scis., Inc.*, No. 06-00510-LA11 (S.D. Cal.), *In re UICI Sec. Litig.*, No. 3-04-CV-1149-JP (N.D. Tex.) and *In re Verisign Corp. Sec. Litig.*, No. C 02-02270 JW (N.D. Cal.).

No. 05-CV-2688 (S.D.N.Y.); *In re FBR Inc. Sec. Litig.*, No. 05-cv-4617 (S.D.N.Y.) (Friedman Billings Ramsey Group); *In re Renaissancere Holdings Ltd.*, No. 05-cv-06764 (S.D.N.Y.); *Darquea v. Jarden Corp.*, No. 06-cv-0722 (S.D.N.Y.); *Reynolds v. Repsol YPF, S.A.*, No. 1:06-cv-00733 (S.D.N.Y.); *Vanamringe v. Royal Group Techs. Ltd.*, No. 1:06-cv-0822 (S.D.N.Y.); *In re Sears Holdings Corp. Sec. Litig.*, No. 06-cv-04053 (S.D.N.Y.); *In re Warner Chilcott Ltd. Sec. Litig.*, No. 06-cv-11515 (S.D.N.Y.); and *Panther Partners Inc. v. Ikanos Communications, Inc.*, No. 06-cv-12967 (S.D.N.Y.),

Judge Melinda Harmon's decision in the *Enron Corp. Securities Litigation*, to approve and entrust Lerach Coughlin lawyers as sole lead counsel in the largest and most high-profile securities fraud class action in the history of the United States, speaks volumes against the attacks made here:

> The Court is aware of the highly publicized criticism of Bill Lerach, which includes ***thus far unproven allegations*** of solicitation of clients by payment and higher fees. The former is clearly not applicable here. Higher fees can be warranted by superior services, but the fees in this class action must be reasonable in light of the circumstance and in compliance with the PSLRA's policy to preserve the substantial portion of any recovery for the Plaintiffs. Given the magnitude and complexity of this litigation, the geographical and temporal expanse it covers, the number of governmental and private investigations occurring, and the necessary involvement with the bankruptcy proceeding in New York, ***the selection of competent, experienced and committed Lead Counsel has even greater import than in normal securities class actions***. In reviewing the extensive briefing submitted regarding the Lead Plaintiff/Lead Counsel selection, the Court has found that the submissions of [the Pension Fund Group's proposed lead counsel] stand out in the breadth and depth of its research and insight.

*In re Enron Corp., Sec. Litig.,* 206 F.R.D. 427, 458 (S.D. Tex. 2002).[2] Judge Harmon's forethought has proven 100% correct. Since Lerach Coughlin's lawyers were approved as lead counsel in *Enron*,

---

[2] Similarly here, the speculation concerning Mr. Lerach as an individual and the resulting baseless assertions based upon that speculation, are completely irrelevant to whether the ***firm*** of Lerach Coughlin is adequate to represent the class. *See Enron*, 206 F.R.D. at 458; *Sczesny Trust v. KPMG LLP*, 223 F.R.D. 319, 324-25 (S.D.N.Y. 2004) ("conclusory assertions of inadequacy are, however, insufficient to rebut the statutory presumption under the PSLRA without specific support

- 4 -

those lawyers have recovered **billions** of dollars, including over $7 billion in partial settlements on behalf of aggrieved shareholders of Enron investors ***in 2005 alone***.

Lerach Coughlin's ***proven track record*** demonstrates that it is adequate to serve as lead counsel in this case.  Nothing submitted by Singa or Cohen Milstein supports any speculation to the contrary.  Indeed, given Lerach Coughlin's extensive client base, including public pension funds, Taft-Hartley funds and individual investors, it is significant to note that despite these attacks being carelessly flung around by competing lead counsel out of pure frustration at not having clients with the largest financial interest in the cases, ***not one client has fired Lerach Coughlin on the basis of these attacks***.

Tellingly, the only cases cited to by Singa in which courts have been reluctant to appoint a law firm as lead counsel are those that involve the law firm of Milberg Weiss – which itself had been indicted.  None of those cases involve findings against Lerach Coughlin.

In short, like all the previous attacks against Lerach Coughlin, Singa and Cohen Milstein's unabashed attempt to disparage the integrity of Lerach Coughlin through speculation, innuendo, and barefaced falsehoods does nothing to undermine the demonstrated adequacy of Lerach Coughlin to serve as lead counsel in this case.

