287VDUKC

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

In Re: Duke Energy Corp.
Securities Litigation                    02 Civ. 3960 (JSR)
                                         02 Civ. 4084 (JSR)
------------------------------x          02 Civ. 4340 (JSR)
                                         02 Civ. 4514 (JSR)
                                         02 Civ. 4693 (JSR)
                                         02 Civ. 4916 (JSR)
                                         02 Civ. 4949 (JSR)
                                         02 Civ. 5023 (JSR)
                                         02 Civ. 5055 (JSR)
                                         02 Civ. 5197 (JSR)
                                         02 Civ. 5529 (JSR)
                                         02 Civ. 5711 (JSR)

                                         August 7, 2002
                                         2:00 p.m.
Before:

                    HON. ,

                                         District Judge

                           APPEARANCES

LOVELL & STEWART, L.L.P.
    Attorneys for Plaintiff
Albert Fadem Trust
VICTOR E. STEWART
CHRISTOPHER LOVELL
CHRISTOPHER J. GRAY


MILBERG, WEISS, BERSHAD, HYNES & LERACH, L.L.P.
BY:  STEVEN G. SCHULMAN
     DAVID A. ROSENFELD


     -and-

ENTWISTLE & CAPPUCCI, L.L.P.
BY:  VINCENT R. CAPPUCCI
     STEPHEN D. OESTREICH

     -and-
```

SOUTHERN DISTRICT REPORTERS, P.C.

287VDUKC

1  LAW OFFICES OF BERNARD M. GROSS, P.C.
   BY:  DEBORAH R. GROSS
2       Attorneys for Plaintiff Wickerware, Inc.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

287VDUKC

```
 1   RABIN & PECKEL, L.L.P.
          Attorneys for Plaintiff Finkel
 2   BY:  BRIAN PHILIP MURRAY

 3        ERIC BELFI

 4


 5   WOLF, HALDENSTEIN, ADLER, FREEMAN & HERZ, L.L.P.
          Attorneys for Plaintiff J.B. Pozner Trust
 6   BY:  GREGORY NESPOLE

 7


 8   DICKSTEIN SHAPIRO MORIN & OSHINSKY, L.L.P.
          Attorneys for Defendants
 9   BY:  ADAM ZIFFER

10


11   Also present:

12   STULL, STULL & BRODY
          Attorneys for Penn Security Bank
13   BY:  HOWARD LONGMAN

14

15

16

17

18

19

20

21

22

23

24

25
```

1  papers to be filed?

2        That's our position, your Honor.

3   THE COURT: All right.

4   MR. OESTREICH: Your Honor, may I just --

5   THE COURT:: Well, yes. I want to just point out one thing, which I was going to get to later. There is a different kind of lawyers' problem here that I think bears on the issue, although I want to stress that in my view, the issue is the selection of lead plaintiff and lead lawyer doesn't automatically follow from that, although it usually does. But I made reference in <u>Raiser Dash</u> to my difficulty with the fact that all the complaints in that case were copied verbatim from the Milberg Weiss complaint that was filed in that case raising substantial questions in my mind as to compliance with Rule 11.

        In this case, the initial complaint was filed by Lovell & Stewart. Then came a different complaint filed by Milberg Weiss, not a copy, a separate and independently-drafted complaint. And then there followed many, many complaints from still other counsel and other plaintiffs that do appear to have been taken more or less verbatim. In fact, I'll stress the "more" and forget the "less" from the Milberg Weiss complaint.

        Now, I don't know why I should even consider therefore the application of any other lawyer to be lead counsel. This may not disqualify their clients, but just the lawyers if having been on, in my view, notice of the Court's concern, they

287VDUKC

1   just ground out a copy of someone else's work and gave no
2   indication whatsoever that they had done the slightest work
3   that one would have expected of a firm that is bound by Rule
4   11.
5           So, it is my tentative view, and I raise this because
6   it hasn't been raised in the papers, but only in the Court's
7   prior opinion, my tentative view is that there is only two law
8   firms that can be considered here to represent a lead plaintiff
9   and that's Lovell & Stewart and Milberg Weiss, and I'll hear
10  whatever anyone else wants to say. Yes?
11          MR. OESTREICH: Again, your Honor, Steve Oestreich for
12  Andover Securities with joint application with Milberg Weiss
13  and Cappucci.
14          THE COURT: You're riding with them.
15          MR. OESTREICH: No. I'm not riding with them. We're
16  riding together. It's the same horse, two horses, my client.
17          THE COURT: It's hard for a single rider to ride two
18  horses.
19          MR. OESTREICH: Well, we have two horses, your Honor,
20  and three clients, so we have an abundance of horses.
21          The PSLRA makes it clear that you don't have to file a
22  complaint to make an application.
23          THE COURT: That's right. This goes to the adequacy
24  of counsel, not to the adequacy of the application here.
25          MR. OESTREICH: As far as experienced Courts look for

1    efficiency. Now, to have filed 20 separate complaints could be
2    done, 10 different complaints. What we did is we read
3    Milberg's complaint. We read Lovell & Stewart's complaint. We
4    went over them with our client, whose general counsel is in the
5    courtroom today. We could have filed another complaint. We
6    have a stack of independent research. We found it was
7    necessary to file another complaint in this case, instead of
8    12, make it 14 or 16 complaints in this particular instance.
9           We were satisfied that our client lost a considerable
10   amount of money, almost a million dollars in this case, who
11   came forward and said: We want to be a lead plaintiff in this
12   case, had discussions with Milberg Weiss, the general counsel,
13   and Milberg Weiss and Entwistle and Cappucci. We reviewed the
14   case and decided that it wasn't necessary to file another
15   complaint.
16          We're not riding the same horse. We have separate
17   clients. We decided to prosecute this case together. We had a
18   similar view of the progression of the case.
19          THE COURT: That's what I say you may stand in a
20   different position than some of the other counsel, because you
21   were in --
22          MR. OESTREICH: They filed the complaint, but we had
23   substantial clients.
24          Your Honor, I don't want to let -- well, I'll address
25   this issue again, but I don't let one issue slide that

287VDUKC

1  Mr. Schulman pointed to and I think it's terribly
2  dealing with the certification of Pioneer. It is e..
3  difficult, if not. -- withdraw that.
4      It is mandatory that the certification indicate the
5  amount of losses suffered by the client. It is virtually
6  impossible to determine whether they lost a dollar or $100.
7      THE COURT: Frankly, I think that's a more substantive
8  point than the ones raised by Mr. Schulman, with all due
9  respect to Mr. Schulman, who's an excellent lawyer, but I'm not
10 so sure it's so hard to determine. Why do you say that?
11     MR. OESTREICH: Well, because if I look at one of the
12 papers and since they're not numbered, I only have faxes, if I
13 look at page 6, for example, of the Lovell & Stewart fax, I
14 don't know what page it is in the -- I know one thing, that
15 there's a V and A. I forget which one is the purchase and
16 which is the sale, which says "0" next to it, and then there
17 are A's and V's with "0," why would you put in transactions for
18 0? I mean --
19     THE COURT: Well, see, I note that point doesn't
20 bother me because there may have been an attempted transaction
21 that was for one reason or another the computer would still
22 record it. What is relevant, a line that says "0" does not
23 affect profit does not affect loss.
24     MR. OESTREICH: Except for one thing. Looking at it,
25 this goes -- pardon me, your Honor, being skeptical, when I was