# EXHIBIT D

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/31/07

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x

NARAIN BHOJWANI, individually and
on behalf of all others similarly situated,

        Plaintiff,                            06 Civ. 13761 (CM)(KNF)

   -against-

EVANGELOS J. PISTIOLIS, STAMATIOS N.
TSANTANIS and TOP TANKERS, INC.,

        Defendants.

------------------------------------------------------x

MEMORANDUM DECISION AND ORDER ACCEPTING THE
RECOMMENDATION OF THE HON. KEVIN N. FOX,
U.S.M.J., TO CONSOLIDATE THE TEN ABOVE-CAPTIONED
ACTIONS AND REJECTING THE RECOMMENDATION OF THE
HON. KEVIN N. FOX CONCERNING LEAD PLAINTIFF/LEAD
COUNSEL APPOINTMENTS, AND INSTEAD APPOINTING
JOSEPH A. DESHAYES, JR., AS LEAD PLAINTIFF
IN THE TEN CONSOLIDATED ACTIONS

McMahon, J.:

**Motion for Lead Plaintiff/Lead Counsel**

    These ten actions were recently reassigned to this court from the docket of the late Judge Richard Conway Casey. Judge Casey had previously referred the matter to The Hon. Kevin Nathaniel Fox, U.S.M.J., for a report and recommendation on the eight competing motions for lead plaintiff/lead counsel status in this action brought pursuant to the Private Securities Litigation Reform Act (PSLRA), 15 U.S.C. §78u-4(a)(3)(B). The learned Magistrate Judge issued his report on June 26, 2007. He recommended that (1) the ten actions be consolidated, with all relevant filings maintained as one filed under Docket No. 06 Civ. 13761, together with any other actions, pending or subsequently filed, arising out of or relating to the same facts alleged in the above-captioned actions; and that (2) Jerry Burns be appointed lead plaintiff and Lerach Coughlin Stoia Geller Rudman & Robbins LLP be appointed lead counsel.

    Two objections were timely filed: by putative Lead Plaintiffs Bryant Holdings LLC

1

Shareholder Group and Joseph A. DeShayes, Jr.

    The Court (1) accepts the Report; (2) accepts the recommendation (which is not opposed by any party) to consolidate these ten identical class actions; (3) rejects the recommendation that Jerry Burns and Lerach Coughlin be appointed Lead Plaintiff and Lead Counsel, respectively; (5) overrules the objection of putative Lead Plaintiff Byant Holdings Shareholder Group, and (6) sustains the recommendation of putative Lead Plaintiff Joseph A. DeShayes, Jr. and appoints Joseph A. DeShayes, Jr. as Lead Plaintiff and Schiffrin Barroway Topaz & Kessler, LLP and Labaton Sucharow & Rudoff LLP as Lead and Liaison Counsel, respectively.

    The decision on this motion should have been rendered some months ago. Notice of this class action was filed on December 11, 2006. The various motions for lead plaintiff status were made on or before February 9, 2007, within the 60 day period following publication of the December 11 notice.

    Judge Casey's untimely demise resulted in an administrative logjam for some months, so I can well understand why this motion does not reach my desk until now. Rather than waste still more time writing a lengthy opinion, I adopt Judge Fox's thorough description of the Background set forth at pages 2 through 8 of the Report. I adopt his manifestly correct discussion of the issue of consolidation as the opinion of the Court (Report, pages 8 through 10), and I order these actions consolidated for all purposes. Likewise, I adopt his discussion of the PSLRA standard for appointment of lead plaintiff and lead counsel (Report, page 10).

    I see nothing erroneous in the learned Magistrate Judge's discussion of the leeriness with which courts in this circuit (including this one) approach the issue of aggregating individual investors not associated with each other except through their participation in a securities class action lawsuit into so-called lead plaintiff "groups." In general, courts are – and ought to be – reluctant to aggregate a group comprised of disparate and apparently unrelated plaintiffs (see cases cited at Report, page 11), especially when such an unnatural aggregation would supplant an institutional investor as lead plaintiff. However, when it is appropriate to do so, courts have permitted aggregations of unrelated investors to proceed as lead plaintiffs in litigation governed by the PSLRA; indeed, the statute itself expressly permits a "group of persons" to serve as lead plaintiff. In deciding whether aggregation is appropriate, courts consider factors such as the size of the group, whether the group was formed in bad faith, and the relationship among the members of the group.

