# EXHIBIT C

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NARAIN BHOJWANI, Individually and on Behalf of All Others Similarly Situated, | x<br>:<br>:<br>: |
| Plaintiff, | :    Case No. 1:06-CV-13761 (RCC)<br>: |
| vs. | :<br>: |
| EVANGELOS J. PISTIOLIS, STAMATIOS N. TSANTANIS and TOP TANKERS, INC., | :<br>:<br>: |
| Defendants. | :<br>: |
| EVELYN CARTER, Individually and on Behalf of All Others Similarly Situated, | :<br>:<br>: |
| Plaintiff, | :    Case No. 1:06-CV-14323 (RCC)<br>: |
| vs. | :<br>: |
| TOP TANKERS, INC., EVANGELOS J. PISTIOLIS and STAMATIOS N. TSANTANIS, | :<br>:<br>: |
| Defendants. | :<br>: |

**[Caption continues on next page]**

## NOTICE OF MOTION OF THE TOP TANKERS INVESTORS GROUP FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL

| | |
|---|---|
| STEVEN I. LIPSHUTZ, Individually and on Behalf of All Others Similarly Situated, | : |
| | : |
| Plaintiff, | : Case No. 1:06-CV-15201 (RCC) |
| | : |
| vs. | : |
| | : |
| TOP TANKERS, INC., EVANGELOS J. PISTIOLIS and STAMATIOS N. TSANTANIS, | : |
| | : |
| Defendants. | : |

| | |
|---|---|
| JOHN E. DRURY, OBAID AHMAD and RICHARD WELLER, Individually and on Behalf of All Others Similarly Situated, | : |
| | : |
| Plaintiffs, | : Case No. 1:06-CV-15268 (RCC) |
| | : |
| vs. | : |
| | : |
| TOP TANKERS, INC., EVANGELOS J. PISTIOLIS and STAMATIOS N. TSANTANIS, | : |
| | : |
| Defendants. | : |

| | |
|---|---|
| WAHID ABOUELHIGA, on Behalf of Himself and All Others Similarly Situated, | : |
| | : |
| Plaintiff, | : Case No. 1:06-CV-15294 (RCC) |
| | : |
| vs. | : |
| | : |
| TOP TANKERS, INC., EVANGELOS J. PISTIOLIS and STAMATIOS N. TSANTANIS, | : |
| | : |
| Defendants. | : |

**[Caption continues on next page]**

RALPH H. STAUNTON, on Behalf of Himself
and All Others Similarly Situated,

                         Plaintiff,

        vs.

EVANGELOS J. PISTIOLIS, STAMATIOS N.
TSANTANIS and TOP TANKERS, INC.,

                      Defendants.

Case No. 1:06-CV-15519 (RCC)

---

WAIFONG LEE, Individually and on Behalf of
All Others Similarly Situated,

                         Plaintiff,

        vs.

TOP TANKERS, INC., EVANGELOS J.
PISTIOLIS and STAMATIOS N. TSANTANIS,

                      Defendants.

Case No. 1:07-CV-00021 (RCC)

---

STUART BASS, Individually and on Behalf of All
Others Similarly Situated,

                         Plaintiff,

        vs.

EVANGELOS J. PISTIOLIS, STAMATIOS N.
TSANTANIS and TOP TANKERS, INC.,

                      Defendants.

Case No. 1:07-CV-00347 (RCC)

**[Caption continues on next page]**

—————————————————— :

EDWARD FRITSCHE, Individually and on          :
Behalf of All Others Similarly Situated,      :
                                              :
                                              :   Case No. 1:07-CV-00573 (UA)
                          Plaintiff,          :
                                              :
              vs.                             :
                                              :
TOP TANKERS, INC., EVANGELOS J.               :
PISTIOLIS and STAMATIOS N. TSANTANIS,         :
                                              :
                          Defendants.         :
—————————————————— :

HERTA BENESCH and JOHN BENESCH,               :
Individually and on Behalf of All Others Similarly :
Situated,                                     :
                                              :   Case No. 1:07-CV-00726 (UA)
                          Plaintiffs,         :
                                              :
              vs.                             :
                                              :
EVANGELOS J. PISTIOLIS, STAMATIOS N.          :
TSANTANIS and TOP TANKERS, INC.,              :
                                              :
                          Defendants.         :
—————————————————— x

PLEASE TAKE NOTICE that Class members Stephen F. Davis, Robert C. Maison, Bernard Sampson, and George Theophanous and Ourania Theophanous (collectively, the "TOP Tankers Investors Group" or "Movant"), by their counsel, will hereby move this Court on a date and at such time as may be designated by the Court, at 500 Pearl Street, New York, New York for an Order (filed herewith): (i) consolidating the above-captioned actions; (ii) appointing the TOP Tankers Investors Group as Lead Plaintiff; (iii) approving the TOP Tankers Investors Group's selection of Gardy & Notis, LLP and Milberg Weiss & Bershad LLP to serve as Lead Counsel; and (iv) granting such other and further relief as the Court may deem just and proper. In support of this Motion, Movant submits herewith a Memorandum of Law, [Proposed] Order and the Declaration of Lori G. Feldman dated February 9, 2007.

DATED: February 9, 2007

Respectfully submitted,

**MILBERG WEISS & BERSHAD LLP**

By: ____/s/ Lori G. Feldman_____
Lori G. Feldman (LF-3478)
Sharon M. Lee (SL-5612)
One Pennsylvania Plaza - 49th Floor
New York, NY  10119
Telephone: (212) 594-5300
Facsimile:  (212) 868-1229

**GARDY & NOTIS, LLP**
Mark C. Gardy (MG-0338)
James S. Notis (JN-4189)
440 Sylvan Avenue, Suite 110
Englewood Cliffs, NJ  07632
Telephone:  (201) 567-7377
Facsimile:  (201) 567-7337

**Proposed Lead Counsel**

## CERTIFICATE OF SERVICE

I, Lori G. Feldman, a partner with the law firm Milberg Weiss & Bershad LLP, hereby

certify that I caused a true and correct copy of the following documents to be served by regular

U.S. Mail to all parties listed on the attached service list on this 9th day of February 2007:

1. NOTICE OF MOTION OF THE TOP TANKERS INVESTORS GROUP FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL;

2. [PROPOSED] ORDER CONSOLIDATING ACTIONS, APPOINTING LEAD PLAINTIFF AND APPROVING LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL;

3. MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE TOP TANKERS INVESTORS GROUP FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL; and

4. DECLARATION OF LORI G. FELDMAN IN SUPPORT OF THE MOTION OF THE TOP TANKERS INVESTORS GROUP FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL.


