# EXHIBIT A

```
 1              IN THE UNITED STATES DISTRICT COURT
                   NORTHERN DISTRICT OF ILLINOIS
 2                       EASTERN DIVISION

 3   JOSEPH ZERGER, on behalf of himself  )   No. 07 C 3797
     and all others similarly situated,   )
 4                                         )
                     Plaintiff,            )
 5                                         )
              v.                           )   Chicago, Illinois
 6                                         )   October 16, 2007
     MIDWAY GAMES, INC., STEVEN M.         )   9:00 a.m.
 7   ALLISON, JAMES R. BOYLE, MIGUEL       )
     IRIBAREN, THOMAS E. POWELL, and       )
 8   DAVID F. ZUCKER,                      )
                     Defendants.           )   Motion
 9
                       TRANSCRIPT OF PROCEEDINGS
10               BEFORE THE HONORABLE DAVID H. COAR

11   APPEARANCES:

12   For Pappas and Dimizio:      COUGHLIN STOIA GELLER RUDMAN
                                  & ROBBINS LLP
13                                655 West Broadway
                                  Suite 1900
14                                San Diego, California  92101
                                  BY:  MR. RAMZI ABADOU
15

16                                LASKEY & RIFKIND, LTD.
                                  350 North LaSalle Street
17                                Suite 1320
                                  Chicago, Illinois  60610
18                                BY:  MR. NORMAN RIFKIND

19
     For Larocque and Merle:      SUSMAN HEFFNER & HURST LLP
20                                Two First National Plaza
                                  Suite 600
21                                Chicago, Illinois  60603
                                  BY:  MR. MATTHEW T. HEFFNER
22

23              TRACEY DANA McCULLOUGH, CSR, RPR
                      Official Court Reporter
24                  219 South Dearborn Street
                           Room 1420
25                   Chicago, Illinois 60604
                         (312) 922-3716
```

```
 1    APPEARANCES CONTINUED:

 2    For the Yap Group:              SCHIFFRIN BARROWAY TOPAZ &
                                      KESSLER, LLP
 3                                    280 King of Prussia Road
                                      Radnor, Pennsylvania  19087
 4                                    BY:  MR. SEAN M. HANDLER

 5    For the Defendant:              KIRKLAND & ELLIS LLP
                                      200 East Randolph Drive
 6                                    Suite 6100
                                      Chicago, Illinois  60601
 7                                    BY:  MR. JAMES J. BOLAND
                                           MR. ERIC T. GORTNER
 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1    THE CLERK:  07 C 3797, Zerger versus Midway Games and
2 07 C 3985, Mulhearn versus Midway Games, 07 3909, Dennis versus
3 Midway, and 07 C 5052, Larocque versus Midway.  Motions to
4 appoint lead plaintiff and counsel.
5    MR. ABADOU:  Good morning, Your Honor.  Ramzi Abadou
6 from Coughlin and Stoia on behalf of Pappas and Dimizio.  I
7 have Norman Rifkind with me here today.
8    THE COURT:  All right.  Good morning.
9    MR. HEFFNER:  Matt Heffner here on behalf of
10 plaintiffs Larocque and Merle.
11    MR. HANDLER:  Good morning, Your Honor.  Sean Handler
12 on behalf of the Yap Group.
13    THE COURT:  Yes, sir.
14    MR. BOLAND:  Good morning, Your Honor.  Jim Boland on
15 behalf of Midway Games.
16    THE COURT:  All right.
17    MR. GORTNER:  Good morning, Your Honor.  Eric Gortner
18 on behalf of Midway Games.
19    THE COURT:  Good morning.  The following shall
20 constitute the Court's findings of fact and conclusions of law
21 with respect to the motion to appoint lead plaintiff and for
22 approval of lead plaintiff's selection of lead counsel and
23 liaison counsel:
24    There are three competing motions filed by groups of
25 investors seeking appointment as lead plaintiff and for

Case 1:07-cv-03753-LAK   Document 74-2   Filed 11/05/2007   Page 5 of 8

4

1 approval of each group's respective selection of lead and
2 liaison counsel.  The three movants are Pappas and Dimizio,
3 Tony Yap, Rafael Katz, Harvey Canaan, collectively the Yap
4 Group, and Linda Larocque and Robin Merle.
5        All movants agree that the Private Securities
6 Litigation Reform Act of 1995 guides the appointment of lead
7 plaintiff, and that pursuant to the PSLRA, the presumptively
8 most adequate plaintiff is the one, 1, properly -- who properly
9 filed the complaint or made a motion in response to a notice;
10 2, has the largest financial interests; and 3, otherwise
11 satisfies the requirements of Rule 23 of the Federal Rules of
12 Civil Procedure.
13        There is no dispute that all parties have properly met
14 the first requirement.  As to prong two, the Yap Group in its
15 reply brief has acknowledged that Pappas/Dimizio has claimed a
16 larger financial loss than the Yap Group, and maintains that
17 the Yap Group has suffered the second largest financial loss of
18 the competing movants.