---

in evidence of the existence of an actual or potential conflict of interest or a defense to which [the presumptively most adequate plaintiff] would be uniquely subject"); *Sofran v. LaBranche & Co.*, 220 F.R.D. 398, 403-04 (S.D.N.Y. 2004) (emphasizing that the PSLRA requires proof of inadequacy and not merely speculations).  Indeed, all of the unproven allegations in the indictment, which does not name Lerach Coughlin or Mr. Lerach, concern circumstances which pre-date 2004, when Lerach Coughlin was established.  Thus, the indictment of Milberg Weiss, or any investigations related to it, has no bearing on the adequacy of Lerach Coughlin.

### B. COHEN MILSTEIN IS INADEQUATE TO REPRESENT THE CLASS IN THIS ACTION

The attack on Doris Lee Ho by Mr. Singa that her counsel is inadequate to serve as lead counsel in this case is especially ironic, given that Mr. Singa's own counsel, the law firm of Cohen Milstein, has relied on, and essentially piggybacked off of, the work done by Doris Lee Ho's counsel, Lerach Coughlin, in this case.

On or about May 24, 2007, Lerach Coughlin filed a complaint against Optionable and its officers on behalf of plaintiff Jonathan Glaubach. Almost a full month later, Cohen Milstein also filed a complaint against Optionable and its officers on behalf of plaintiff Stanley T. Bock, III. ***The Cohen Milstein complaint did not simply copy substantial portions of the Lerach Coughlin complaint – with the exception of changing the names of the plaintiff and the lawyers, it copied the entire complaint.*** *See* Exhibits B and C (attaching copies of complaints filed in *Glaubach v. Optionable, Inc.* and *Bock v. Optionable, Inc.,* respectively). Moreover, after filing the plagiarized complaint, on June 22, 2007, Cohen Milstein issued a press release seeking to be retained by other investors who wished to seek appointment as lead plaintiffs. *See* Exhibit D (attaching copy of the notice published by Cohen Milstein on June 22, 2007.) Mr. Singa appears to have responded to this press release based on his certification submitted in this action, which is dated July 2, 2007. Mr. Singa's retention of Cohen Milstein based on a plagiarized complaint makes him an inadequate lead plaintiff in this case.

When attorneys copy other firms' complaints and then use those complaints to solicit clients, a primary purpose of the PSLRA – to replace lawyer-driven litigation with client-driven litigation – is subverted. Accordingly, when a lead plaintiff proposes as lead counsel attorneys who have not previously filed their own independently drafted complaints, courts have declined to approve their selection without an additional showing of their adequacy. *See Mayo v. Apropos Technology, Inc.*,

No. 01 C 8406, 2002 U.S. Dist. LEXIS 1924 (N.D. Ill. Feb. 6, 2002). Courts in this District have also chastised and disqualified lawyers in other cases who copied other firms' complaints and then adopted them as if they were their own. *See* Exhibit A at *41-42 (stating that counsel who file other firms' complaints are presumptively inadequate under the PSLRA because they "gave no indication whatsoever that they had done the slightest work that one would have expected of a firm that is bound by Rule 11"); *In re Razorfish, Inc. Sec. Litig.*, 143 F. Supp. 2d 304 (S.D.N.Y. 2001) (stating with respect to plagiarized complaints: "One can only wonder whether the edicts of Rule 11, Fed. R. Civ. P., were followed in the investigation and drafting of these copycat complaints").

Fed. R. Civ. P. 23(g)(1)(C)(i) also directs the Court, when deciding the appointment of class counsel, to consider, among other things, "work counsel has done in identifying or investigating potential claims in the action." Here, the only "work" that the Cohen Milstein firm has done in this action is copied the work product of the Lerach Coughlin law firm and then used that "work" to solicit clients to move for lead plaintiff. This "work" does not qualify Cohen Milstein to serve as Lead Counsel in this case and the Court should not reward this conduct.

### III.  CONCLUSION

For all the foregoing reasons, Doris Lee Ho respectfully requests that the Court: (i) appoint her as Lead Plaintiff or co-Lead Plaintiff in the Action; (ii) approve her selection of Lead Counsel as set forth herein; and (iii) grant such other such relief as the Court may deem just and proper.

DATED: August 6, 2007                    LERACH COUGHLIN STOIA GELLER
                                              RUDMAN & ROBBINS LLP


                                          /s/ Samuel H. Rudman
                                          SAMUEL H. RUDMAN

SAMUEL H. RUDMAN (SR-7957)
DAVID A. ROSENFELD (DR-7564)
MARIO ALBA, JR. (MA-7240)
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

[Proposed] Lead Counsel for Plaintiffs

I:\Optionable Inc\LP Motion\LP reply (optionable).doc

**CERTIFICATE OF SERVICE**

  I, Samuel H. Rudman, hereby certify that on August 6, 2007, I caused a true and correct copy of the attached:

  Reply Memorandum In Further Support Of The Motion Of Doris Lee Ho For Appointment As Lead Plaintiff And For Approval Of Selection Of Lead Counsel

to be served: (i) electronically on all counsel registered for electronic service for this case; and (ii) by first-class mail to all additional counsel on the attached service list.