    Judge Fox declined to consider appointing any aggregated groups as lead plaintiffs – as the DeShayes objection put it, he adopted a bright-line rule against aggregated group plaintiffs. Were there an instituional investor with significant holdings that was appropriately situated to assume the prosecution of this case, I might well agree with the learned Magistrate; I have so concluded on at least one prior occasion. However, I respectfully disagree with the learned Magistrate Judge's approach in this particular case, where the alternative is not a significant institutional investor.

Allowing for aggregation, the two largest putative lead plaintiffs in terms of financial interest are Bryant Holdings and DeShayes. Their respective losses ($1.1 million for Bryant Holdings and $677,073 for DeShayes) dwarf the losses of any of the other putative lead plaintiffs. In particular, they dwarf the holdings of Jerry Burns, who suffered only $75,967.04 in losses after taking account of dividends paid during the class period. Burns came in sixth out of the eight moving putative lead plaintiffs. He is not the most appropriate lead plaintiff, and I decline to adopt the Magistrate Judge's recommendation that he be so appointed.

The question, then, is which of the two remaining competitors will be named lead plaintiff.

The learned Magistrate Judge refused to aggregate the holdings of Mr. DeShayes and various members of his family and his family's business; he looked only to the losses suffered by Mr. DeShayes personally. This was clear error. The record reveals that Mr. DeShayes made all investment decisions relating to Top Tankers on behalf of all the members of his family, including his son's business, and that he had unrestricted decision-making authority over all of the DeShayes Family Accounts. The Magistrate Judge's finding that Mr. DeShayes offered "no proof" that he was authorized to move for lead plaintiff designation on behalf of his family is clearly erroneous, since the various members of the DeShayes family made it clear, in affidavits filed with the court, that Mr. DeShayes had authority to act on their behalf in this matter. Moreover, those affidavits are highly credible. The members of the DeShayes Family Group are not unrelated parties who came together for the sole purpose of trying to become lead plaintiffs in these lawsuits. They are a man, his wife, his daughter, his son-in-law, and the business owned by his son. The number in the group is small; the relationship among the members is the closest and most natural imaginable; and the nature of the relationship among the group members makes it highly improbable (if not impossible) to conclude that the group was formed in bad faith by an attorney trying to conduct the sort of lawyer-driven litigation that the PSLRA was passed to eliminate.

Finally, the attorneys selected by Mr. DeShayes – the firm of Schiffrin Barroway Topaz & Kessler, LLP – are outstanding in their field and have ample experience as lead counsel, co-lead counsel and executive committee member counsel in numerous complex securities fraud cases. Proposed liaison counsel, Labaton Sucharow & Rudoff LLP, are equally experienced and well known to this court.

I thus conclude that Joseph A. DeShayes, Jr., would make an appropriate lead plaintiff and that his counsel would serve well as lead counsel. The only question, then, is whether the DeShayes Family Group has managed to rebut the presumption that the Bryant Holdings Group – whose projected losses as submitted to the court are one third again as great as the DeShayes Family Group's losses – is the most suitable plaintiff. I conclude that it has.

Bryant Holdings is a two-member group. Although named for Bryant Holdings LLC, a limited liability corporation with two principals, it is the other member of the group – Fred Cole

– who suffered the lion's share of the losses. Indeed, of all the individuals and entities who associated themselves with these motions, Mr. Cole suffered the largest individual loss – more than $1 million – and easily could have moved for lead plaintiff status on his own, without joining any group. But Mr. Cole did not timely (i.e., by February 9, 2007) move for lead plaintiff status on his own. My review of the record reveals that he first indicated his willingness to serve as sole lead plaintiff in an affidavit signed on February 23 and filed with this court on March 2. Prior to that time, he only expressed an interest in moving for lead plaintiff status in conjunction with Bryant Holdings LLC.

It does not appear from the motion papers that Mr. Cole has any relationship with Bryant Holdings LLC independent of this lawsuit and lead plaintiff application. Indeed, from the repetition of the mantra that Bryant Holdings Group is a "small, cohesive, manageable two member group," which appears throughout the Bryant Holdings Group's moving papers, I gather that Mr. Cole is not the second member (besides Mr. Bryant) of Bryant Holdings LLC, and that he (unlike the members of the DeShayes family) has no prior association with Mr. Bryant's business. None of the papers submitted by the Bryant Holdings Group explains how these two disparate entities agreed to work together to prosecute this lawsuit; for all this court knows, Bryant Holdings and Mr. Cole never encountered each other prior to the formation of their litigation "partnership."