_____/s/ Lori G. Feldman_____
Lori G. Feldman

## TOP TANKERS SERVICE LIST

### *Counsel for Plaintiffs*:

Nadeem Faruqi
Antonio Vozzolo
Farqui & Faruqi, LLP
320 East 39th Street
New York, NY  10016
Telephone:  212-983-9330
Facsimile:  212-983-9331

Lewis Stephen Kahn
Kahn Gauthier Swick, LLC
650 Poydras Street, Suite 2150
New Orleans, LA  70130
Telephone:  504-455-1400
Facsimile:  504-455-1498

Evan J. Smith
Brodsky & Smith, LLC
240 Mineola Blvd.
Mineola, NY 11501
Telephone:  516-741-4977
Facsimile:  516-741-0626

Ira M. Press
Kirby, McInerney & Squire, LLP
830 Third Avenue, 10th Floor
New York, NY  10022
Telephone:  212-371-6600
Facsimile:  212-751-2540

Samuel Howard Rudman
David Avi Rosenfeld
Lerach Coughlin Stoia Geller
  Rudman & Robbins LLP
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631-367-7100
Facsimile:  631-367-1173

Michael Andrew Swick
Kim Elaine Miller
Kahn Gauthier Swick, LLC
114 East 39th Street
New York, NY  10016
Telephone:  212-920-4310
Facsimile:  504-455-1498

Mark C. Gardy
Gardy & Notis, LLP
440 Sylvan Avenue, Suite 110
Englewood Cliffs, NJ  07632
Telephone:  201-567-7377
Facsimile:  201-567-7337

Howard G. Smith
Law Office of Howard G. Smith
3070 Bristol Pike, Suite 112
Bensalem, PA  19020
Telephone:  215-638-4847
Facsimile:  215-638-4867

Lionel Z. Glancy
Michael Goldberg
Glancy Binkow & Goldberg LLP
1801 Avenue of the Stars, Suite 311
Los Angeles, CA  90067
Telephone:  310-201-9150
Facsimile:  310-201-9160

Gregory M. Nespole
Wolf, Haldenstein, Adler,
  Freeman & Herz, L.L.P.
270 Madison Avenue
New York, NY  10016
Telephone:  212-545-4600
Facsimile:  212-545-4758

Beth Ann Kaswan
Scott + Scott, LLP
75 Rockefeller Center, 19th Floor
New York, NY  10019
Telephone:  212-710-1040
Facsimile:  212-710-1041

Alan Ian Ellman
Andrei V. Rado
Christopher J. Keller
Labaton Sucharow & Rudoff LLP
100 Park Avenue
New York, NY  10017
Telephone:  212-907-0700
Facsimile:  212-818-0477

Marc A. Topaz
Richard A. Maniskas
Alison K. Clark
Schiffrin & Barroway, LLP
280 King of Prussia Road
Radnor, PA  19087
Telephone:  610-667-7706
Facsimile:  610-667-7056

Guri Ademi
Ademi & O'Reilly, LLP
3620 East Layton Avenue
Cudahy, WI  53110
Telephone:  414-482-8000
Facsimile:  414-482-8001

David R. Scott
Scott + Scott, LLP
108 Norwich Avenue
P.O. Box 192
Colchester, CT  06415
Telephone:  860-537-5537
Facsimile:  860-537-4432

Catherine A. Torell
Cohen, Milstein, Hausfeld & Toll, P.L.L.C
150 East 52nd Street, 30th Floor
New York, NY  10022
Telephone:  212-838-7797
Facsimile:  212-838-7745

Curtis V. Trinko
Jeffery B. Silverstein
Wai Kin Chan
Law Offices of Curtis V. Trinko, LLP
16 West 46th Street, 7th Floor
New York, NY  10036
Telephone:  212-490-9550
Facsimile:  212-986-0158

William S. Lerach
Darren J. Robbins
Lerach Coughlin Stoia Geller
  Rudman & Robbins LLP
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619-231-1058
Facsimile:  619-231-7423

Marc S. Henzel
Law Offices of Marc S. Henzel
273 Montgomery Avnenue, Suite 202
Bala Cynwyd, PA  19004
Telephone:  610-660-8000
Facsimile:  610-660-8080

Steven J. Toll
Daniel S. Sommers
Joshua S. Devore
Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
1100 New York Avenue, N.W.
Suite 500 West Tower
Washington, D.C.  20005
Telephone:  202-408-4600
Facsimile:  202-408-4699

Donald J. Enright
Elizabeth K. Tripodi
Finkelstein Thompson LLP
1050 30th Street N.W.
Washington, D.C.  20007
Telephone:  202-337-8000
Facsimile:   202-337-8090


***Counsel for Defendants:***

Top Tankers Inc.
Stamatios N. Tsantanis
Evangelos J. Pistiolis
1 Vassilissis Sofias Meg. Alexandrou Str.
151 24 Maroussi
Greece
Telephone:  + 30 210 6978000

# EXHIBIT D

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

---

ANTHONY CAIAFA, Individually And
On Behalf of All Others Similarly Situated,

Plaintiff,

vs.

HORNBECK OFFSHORE SERVICES, INC.
and TODD M. HORNBECK,

Defendants.

**NO. 07-00408**
**SECTION: M**
**MAGISTRATE: 5**

**JUDGE PETER BEER**

**MAGISTRATE ALMA L.
CHASEZ**

**THIS DOCUMENT RELATES
TO:**
**ALL CASES**

---

### MOTION OF OAKMONT CAPITAL MANAGEMENT, LLC FOR
### CONSOLIDATION OF ALL RELATED CASES, APPOINTMENT
### AS LEAD PLAINTIFF AND APPROVAL OF ITS SELECTION OF COUNSEL

TO:    ALL PARTIES AND THEIR COUNSEL OF RECORD

Oakmont Capital Management, LLC (or "Movant"), by its counsel, hereby moves this

Court for an Order: (i) consolidating the above-captioned actions; (ii) appointing Oakmont

Capital Management, LLC as Lead Plaintiff pursuant to the Private Securities Litigation Reform

Act of 1995 (the "PSLRA"); and (iii) approving Oakmont Capital Management, LLC's selection

of Kahn Gauthier Swick, LLC and Gardy & Notis, LLP as Lead Counsel of the action, pursuant

to the PSLRA.  In support of this Motion, Movants submit herewith a Memorandum of Law, a

Declaration, and a [Proposed] Order.