19        Larocque/Merle also acknowledged that Pappas claims a
20 larger loss than Larocque during the class period, but then
21 asserts a subclass not previously approved by this Court to
22 argue that Larocque's losses surpasses Pappas' considering the
23 subclass period.  I don't see any reason at this point to
24 consider the subclass period over the previously defined class
25 period, and I'll decline to do so at this time.  Further,

1  Larocque presents charts of the number of stock options bought
2  and sold, but it does not provide this Court with the actual
3  dollar amount of its claimed losses in its briefing.
4         This Court did make its own calculation of
5  Larocque/Merle's actual financial loss based on the stock
6  numbers. It is not lost on the Court that despite failing to
7  state the dollar amount, Larocque/Merle's claim loss falls
8  below both Pappas/Dimizio and the Yap Group during the defined
9  class period. For this reason Pappas/Dimizio has the largest
10 financial interest.
11        Pappas and Dimizio assert that they satisfy the Rule
12 23 requirements of typicality and adequacy. Larocque and Merle
13 claim that Pappas is an inadequate lead plaintiff and that the
14 plaintiff counsel, Coughlin Stoia is an inadequate firm.
15 Larocque/Merle argue that appointing Pappas and Coughlin Stoia
16 would create an appearance of impropriety because 1, Pappas has
17 been class representative under attorney William S. Lerach in
18 two other securities cases, thus suggesting that he is a
19 professional plaintiff; and 2, Coughlin Stoia's attorney
20 William S. Lerach, who has left the firm, pled guilty to
21 allegations that he funneled millions of dollars in illegal
22 kickbacks to his class action representatives, thus suggesting
23 that Coughlin Stoia is an inappropriate firm.
24        As to the first allegation, the fact that Pappas has
25 served as class representative in two other cases does not

1  render him inadequate from being lead plaintiff in the present
2  case. The Seventh Circuit has specifically rejected this
3  argument in Murray versus GMAC Mortgage Corporation, where it
4  reversed the district court's decision that a plaintiff who had
5  filed over 50 suits was a professional plaintiff and inadequate
6  for class representation. The citation to Murray is 434 F.3d
7  948.
8        In fact, the Seventh Circuit concluded just the
9  opposite, that the frequent filing lends experience, if not
10 necessarily expertise to the plaintiff, allowing her to better
11 monitor the conduct of counsel, and thus, a more adequate lead
12 plaintiff.
13       As to the second allegation, the Department of Justice
14 conducted investigations of Mr. Lerach for the events that took
15 place while he was at Milberg Weiss, not Coughlin Stoia.
16 Coughlin Stoia has not been a target of investigations as far
17 as I'm aware. And further, Mr. Lerach is no longer employed at
18 that firm. Coughlin Stoia is otherwise known for its extensive
19 experience litigating securities class actions and has
20 prosecuted numerous securities fraud actions on behalf of
21 injured investors in various courts.
22       The Yap Group affirms that it has successfully worked
23 with Coughlin Stoia at numerous times in the past. The fact
24 that one former attorney in the firm pled to fraud and
25 activities he engaged in while at another firm does not give

1  rise to impropriety or inadequacy for Coughlin Stoia in the
2  present case.
3         The Court finds that Pappas and Dimizio to be the
4  group with the largest financial interest, and otherwise
5  satisfies Rule 23. Accordingly, Pappas and Dimizio are
6  appointed lead plaintiffs in the present case. Coughlin Stoia
7  is approved as plaintiff's counsel. All right. Thank you very
8  much, gentlemen.
9         MR. ABADOU: Thank you, Your Honor.

## CERTIFICATE

I HEREBY CERTIFY that the foregoing is a true, correct and complete transcript of the proceedings had at the hearing of the aforementioned cause on the day and date hereof.

_Tracey D. McCullough_          10/19/07
Official Court Reporter          Date
United States District Court
Northern District of Illinois
Eastern Division