                /s/ *Samuel H. Rudman*
                Samuel H. Rudman

OPTIONABLE
Service List - 7/16/2007    (07-0112)
Page 1 of 3

**Counsel For Defendant(s)**

Peter J. Pizzi
Connell Foley LLP
888 7th Avenue
New York, NY  10106
   973/533-4221
   973/535-9217 (Fax)

Christine S. Poscablo
Kevin James Smith
Thomas B. Kinzler
Kelley Drye & Warren LLP
101 Park Avenue
New York, NY  10178
   212/808-7800
   212/808-7897 (Fax)

Mark S. Gregory
Kelley Drye & Warren LLP
400 Atlantic Street
Stamford, CT  06901
   203/324-1400
   203/327-2669 (Fax)

Lawrence R. Gelber
Law Office of Lawrence R. Gelber
34 Plaza Street East, Suite 1107
Brooklyn, NY  11238
   718/638-2383
   718/857-9339 (Fax)

**Counsel For Plaintiff(s)**

Jack G. Fruchter
Abraham, Fruchter & Twersky
One Pennsylvania Plaza, Suite 2805
New York, NY  10119
   212/279-5050
   212/279-3655 (Fax)

Evan J. Smith
Brodsky & Smith, LLC
240 Mineola Blvd., 1st Floor
Mineola, NY  11501
   516/741-4977
   516/741-0626 (Fax)

Steven J. Toll
S. Douglas Bunch
Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
1100 New York Ave., N.W., Suite 500
Washington, DC  20005-3964
   202/408-4600
   202/408-4699 (Fax)

Catherine A. Torell
Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
150 East 52nd Street, 13th Floor
New York, NY  10022
   212/838-7797
   212/838-7745 (Fax)

OPTIONABLE
Service List - 7/16/2007   (07-0112)
Page 2 of 3

James S. Notis
Gardy & Notis, LLP
440 Sylvan Avenue, Suite 110
Englewood Cliffs, NJ  07632
   201/567-7377
   201/567-7337 (Fax)

Lewis S. Kahn
Kahn Gauthier Swick, LLC
650 Poydras Street, Suite 2150
New Orleans, LA  70130
   504/455-1400
   504/455-1498 (Fax)

Kim E. Miller
Kahn Gauthier Swick, LLC
12 East 41st Street, 12th Floor
New York, NY  10017
   212/696-3730
   504/455-1498 (Fax)

Frederic S. Fox
Donald R. Hall
Jeffrey P. Campisi
Kaplan, Fox & Kilsheimer LLP
850 Third Avenue, 14th Floor
New York, NY  10022
   212/687-1980
   212/687-7714 (Fax)

Samuel H. Rudman
David A. Rosenfeld
Mario Alba, Jr.
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
58 South Service Road, Suite 200
Melville, NY  11747
   631/367-7100
   631/367-1173 (Fax)

Ronen Sarraf
Joseph Gentile
Sarraf Gentile LLP
485 Seventh Avenue, Suite 1005
New York, NY  10018
   212/868-3610
   212/918-7967 (Fax)

Andrew Schatz
Jeffrey S. Nobel
Schatz Nobel Izard, P.C.
One Corporate Center
20 Church Street, Suite 1700
Hartford, CT  06103
   860/493-6292
   860/493-6290 (Fax)

Richard A. Maniskas
Schiffrin Barroway Topaz & Kessler, LLP
280 King of Prussia Road
Radnor, PA  19087
   610/667-7706
   610/667-7056 (Fax)

OPTIONABLE

Service List - 7/16/2007   (07-0112)

Page 3 of 3

| Robert M. Roseman | Marc A. Wites |
| --- | --- |
| Spector, Roseman & Kodroff, P.C. | Wites & Kapetan, P.A. |
| 1818 Market Street, Suite 2500 | 4400 N. Federal Highway |
| Philadelphia, PA  19103 | Lighthouse Point, FL  33064 |
| 215/496-0300 | 954/570-8989 |
| 215/496-6611 (Fax) | 954/354-0205 (Fax) |

Patricia I. Avery
Wolf Popper LLP
845 Third Avenue
New York, NY  10022
   212/759-4600
   212/486-2093 (Fax)