I accept Mr. Cole's representation that he has never been involved in any criminal case and that he is not any of the various persons of the same name with criminal pasts who are alluded to in the affidavits of other putative lead plaintiffs. However, in view of the fact that Mr. Cole would appear to be a practically perfect lead plaintiff, the insignificance of what Bryant Group brings to the table in terms of holdings, and the paucity of information about how and why they came together, I am left with the firm conviction that the Bryant Holdings Group is a "lawyer driven" plaintiff engineered for the sole purpose of maintaining this lawsuit and attaining lead plaintiff status therein.

Both DeShayes and Defendants have raised significant questions about the data submitted to prove the holdings of Mr. Cole. Initially, the Bryant Holdings Group claimed losses in excess of $1.123 million. As Magistrate Judge Fox observed, a "corrected" motion was quickly filed, to account for certain "wash" sales, altering the loss realized by the group to $1.2 million.[1] Mr. Cole provided back up statements from his broker (Fidelity) for six of his eight accounts. In reply papers responding to attacks on the validity of his data by Defendants and DeShayes, he included what was described as "corroborative backup data" for the Fidelity statements. In a surreply brief, Mr.

---

[1] Because this arithmetic correction was made to account for certain "wash sales" that were not correctly accounted for in the initial motion (and was made on the next business day following the submission of the original motion), and not to add additional transactions, I do not view this as falling within the rule of In re Specialists Sec. Litig., 240 F.R.D. 128, 138 (S.D.N.Y. 2007), and I deem the corrected papers to be the motion papers filed on behalf of Bryant Holdings Group. I therefore do not join in footnote 2 of Magistrate Judge Fox's Report.

4

DeShayes identified additional discrepancies, this time between the data derived from the Fidelity statements and the "corroborative backup data." The amount of these discrepancies, while not de minimis, is small relative to Mr. Cole's total holdings. If I eliminated all of the allegedly discrepant transactions, Mr. Cole would still have the largest paper loss of any of the named plaintiffs. However, the fact that the data still do not quite add up indicates a certain carelessness about detail that undermines the adequacy of Mr. Cole (and his associated group) as a lead plaintiff.

Finally, the court questions the adequacy of the Fox Gauthier Law Firm to serve as lead counsel, in view of what appear to be, at best, inflated statements about the firm's role in the In re Merck, Inc. Securities, Derivative and ERISA Litigation, MDL Docket No. 1658 (D.N.J.), and about the allegedly "instrumental" role of Kahn Gauthier partner Michael A. Swick (a former associate in the Milberg Weiss Firm) in the In re Oxford Health Plans, Inc., Securities Ligitation, MDL Docket No. 1222 (CLB)(S.D.N.Y.).

In short, after careful consideration, I find that Joseph DeShayes is best suited to serve as lead plaintiff in this action, and that his designated counsel – Schiffrin Barroway Topaz & Kessler, LLP and Labaton Sucharow & Rudoff LLP – are best suited to serve as lead counsel and liaison counsel, respectively. I so appoint them.

The consolidated cases should go forward under the heading "In re Top Tankers, Inc. Securities Litigation," using the lowest docket number (06 Civ. 13761).

**Scheduling Order**

Rather than have counsel stipulate to a leisurely schedule leading up to class certification briefing, let me impose one more to my liking. If an amended complaint is to be filed, it must be filed no later than August 17, 2007. Any motion to dismiss addressed to whatever complaint is operative must be filed by September 20 (a date longer than I would have given but for the occurrence of Rosh Hashanah during the week of September 10). Responses to the motion to dismiss are due October 12, and the reply October 19. Mr. DeShayes must be deposed on issues relevant to his ability to serve as an adequate class representative prior to November 9, 2007. THESE DATES WILL NOT BE EXTENDED FOR ANY REASON.

In briefing any Telltabs issues on the motion to dismiss, defendants are reminded that they must suggest competing inferences that might be drawn from the facts pleaded in the complaint (assuming them to be true) and explain why those inferences are at least as compelling as the inferences plaintiff proffers.

5

Dated: July 30, 2007

_____
U.S.D.J.

BY HAND TO MAGISTRATE JUDGE K.N. FOX