DATED:  March 19, 2007                    Respectfully submitted,

                                          **KAHN GAUTHIER SWICK, LLC**


                                          By:/s/ Kevin L. Oufnac_____
                                          Lewis S. Kahn (# 23805)
                                          Kevin L. Oufnac (# 23887)
                                          George S. Mentz (# 24847)
                                          650 Poydras Street - Suite 2150
                                          New Orleans, LA  70130
                                          Telephone: (504) 455-1400
                                          Facsimile:  (504) 455-1498

                                          **GARDY & NOTIS, LLP**
                                          Mark C. Gardy
                                          James S. Notis
                                          440 Sylvan Avenue, Suite 110
                                          Englewood Cliffs, New Jersey 07632
                                          Telephone: (201) 567-7377
                                          Facsimile: (201) 567-7337


                                          *Attorneys for Oakmont Capital Management, LLC*
                                          *and Proposed Lead Counsel for the Class*


## CERTIFICATE OF SERVICE

        I HEREBY CERTIFY that on March 19, 2007, I electronically filed the foregoing with
the Clerk of Court using the CM/ECF system which will send notification of such filing to the
email addresses listed for email notification, and I hereby certify that I have mailed the foregoing
documents or paper via the US Postal Service to the non-CM/ECF participants in this matter.
.

                                          s/Kevin L. Oufnac_____
                                          KEVIN L. OUFNAC

# EXHIBIT E

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANTHONY CAIAFA, *individually and on behalf of all others similarly situated*,<br><br>        Plaintiff,<br><br>   vs.<br><br>HORNBECK OFFSHORE SERVICES, INC., TODD M. HORNBECK and JAMES O. HARP, JR.,<br><br>        Defendants. | Civil Action No. 2:07-CV-00408-PB |
| THOMAS SCHEDLER, *individually and on behalf of all others similarly situated*,<br><br>        Plaintiff,<br><br>   vs.<br><br>HORNBECK OFFSHORE SERVICES, INC., TODD M. HORNBECK and JAMES O. HARP, JR.,<br><br>        Defendants. | Civil Action No. 2:07-CV-00478-LMA |

[Captions continued on next page]

720901.1

| | |
|---|---|
| MICHAEL D. FONTENELLE, *individually and on behalf of all others similarly situated*, | |
| Plaintiff, | Civil Action No. 2:07-CV-00514-PB |
| vs. | |
| HORNBECK OFFSHORE SERVICES, INC., TODD M. HORNBECK and JAMES O. HARP, JR., | |
| Defendants. | |
| OAKMONT CAPITAL MANAGEMENT, LLC, *individually and on behalf of all others similarly situated*, | |
| Plaintiff, | Civil Action No. 2:07-CV-00653-PB |
| vs. | |
| HORNBECK OFFSHORE SERVICES, INC., TODD M. HORNBECK and JAMES O. HARP, JR., | |
| Defendants. | |

720901.1

WHEREAS, four related class action complaints, *Caiafa v. Hornbeck Offshore Services, Inc., et al.*, No. 2:07-CV-00408-PB (filed Jan. 18, 2007), *Schedler v. Hornbeck Offshore Services, Inc., et al.*, No. 2:07-CV-00478-LMA (filed Jan. 24, 2007), *Fontenelle v. Hornbeck Offshore Services, Inc., et al.*, No. 2:07-CV-00514-PB (filed Jan. 26, 2007) and *Oakmont Capital Management, LLC v. Hornbeck Offshore Services, Inc., et al.*, No. 2:07-CV-00653-PB (filed Feb. 8, 2007)  (the "Actions") have been filed with the Court against defendants Hornbeck Offshore Services, Inc. ("Hornbeck"), Todd M. Hornbeck and James O. Harp, Jr.(collectively "Defendants"), alleging violations of federal securities laws;

WHEREAS, on January 18, 2007, less than 20 days after filing the first of the related complaints, counsel for plaintiff Anthony Caiafa caused to be published a notice pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), on *PrimeNewswire* "a widely circulated national business-oriented wire service" advising members of the purported class of, *inter alia*, (1) the pendency of the action, (2) the claims asserted therein, (3) the purported class period, and (4) that, not later than 60 days after the date on which the notice was published, any member of the purported class had the right to move the Court to serve as lead plaintiff of the Class;

WHEREAS, on March 19, 2007, Sol and Pauline Sonboleh, who claim losses of $9,746, made a motion seeking consolidation of the above-captioned actions, appointment as Lead Plaintiff and approval of their selection of the law firm of Schiffrin Barroway Topaz & Kessler, LLP as Lead Counsel and the Law Offices of Eric J. O'Bell, LLC as Liaison Counsel;

WHEREAS, on March 19, 2007, Oakmont Capital Management, LLC ("Oakmont"), which claims losses of $5,226, made a motion seeking consolidation of the above-captioned actions, appointment as Lead Plaintiff and approval of its selection of the law firms of Gardy & Notis, LLP and Kahn Gauthier Swick, LLC as Lead Counsel;

WHEREAS, on March 19, 2007, Gordon K. Philips and Jorge G. Zamora ("Philips and Zamora"), who claim losses of $2,768 and $1,517, respectively, made a motion seeking consolidation of the above-captioned actions, appointment as Lead Plaintiff and approval of their selection of the law firm of Paskowitz & Associates as Lead Counsel and Simon, Peragine, Smith & Redfearn, L.L.P. as Liaison Counsel;

WHEREAS, on April 11, 2007, Sol and Pauline Sonboleh and Oakmont filed additional briefs in further support of their motions for appointment as Lead Plaintiff, approval of their selections of Lead Counsel and Liaison Counsel and in opposition to all other competing Movants;

WHEREAS, on April 23, 2007, Sol and Pauline Sonboleh filed an additional brief in response to the April 11, 2007 brief filed by Oakmont;

WHEREAS, on April 27, 2007, Oakmont filed an additional brief in response to the April 23, 2007 brief filed by Sol and Pauline Sonboleh;

WHEREAS, Rule 42(a) of the Federal Rules of Civil Procedure provides that a court may order all actions consolidated if they involve "common issues of law or fact." Fed. R. Civ. P. 42(a). The related actions involve common legal and factual issues and name defendants in common; thus, efficiency and consistency will result from their consolidation. *See* Fed. R. Civ. P. 42(a);

WHEREAS, 15 U.S.C. §78u-4(a)(3)(B) provides, *inter alia,* that as soon as practicable after the decision on consolidation is rendered, the court shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions;

WHEREAS, Sol and Pauline Sonboleh and Oakmont – the only movants who filed additional briefs in further support of their motions – have reviewed the competing motions and

arguments raised and believe it is in the best interests of the Class for Sol and Pauline Sonboleh

and Oakmont, to jointly litigate this actions as Co-Lead Plaintiffs and for their choice of counsel,

the law firms of Schiffrin Barroway Topaz & Kessler, LLP and Gardy Notis, LLP to serve as

Co-Lead Counsel and the law firms of the Law Offices of Eric J. O'Bell, LLC and Kahn

Gauthier Swick, LLC to serve as Co-Liaison Counsel;

WHEREAS, Sol and Pauline Sonboleh and Oakmont have the largest financial interest in

this action and together satisfy the typicality and adequacy requirements of Fed. R. Civ. P. 23.

*See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I);

WHEREAS, Philips and Zamora do not oppose the appointment of Lead Plaintiff and

Lead Counsel;

WHEREAS, Defendants take no position on the appointment of Lead Plaintiff and Lead

Counsel;

IT IS HEREBY STIPULATED and AGREED, by and between the attorneys for the

undersigned parties to this action and subject to the Court's approval, as follows:

**Consolidation**

1.      The Actions are hereby consolidated for all purposes pursuant to Rule 42(a) of the

Federal Rules of Civil Procedure and shall be referred to herein as the "Consolidated Action."

2.      The caption of the Consolidated Action shall be "*In re Hornbeck Securities

Litigation,* No. 2:07-CV-00408-PB." Any other action now pending or hereafter filed in this

District as a class action on behalf of purchasers and other acquirers of the securities of

Hornbeck which arises out of the same facts as alleged in the Consolidated Action, shall be

consolidated for all purposes as soon as it is brought to the Court's attention;

**Lead Plaintiff and Lead Counsel**

1.      Sol and Pauline Sonboleh and Oakmont are hereby appointed Co-Lead Plaintiffs for the Class and their choice of counsel, the law firms of Schiffrin Barroway Topaz & Kessler, LLP, and Gardy & Notis, LLP are approved as Co-Lead Counsel and the law firms of the Law Offices of Eric J. O'Bell, LLC and Kahn Gauthier Swick, LLC are approved as Co-Liaison Counsel;

**Schedule**

1.      Lead Plaintiffs shall have sixty (60) days from the entry of this Order to file their Consolidated Amended Complaint;

2.      Defendants shall have forty-five (45) days from the filing of the Consolidated Amended Complaint to file a Motion to Dismiss;

3.      Lead Plaintiffs shall have thirty (30) days from the filing of Defendants' Motion to Dismiss to file an Opposition; and

4.      Defendants shall have twenty (20) days from the filing of Lead Plaintiffs' Opposition to file a Reply.


Dated:  May 1, 2007

                    **THE LAW OFFICES OF ERIC J. O'BELL, LLC**

                    Eric J. O'Bell (LA Bar # 26693)
                    3500 North Hullen Street
                    Metairie, LA 70002
                    Telephone:    (504) 456-8677
                    Facsimile:     (504) 456-8624

                    *Proposed Co-Liaison Counsel*

720901.1

**SCHIFFRIN BARROWAY**
**TOPAZ & KESSLER, LLP**
Stuart L. Berman
Sean M. Handler
Nicolette Tropiano
280 King of Prussia Road
Radnor, PA 19087
Telephone:     (610) 667-7056
Facsimile:     (610) 667-7706

*Proposed Co-Lead Counsel*

**KAHN GAUTHIER SWICK, LLC**

Lewis S. Kahn (LA Bar # 23805)
Kevin L. Oufnac (LA Bar # 23887)
George S. Mentz (LA Bar # 24847)
650 Poydras Street – Suite 2150
New Orleans, LA 70130
Telephone:     (504) 455-1400
Facsimile:     (504) 455-1498

*Proposed Co-Liaison Counsel*

**GARDY & NOTIS, LLP**
Mark C. Gardy
James S. Notis
440 Sylvan Avenue, Suite 110
Englewood Cliffs, NJ 07632
Telephone:     (201) 567-7377
Facsimile:     (201) 567-7337

*Proposed Co-Lead Counsel*

**AKIN GUMP STRAUSS**
**HAUER & FELD LLP**

Paul R. Bessette (pbessette@akingump.com)
Texas State Bar No. 02263050
Michael J. Biles (mbiles@akingump.com)

720901.1

Texas State Bar No. 24008578
Kimberly G. Davis (kdavis@akingump.com)
Texas State Bar No. 24036627
Laura Moriaty (lmoriaty@akingump.com)
Texas State Bar No. 24046478
300 W. Sixth Street
Austin, TX 78701
Telephone:    (512) 499-6250
Facsimile:    (512) 499-6290

**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC**
Roy C. Cheatwood (Bar No. 04010)
rcheatwood@bakerdonelson.com
Kent A. Lambert (Bar No. 22458)
klambert@bakerdonelson.com
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000

*Counsel for Defendants*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ANTHONY CAIAFA, ET AL.                        CIVIL ACTION

VERSUS                                        NO: 07-408
                                              REF. ALL CASES

HORNBECK OFFSHORE SERVICES,                   SECTION: "J" (5)
INC., ET AL.

**ORDER**

**IT IS ORDERED** that the Stipulation (Doc. 29) filed by the

parties in the above-captioned matter is hereby **ADOPTED** as an

order of the Court;

**IT IS FURTHER ORDERED** that Record Documents 5, 6, 8, 20, and

27 are **DISMISSED** as moot.

New Orleans, Louisiana this the  8th day of May, 2007.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

# EXHIBIT F

EFiled: Jan 25 2007 5:37PM EST
Transaction ID 13594785

IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

```
-------------------------------------------------------x
IN RE: ARAMARK CORPORATION        :        Consolidated
SHAREHOLDERS LITIGATION           :        C. A. No. 2117-N
-------------------------------------------------------x
```

### STIPULATION OF SETTLEMENT

The parties to the above-captioned consolidated civil action, by and through their

attorneys, have entered into the following Stipulation of Settlement (the "Stipulation"), subject to

the approval of the Court:

**WHEREAS:**

A.      On May 1, 2006, ARAMARK Corporation ("ARAMARK" or the "Company")

announced that an investor group (the "Investor Group"), along with ARAMARK's Chairman

and Chief Executive Officer, Joseph Neubauer ("Neubauer"), had made an offer to purchase the

publicly owned shares of defendant ARAMARK for $32 cash per share (the "Proposed

Transaction");

B.      On May 1, 2006, the non-management members of the Company's board of

directors met in executive session and appointed a special committee of directors (the "Special

Committee"), and delegated to the committee full power and authority to, among other things,

review and evaluate the Proposed Transaction, or any alternative thereto, and hire legal and

financial advisors to assist in that process.

C.      On May 1, 2006, an action entitled <u>Schwartz v. Neubauer, et al.</u>, C.A. No. 2117-

N, was filed in the Court of Chancery, in and for New Castle County, State of Delaware (the

"Court"), against ARAMARK and its board of directors, alleging that the offer was unfair and

that the directors of ARAMARK were breaching their fiduciary duties in connection with the

Proposed Transaction.  Similar actions challenging the Proposed Transaction were filed on May

1, 2006 (entitled <u>Schuman v. Neubauer, et al.</u>, C.A. No. 2118-N) and May 22, 2006 (entitled <u>City of Livonia Employees' Retirement System v. Neubauer, et al.</u>, C.A. No. 2174-N);

      D.      On or about May 8, 2006, the Special Committee decided to retain Credit Suisse Securities (USA) LLC ("Credit Suisse") as its financial advisor and Shearman & Sterling LLP as its legal counsel.

      E.      On May 22, 2006, an action entitled <u>United Food and Commercial Workers Union and Participating Food Industry Employers Tri-State Pension Fund v. Neubauer, et al.</u>, C.A. No. 002940, was filed in the Philadelphia County Court of Common Pleas (the "Philadelphia Action"), against ARAMARK and Neubauer only, alleging that the Proposed Transaction was unfair;[1]

      F.      On June 7, 2006, the Court consolidated the three Delaware actions (C.A. Nos. 2117-N, 2118-N and 2171-N) under the caption <u>In re: ARAMARK Corporation Shareholders Litigation</u>, Consol. C.A. No. 2117-N (the "Consolidated Action");

      G.      Plaintiffs in the Consolidated Action allege that the Proposed Transaction was unfair in a number of respects, including that the $32 per share was inadequate and that the Proposed Transaction was unfairly coercive because Neubauer and other members of ARAMARK management held large amounts of ARAMARK Class A stock with 10 votes per share, such that Neubauer and other members of ARAMARK management collectively controlled approximately 40% of the total voting power of the Company for purposes of shareholder approval of any management-supported buyout of the public shareholders;

      H.      Plaintiffs in the Consolidated Action engaged in discovery and were provided with the internal, non-public due diligence materials ARAMARK provided to the Special

---

[1]      Defendants note that if the settlement in this action is approved by the Delaware court, defendants will move for dismissal of the Philadelphia Action on res judicata or other grounds.

2

Committee, as well as presentation documents provided by the financial advisors to the Investor Group;

I.    The parties to the Consolidated Action engaged in extensive discussions with representatives for the Special Committee and representatives of the Investor Group with respect to the claims asserted in the Consolidated Action, and plaintiffs' demands with respect to the financial and procedural fairness of the Proposed Transaction, including the analysis of plaintiffs' counsel's financial advisor;

J.    The defendants were mindful of the claims raised by plaintiffs in the Consolidated Action, and such claims were a factor considered by (i) the Special Committee and the Company when negotiating the increase in the offer price and (ii) the Investor Group and Neubauer when considering the provisions that would effectively reduce the voting power of certain interested persons, as well as the increase in the offer price;

K.    On August 8, 2006, ARAMARK announced that the Special Committee had approved and recommended to the full board the adoption of an Agreement and Plan of Merger (the "Merger Agreement") pursuant to which the public shareholders of ARAMARK would receive $33.80 cash per share in a merger (the "Merger");

L.    On August 11, 2006, an action entitled City of Southfield Police and Fire Retirement System v. Neubauer, et al., C.A. No. 2338-N, was filed in the Court, alleging that the Merger Agreement was unfair and that the directors of ARAMARK had breached their duties in connection with, among other things, the Merger Agreement;

M.    On August 25, 2006, the Court consolidated C.A. No. 2338-N with the Consolidated Action;

3

N.      On November 8, 2006, the parties to the Consolidated Action reached an agreement in principle set forth in a memorandum of understanding (the "MOU") providing for the settlement of the Consolidated Action;

O.      On November 15, 2006, plaintiffs' counsel informed the Court that the parties had reached an agreement in principle, and forwarded a copy of the executed MOU to the Court;

P.      On December 13, 2006, plaintiffs' counsel informed the Court that the parties were engaged in confirmatory discovery, and intended to complete confirmatory discovery prior to closing;

Q.      On December 20, 2006, ARAMARK's shareholders approved the Merger Agreement by an overwhelming majority;

R.      Plaintiffs, through their counsel, thoroughly investigated the claims and allegations asserted in the Consolidated Action, as well as the underlying events and transactions relevant to the Consolidated Action. In connection with their investigation, plaintiffs' counsel have carefully reviewed documents produced by defendants, taken the depositions of: (i) Neubauer; (ii) John Lafferty, Senior Vice President/Controller and Chief Accounting Officer of ARAMARK; (iii) Alan Griffith, Senior Vice President of Finance and Planning of ARAMARK; (iv) Ronald R. Davenport, an outside director of ARAMARK and Chairman of the Special Committee, and (v) Todd Noffke, a Managing Director of Credit Suisse, and conducted factual and legal research concerning the validity of plaintiffs' claims;

S.      In evaluating the settlement provided for herein (the "Settlement"), plaintiffs and their counsel have considered: (i) the substantial benefits to the members of the Settlement Class (as defined below) from the Settlement; (ii) the facts developed during discovery; (iii) the attendant risks of continued litigation and the uncertainty of the outcome of the Consolidated

4

Action; (iv) the probability of success on the merits and the allegations contained in the

Consolidated Action, including the uncertainty relating to the proof of those allegations; (v) the

desirability of permitting the Settlement to be consummated as provided by the terms of this

Stipulation; and (vi) the conclusion of plaintiffs' counsel that the terms and conditions of the

Settlement are fair, reasonable, adequate and in the best interests of plaintiffs and the Settlement

Class;

   T.  The defendants, and each of them, have at all times denied, and continue to deny,

that any of them have committed, or have threatened to commit, any wrongful acts or violations

of law of any nature whatsoever in connection with (i) any of the matters alleged, or which could

have been alleged in the Consolidated Action; (ii) any matter related in any way to the Merger;

or (iii) any other aspect of the dealings between the Company, the Special Committee and

Neubauer and the Investor Group.  The defendants are entering into this Stipulation because the

proposed Settlement will eliminate the burden, risk and expense of further litigation.

   **NOW THEREFORE, IT IS STIPULATED AND AGREED**, by and among the parties

hereto, through their respective attorneys, subject to approval of the Court, pursuant to Chancery

Court Rule 23 as follows:

1.  As a result of, among other things, negotiations between and among the parties to the

   Consolidated Action:

   (a)  The final consideration to be paid to ARAMARK's public shareholders in

     connection with the Merger shall be $33.80 cash per share, which the parties

     agree is a full, fair and reasonable price for such shares.

   (b)  For purposes of determining whether the shareholder approval condition of the

     Merger Agreement is satisfied, the following shares, if voted, shall be calculated

by giving the effect of one vote per share, rather than the ten votes to which each such share is otherwise entitled: (i) Class A shares beneficially owned by Neubauer and any transferees of Neubauer's Class A shares after August 7, 2006; (ii) Class A shares held by individuals who are members of ARAMARK's Management Committee (Bart J. Colli, Timonthy P. Cost, Lynn B. McKee, L. Frederick Sutherland, Andrew C. Kerin, Ravi K. Saligram and Thomas J. Vozzo);

(c)     For purposes of determining whether the shareholder approval condition of the Merger Agreement is satisfied, all ARAMARK shares held by the Neubauer Foundation shall be voted in the same proportion as all other shares voted, minus the shares voted by Neubauer and the members of ARAMARK's Management Committee; and

(d)     The final Proxy Statement included disclosures that were not set forth in the preliminary proxy statements filed by ARAMARK with the U.S. Securities and Exchange Commission (the "SEC") prior to the negotiation of the Settlement. Those additional disclosures included:

> (i)     further detail on how the factors that impacted management's revision of the 2006 projections would likely affect ARAMARK's fiscal 2007 projections, as set forth in Schedule 14A - Amendment No. 2, at page 16;

> (ii)    the financial projections as revised by management as of August 2, 2006, which were provided to and relied upon by Credit Suisse, including the 2007 revised projections, together with an explanation of the revisions, as set forth in Schedule 14A - Amendment No. 2, at pages 83-85;

> (iii)   a description of the structure and amount of Credit Suisse's fee for its engagement in connection with the Merger, as set forth in Schedule 14A – Amendment No. 2, at page 23;

    (iv)    an explanation of Credit Suisse's selection of the discount rates and terminal EBITDA multiples used in Credit Suisse's Discounted Cash Flow Analysis, as set forth in Schedule 14A - Amendment No. 2, at pages 34-35;

    (v)    a description of the selection criteria used in Credit Suisse's Selected Companies Analysis and Selected Transactions Analysis, as set forth in Schedule 14A - Amendment No. 2, at pages 26 and 28; and

    (vi)    a more detailed description of the allegations of the Complaint filed by the City of Southfield Police and Fire Retirement System, particularly with respect to the allegation that Credit Suisse had a conflict of interest arising out of its work for certain companies and members of the Investor Group, as set forth in Schedule 14A - Amendment 2, at page 49.

2.    For purposes of the Settlement only, this Consolidated Action shall be maintained and proceed as a class action pursuant to Court of Chancery Rules 23(a), 23(b)(1) and 23(b)(2), without opt-out rights, by the plaintiffs on behalf of all persons or entities who bought or held shares of ARAMARK common stock on or after May 1, 2006 through the effective date of the Merger, and their respective heirs, executors, administrators, representatives, agents, successors, transferees and assigns (except defendants and any person, firm, trust, corporation or other entity who is an affiliate of the defendants as the term "affiliate" is defined in the Securities and Exchange Act of 1934 and SEC Rule 12b-2 promulgated thereunder) (the "Settlement Class"). The named plaintiffs shall be certified as representatives of the Settlement Class and plaintiffs' counsel shall be designated class counsel.

3.    Upon final Court approval of the Settlement, the parties agree that:

    (a)    plaintiffs' claims asserted in the Consolidated Action on behalf of the Settlement Class against all defendants shall be dismissed on the merits with

7

prejudice against plaintiffs and all members of the Settlement Class, without

costs, except as provided herein; and

(b)    in addition to the foregoing, any and all claims, causes of action or

disputes – known or unknown, suspected or unsuspected, apparent or unapparent,

contingent or absolute, liquidated or unliquidated, accrued or unaccrued – that

have been, could have been, or in the future can or might be asserted in this Court,

or any other tribunal under the laws of any jurisdiction (including, but not limited

to, federal securities laws), by or on behalf of plaintiffs or any other member of

the Settlement Class (whether directly, representatively or in any other capacity)

against defendants or any other Released Persons,[2] which arise out of or relate to

any facts, events, actions, transactions, representations, omissions or any other

issues occurring prior to the execution of the Stipulation that were or could have

been asserted or alleged in the Consolidated Action (collectively, the "Settled

Claims"), shall be fully, finally and forever compromised, settled, released,

extinguished and dismissed with prejudice, subject to the terms and conditions set

forth herein;

---

[2]    "Released Persons" means any of the defendants and the members of the Investor Group (as
defined below), whether or not named as a defendant, or any of their respective family members,
parent entities, controlling persons, associates, affiliates or subsidiaries, and each and all of their
respective past, present or future officers, directors, agents, employees, attorneys, consultants,
accountants, shareholders, insurers, co-insurers, advisors (including financial and investment),
investment bankers, commercial bankers, general or limited partners, limited liability companies,
members, joint ventures, heirs, executors, trustees, personal or legal representatives, estates,
administrators, predecessors, successors and assigns, whether or not named as a defendant,
whether or not served with process and whether or not such person appeared in the Consolidated
Action. For purposes of the release, the "Investor Group" consists of GS Capital Partners V
Fund, L.P., J.P. Morgan Partners (BHCA), L.P., CCMP Capital Investors II, L.P., Thomas H. Lee
Equity Fund VI, L.P., and Warburg Pincus Private Equity IX, L.P.

8

4.     The release contemplated by this Stipulation extends to claims that plaintiffs, on behalf of the Class, do not know or suspect to exist at the time of the release, which if known, might have affected the decision to enter into this Stipulation and grant the release. The plaintiffs (and each member of the Class) shall be deemed to waive any and all provisions, rights and benefits conferred by any law of the United States or any state or territory of the United States, or principle of common law, which governs or limits a person's release of unknown claims. The plaintiffs, on behalf of the Class, shall be deemed to relinquish, to the full extent permitted by law, the provision, rights and benefits of § 1542 of the California Civil Code, which provides:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

In addition, plaintiffs, again on behalf of the Class, also shall be deemed to waive any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code § 1542. The parties do not concede, however, that any law, other than the law of the State of Delaware, is applicable to the Settlement of the Settled Claims. Plaintiffs, on behalf of the Class, acknowledge that members of the Class may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of the release contemplated by the Stipulation but that it is plaintiffs' intention, on behalf of the Class, to fully, finally and forever settle and release any and all Settled Claims, known or unknown, suspected or unsuspected, which now exist, or heretofore existed and without regard to subsequent discovery or existence of such additional or different facts.

5.     The plaintiffs will present the Settlement to the Court for approval as soon as practicable and all of the parties will take all appropriate steps and use their best efforts to obtain

9

final Court approval of the Settlement and to procure dismissal of the Consolidated Action on the terms set forth herein.

6.      As soon as practicable after this Stipulation has been executed, the parties will apply to the Court for the entry of an Order in substantially the form attached hereto as Exhibit A, providing, among other things, that the Consolidated Action shall proceed, for purposes of the Settlement only, as a class action on behalf of the Settlement Class, approving the form of notice to the Settlement Class and scheduling a final settlement hearing.

7.      The Company or its successor-in-interest shall cause to be mailed to members of the Settlement Class by first-class mail a Notice of Pendency of Class Action, Proposed Settlement of Class Action, Settlement Hearing and Right to Appear (the "Notice"), which, subject to approval by the Court, shall be substantially in the form attached as Exhibit B.  The Company or its successor will assume administrative responsibility for and will pay the entire cost and expense related to preparing and disseminating the Notice.

8.      If the Court approves the terms of the Settlement as provided herein, including any modifications thereto made with consent of the parties, plaintiffs' counsel in the Consolidated Action intend to apply to the Court for an award of attorneys' fees and expenses not to exceed $2.1 million in the aggregate.  The defendants have agreed not to oppose the foregoing application (including on any appeal that may be taken by plaintiffs in connection therewith) and, subject to such limits, the Company will cause payment to be made to plaintiffs' counsel of all such fees and expenses as the Court may award within five (5) business days of the fulfillment of all conditions to the Settlement, provided, however, that defendants shall not be required or otherwise have any obligation to pay the fees or expenses of plaintiffs' counsel in the Consolidated Action in excess of $2.1 million in the aggregate and that such fees and expenses

10

as the Court may award shall be paid in addition to the $33.80 cash per share and thus not reduce the consideration paid to the members of the Settlement Class. Except as set forth in this paragraph and paragraphs 7 and 9 herein, in connection with the Settlement the defendants shall have no obligation to plaintiffs and the plaintiffs shall have no obligation to the defendants for the payment of any fees and expenses, including attorneys' fees.

9.      Except as provided for in paragraphs 7 and 8 above, defendants and the Released Persons shall bear no other expenses, costs, damages or fees incurred by any plaintiff, or any member of the Settlement Class, or by any attorney, expert, adviser, agent or representative of the foregoing persons in the Consolidated Action. The defendants reserve the right to oppose any application made to the Court or the court in any other jurisdiction to recover any such additional amounts. In the event that any additional fee is required to be paid to other counsel representing a member of the Settlement Class in this or any other jurisdiction, such amount shall not reduce the fee amount which defendants have agreed to pay plaintiffs' counsel in the Consolidated Action up to the limits set forth in paragraph 8, above.

10.      If the Court approves the Settlement provided for herein the parties will ask the Court to enter an order and final judgment, substantially in the form attached hereto as Exhibit C (the "Order and Final Judgment").

11.      The obligations of the defendants under this Stipulation, other than the Company's obligations to cause notice to the Settlement Class to be provided and to pay all costs incurred in connection with providing the Notice to the Settlement Class, are conditioned upon final Court approval of the Settlement and all transactions necessary or incident thereto, and upon consummation of the Merger. Notwithstanding anything in this Stipulation to the contrary, the effectiveness of the release of the Settled Claims and the other obligations of the plaintiffs and

11

defendants under the Settlement (except with respect to the payment of attorneys' fees and expenses) shall not be conditioned upon or subject to the resolution of any appeal from the Court's entry of the Order and Final Judgment, if such appeal relates solely to the issue of plaintiffs' counsel's application for an award of attorneys' fees and/or the reimbursement of expenses. As used in this Stipulation, "final Court approval of the Settlement" shall mean that the Court has entered an Order approving the Settlement in accordance with the Stipulation, including the release contained herein, if such Order is finally affirmed on appeal or no longer is subject to appeal or review.

12.    In the event that: (i) the Court declines, in any respect (except for a disallowance or modification of the fees and/or expenses sought by plaintiffs' counsel), to enter the Order and Final Judgment provided for above and any one of the parties hereto fails to consent to the entry of another form of order in lieu thereof; (ii) the Court disapproves the Settlement proposed herein, including any amendments thereto agreed upon by all of the parties; (iii) the Court approves the Settlement proposed herein or any amendment thereto approved by all of the parties, but such approval is reversed or substantially modified on appeal and such reversal or modification becomes final by a lapse of time or otherwise; or (iv) the Merger is not consummated; then, in any of such events, this Stipulation, the Settlement proposed herein (including any amendments hereof), the qualification of plaintiffs as appropriate representatives of the Settlement Class, and of plaintiffs' counsel as class counsel, any actions taken or to be taken with respect to the Settlement proposed herein, and the Order and Final Judgment to be entered shall be of no further force or effect and shall be null and void, and without prejudice to any of the parties hereto, who shall be restored in all respects to their respective positions existing prior to the execution of this Stipulation. For purposes of this provision, a disallowance

12

or modification by the Court of the fees and/or expenses sought by plaintiffs' counsel shall not be deemed an amendment, modification or disapproval of the Settlement or the Final Order.

13.    Neither this Stipulation nor any documents prepared nor proceedings taken in accordance with the terms set forth herein shall be construed as or deemed to be evidence, or any admission or concession, either (i) on the part of the plaintiffs, of the lack of merit of the Consolidated Action, or (ii) on the part of the defendants, or any of them, of any liability or wrongdoing whatsoever, which is hereby expressly denied and disclaimed by the defendants. Neither this Stipulation, nor the fact of its execution, nor any of its provisions, shall be offered or received in evidence in any action or proceeding of any nature, or otherwise referred to or used in any manner in any court or other tribunal, except in a proceeding arguing that it has *res judicata*, collateral estoppel or other issue or claim preclusion effect, or to enforce the terms thereof, including any application for attorneys' fees.

14.    If any claims that are or would be subject to the release and dismissal contemplated by the Settlement are asserted against any of the Released Persons in any court prior to final Court approval of the Settlement, the plaintiffs shall join, if requested by any defendant, in any motion to dismiss or stay such proceedings and otherwise shall use their best efforts to cooperate with defendants to effect a withdrawal or dismissal of the claims.

15.    The fairness, reasonableness and adequacy of the Settlement may be considered and ruled upon by the Court independently of any award of fees or expenses requested by plaintiffs' counsel.

16.    The administration of the Settlement and final decision as to all disputed questions of law and fact shall be under the authority of the Court.

13

17.    Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation where such extensions are of deadlines imposed by the parties, not the Court.

18.    This Settlement shall be binding upon and shall inure to the benefit of the parties and the Class (and, in the case of the releases, all Released Persons) and the respective legal representatives, heirs, executors, administrators, transferees, successors and assigns of all such foregoing persons and upon any corporation, partnership, or other entity into or with which any party may merge or consolidate.

19.    By signing this Stipulation plaintiffs' counsel represent and warrant that they have authority to act on behalf of all plaintiffs and their counsel in all of the lawsuits constituting the Consolidated Action.

20.    All of the exhibits attached hereto are incorporated herein by reference as if set forth herein verbatim, and the terms of all exhibits are expressly made part of this Stipulation.

21.    The waiver by any party of any breach of this Stipulation shall not be deemed or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous, of this Stipulation.

22.    This Stipulation constitutes the entire agreement among the parties and supersedes any prior agreements among the parties with respect to the subject matter hereof. This Stipulation may be amended or any of its provisions waived only by a writing executed by all the parties hereto.

23.    This Stipulation may be executed in counterparts.

24.    Plaintiffs and plaintiffs' counsel (with respect to their individual clients) represent and warrant that (i) plaintiffs are members of the Settlement Class, and (ii) none of the plaintiffs'

14

claims or causes of action in the Consolidated Action have been assigned, encumbered or in any manner transferred in whole or in part.

    25.    This Stipulation shall be governed by the laws of the State of Delaware without giving force to any provisions concerning conflicts of laws.

Dated: January 25, 2007

**ROSENTHAL, MONHAIT &
GODDESS, P.A.**

By: /s/ Joseph A. Rosenthal
      Joseph A. Rosenthal (DSBA No. 234)
919 North Market Street, Suite 1401
P.O. Box 1070
Wilmington, Delaware 19899-1070
Tel: 302-656-4433
Fax: 302-658-7567

**SMITH KATZENSTEIN
& FURLOW LLP**

By: /s/ Etta R. Wolfe
      Etta R. Wolfe (DSBA No. 4164)
800 Delaware Avenue, Suite 1000
P.O. Box 410
Wilmington, Delaware 19899-0410
Tel: 302-652-8400
Fax: 302-652-8405 Fax

Delaware Co-Liaison Counsel for Plaintiffs

**GARDY & NOTIS, LLP**
James S. Notis
440 Sylvan Avenue, Suite 110
Englewood Cliff, New Jersey 07632
Tel: 201-567-7377
Fax: 201-567-7337

**LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP**
Samuel H. Rudman
58 South Service Road, Suite 200
Melville, New York 11747
Tel: 631-367-7100
Fax: 631-367-1173

**WOLF POPPER LLP**
Robert M. Kornreich
Chet B. Waldman
845 Third Avenue
New York, New York 10022-6689
Tel: 212-759-4600
Fax: 212-486-2093

Co-Lead Counsel for Plaintiffs


**RICHARDS, LAYTON & FINGER, P.A.**


By: /s/ Raymond J. DiCamillo
        Raymond J. DiCamillo (DSBA No. 3188)
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899-0551
Tel: 302-651-7700
Fax: 302-651-7701

**SULLIVAN & CROMWELL LLP**
Richard H. Klapper
125 Broad Street
New York, New York 10004-2498
Tel: 212-558-4000
Fax: 212-558-3588

Counsel for defendant Joseph Neubauer

16

**YOUNG CONAWAY STARGATT**
**& TAYLOR, LLP**


By: /s/ Danielle Gibbs
      David C. McBride (DSBA No. 408)
      Danielle Gibbs (DSBA No. 3698)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Tel: 302-571-6600
Fax: 302-571-1253

**SHEARMAN & STERLING LLP**
Alan S. Goudiss
599 Lexington Avenue
New York, New York 10022-6069
Tel: 212-848-4000
Fax: 212-848-7179

Counsel for defendants Patricia C. Baron, Ronald R.
Davenport, James E. Preston, Ronald L. Sargent
and Karl M. von der Heyden


**SKADDEN, ARPS, SLATE**
**MEAGHER & FLOM LLP**


By: /s/ Edward B. Micheletti
      Edward P. Welch (DSBA No. 671)
      Edward B. Micheletti (DSBA No. 3794)
      T. Victor Clark (DSBA No. 4233)
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899-0636
Tel: 302-651-3000
Fax: 302-651-3001

Counsel for defendants ARAMARK Corporation,
Lawrence T. Babbio, Jr., Leonard S. Coleman, Jr.,
Thomas H. Kean and James E. Ksansnak

17