UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                :

In re OPTIONABLE SECURITIES      :     07 Civ. 3753 (LAK)
LITIGATION                            :
                                :
-------------------------------------------------------------X



## NOTICE OF MOTION
### of
### DEFENDANT KEVIN CASSIDY
### to
### DISMISS THE CONSOLIDATED AMENDED CLASS ACTION COMPLAINT

**PLEASE TAKE NOTICE** that upon the accompanying Memorandum of Law In

Support Of Kevin Cassidy's Motion to Dismiss the Consolidated Amended Class Action

Complaint (Complaint), and upon the accompanying Affirmation of Lawrence R. Gelber,

Attorney at Law, with exhibits annexed, sworn to on Friday, February 15, 2008, and upon

the relevant submissions of the co-defendants in this matter, Defendant Kevin Cassidy will

move this Court before the Honorable Lewis A. Kaplan at the United States Courthouse,

500 Pearl Street, New York, New York 10007, for an Order granting Kevin Cassidy's

Motion to Dismiss the Complaint for (i) failure to state a claim upon which relief can be

granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, (ii) for failure to

plead with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure

(iii) for failure to satisfy the pleading requirements of Section 21D(b) of the Securities

Exchange Act of 1934 and (iv) for failure to meet the pleading standards established in this

Circuit,   together with such other and further relief as this Court deems just and proper.

PLEASE TAKE FURTHER NOTICE that pursuant to the rules of this Court,

opposing papers, if any, must be delivered to the undersigned pursuant to the schedule

previously established by this Court.

Dated:      Brooklyn, New York
            February 15, 2008

Respectfully submitted,

Lawrence R. Gelber
Attorney at Law
The Vanderbilt Plaza
34 Plaza Street – Suite 1107
Brooklyn, New York 11238
Tel:    (718) 638-2363
Fax:    (718) 857-9339

*Attorney for Defendant Kevin Cassidy*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                           :
                                                           :
In re OPTIONABLE SECURITIES          :          07 Civ. 3753 (LAK)
LITIGATION                                         :
                                                           :
                                                           :
-----------------------------------------------------------X

AFFIRMATION OF LAWRENCE R. GELBER
IN SUPPORT OF DEFENDANT KEVIN CASSIDY'S MOTION TO DISMISS
THE CONSOLIDATED AMENDED CLASS ACTION COMPLAINT

STATE OF NEW YORK          )
                                            )ss.:
COUNTY OF KINGS            )

    Lawrence R. Gelber, an attorney duly admitted to the courts of the State of New

York, and to the United States District Court for the Southern District of New York,

affirms, under penalty of perjury, that the following is true:

1.      I represent Defendant Kevin Cassidy and make this Affirmation in support of

Kevin Cassidy's Motion to Dismiss the Consolidated Amended Class Action

Complaint (the Complaint).

2.      All documents annexed to this Affirmation as Exhibits are true copies of what

they are represented to be.

3.      Mr. Cassidy incorporates the Exhibits appended to the Declaration of Michael

G. Bongiorno submitted in support of the Motion to Dismiss of co-defendant

Optionable, Inc., specifically the following:

    a.      Optionable Exhibit A: the Consolidated Amended Class Action
             Complaint;

    b.      Optionable Exhibit B: Form 10-KSB filed with the SEC on March 23,
             2007 by Optionable.

    c.      Optionable Exhibit C: an excerpt of Form 8-K filed with the SEC on

April 10, 2007 by Optionable at EX-99.

d.      Optionable Exhibit D: Form 4 filed with the SEC by Kevin Cassidy on April 10, 2007.

e.      Optionable Exhibit E: Form 4 filed with the SEC by Mark Nordlicht on April 11, 2007.

f.      Optionable Exhibit F: Form 4 filed with the SEC by Edward O'Connor on April 11, 2007.

g.      Optionable Exhibit G: LEXIS Historical Stock Prices for Optionable from September 17, 2005 through January 16, 2008.

h.      Optionable Exhibit H: Form 8-K filed with the SEC on May 9, 2007 by Optionable.

i.      Optionable Exhibit I: *Statement from NYMEX Holdings Regarding Optionable,* NYMEX Press Release, May 14, 2007.

j.      Optionable Exhibit J: Form 10-QSB filed with the SEC by Optionable on August 14, 2007.

k.      Optionable Exhibit K: BMO's April 27, 2007 Press Release.

l.      Optionable Exhibit L: *Report Flagged BMO Loss*, National Post's Financial Post & FP Investing, May 10, 2007, at FP 1.

m.      Optionable Exhibit M: BMO 190th Annual Report 2007.

n.      Optionable Exhibit N: *BMO raises trading loss to $680 million*, The Gazette, May 18, 2007.

o.      Optionable Exhibit O: Platinum's Form S-1 filed with the SEC on June 10, 2005.

p.      Optionable Exhibit P: Optionable's January 22, 2007 Press Release.

4.      In addition to the foregoing adopted Exhibits, Mr. Cassidy provides:

a.      Cassidy Exhibit A: Kevin Cassidy Form 4, for transaction May 7, 2007.

b.      Cassidy Exhibit B: Monthly short interest statements for OPBL from December 15, 2006 – August 15, 2007).

c.      Form SB-2, referenced at page 13 of the accompanying Memorandum of Law is available at: **http://www.sec.gov/Archives/edgar/data/1303433/00011442040 4022470/form_sb2.txt**.

d.      Amendment 1 to Form SB-2, referenced at page 13 of the accompanying Memorandum of Law is available at: **http://www.sec.gov/Archives/edgar/data/1303433/00011442040 5003895/v012396_sb2a.txt**.

e.      Amendment 2 to Form SB-2, referenced at page 14 of the accompanying Memorandum of Law is available at: **http://www.sec.gov/Archives/edgar/data/1303433/00011442040 5010814/v015940_sb2a.txt**.

f.      Cassidy Exhibit C: blank SEC Form 10-KSB with General Instructions, referenced at page 16 of the accompanying Memorandum of Law.

g.      Cassidy Exhibit D: April 28. 2007 New York Post article, referenced at page 25 of the accompanying Memorandum of Law.

h.      SEC RELEASE NOS. 33-8810; 34-55929; FR-77; File No. S7-24-06, *Commission Guidance Regarding Management's Report on Internal Control Over Financial Reporting Under Section 13(a) or 15(d) of the Securities Exchange Act of 1934*, referenced at page 17, footnote 17 of the accompanying Memorandum of Law is available at: **www.sec.gov/rules/interp/2007/33-8810.pdf**.

Dated:      Brooklyn, New York
            February 15, 2008

Lawrence R. Gelber
Attorney at Law
The Vanderbilt Plaza
34 Plaza Street – Suite 1107
Brooklyn, New York 11238
Tel:    (718) 638-2363
Fax:    (718) 857-9339

Attorney for Defendant Kevin Cassidy

# EXHIBIT A

# EXHIBIT A

SEC Form 4

| FORM 4 | UNITED STATES SECURITIES AND EXCHANGE COMMISSION | OMB APPROVAL |
|---|---|---|

Washington, D.C. 20549

OMB APPROVAL
OMB Number: 3235-0287
Expires: January 31, 2008
Estimated average burden hours per response 0.5

☐ Check this box if no longer subject to Section 16. Form 4 or Form 5 obligations may continue. *See* Instruction 1(b).

## STATEMENT OF CHANGES IN BENEFICIAL OWNERSHIP

Filed pursuant to Section 16(a) of the Securities Exchange Act of 1934, Section 17(a) of the Public Utility Holding Company Act of 1935 or Section 30(h) of the Investment Company Act of 1940

| 1. Name and Address of Reporting Person* | 2. Issuer Name **and** Ticker or Trading Symbol | 5. Relationship of Reporting Person(s) to Issuer (Check all applicable) |
|---|---|---|
| Cassidy Kevin | Optionable Inc [ OPBL.OB ] | X Director    10% Owner<br>X Officer (give title below)   Other (specify below)<br>Chief Executive Officer |
| (Last)      (First)      (Middle)<br>465 COLUMBUS AVE.<br>SUITE 280 | 3. Date of Earliest Transaction (Month/Day/Year)<br>05/07/2007 | |
| (Street)<br>VALHALLA    NY    10595 | 4. If Amendment, Date of Original Filed (Month/Day/Year) | 6. Individual or Joint/Group Filing (Check Applicable Line)<br>X Form filed by One Reporting Person<br>Form filed by More than One Reporting Person |
| (City)    (State)    (Zip) | | |

### Table I - Non-Derivative Securities Acquired, Disposed of, or Beneficially Owned

| 1. Title of Security (Instr. 3) | 2. Transaction Date (Month/Day/Year) | 2A. Deemed Execution Date, if any (Month/Day/Year) | 3. Transaction Code (Instr. 8) | | 4. Securities Acquired (A) or Disposed Of (D) (Instr. 3, 4 and 5) | | | 5. Amount of Securities Beneficially Owned Following Reported Transaction(s) (Instr. 3 and 4) | 6. Ownership Form: Direct (D) or Indirect (I) (Instr. 4) | 7. Nature of Indirect Beneficial Ownership (Instr. 4) |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | Code | V | Amount | (A) or (D) | Price | | | |
| Common Stock | | | | | | | | 298,772 | D | |
| Common Stock | | | | | | | | 113,665 | I | By daughter, Kerry Cassidy |
| Common Stock | | | | | | | | 400,000 | I | By Pierpont Capital, Inc. [1] |

### Table II - Derivative Securities Acquired, Disposed of, or Beneficially Owned
(e.g., puts, calls, warrants, options, convertible securities)

| 1. Title of Derivative Security (Instr. 3) | 2. Conversion or Exercise Price of Derivative Security | 3. Transaction Date (Month/Day/Year) | 3A. Deemed Execution Date, if any (Month/Day/Year) | 4. Transaction Code (Instr. 8) | | 5. Number of Derivative Securities Acquired (A) or Disposed of (D) (Instr. 3, 4 and 5) | | 6. Date Exercisable and Expiration Date (Month/Day/Year) | | 7. Title and Amount of Securities Underlying Derivative Security (Instr. 3 and 4) | | 8. Price of Derivative Security (Instr. 5) | 9. Number of derivative Securities Beneficially Owned Following Reported Transaction(s) (Instr. 4) | 10. Ownership Form: Direct (D) or Indirect (I) (Instr. 4) | 11. Nature of Indirect Beneficial Ownership (Instr. 4) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | Code | V | (A) | (D) | Date Exercisable | Expiration Date | Title | Amount or Number of Shares | | | | |
| Options (Right to buy) | $4.63 | 05/07/2007 | | A | | 55,000 | | 05/07/2007 | 05/07/2017 | Common Stock | 55,000 | $0 [1,2] | 55,000 | D | |
| Options (Right to buy) | $7.17 | | | | | | | 02/09/2007 | [3] | Common Stock | 10,000 | | 10,000 | D | |
| Warrants (Right to buy) | $0.95 | | | | | | | 07/01/2006 | 02/23/2009 | Common Stock | 200,000 | | 200,000 | I | By Pierpont Capital, Inc. [1] |

**Explanation of Responses:**

1. The Reporting Person is the director, vice president, treasurer, secretary and a principal stockholder of Pierpont Capital, Inc.
2. Issued pursuant to an Amended and Restated Employment Agreement, dated April 10, 2007, which requires the Issuer to issue to employee 5,000 options each time a firm registers with and executes its first 10,000 lots on Issuer's OPEX platform.
3. The options shall terminate upon the first anniversary of Optionee's death or immediately upon termination of the Optionee's employment for cause.

**Remarks:**

/s/ Kevin Cassidy                05/08/2007
** Signature of Reporting Person        Date

Reminder: Report on a separate line for each class of securities beneficially owned directly or indirectly.

* If the form is filed by more than one reporting person, *see* Instruction 4 (b)(v).

** Intentional misstatements or omissions of facts constitute Federal Criminal Violations *See* 18 U.S.C. 1001 and 15 U.S.C. 78ff(a).

Note: File three copies of this Form, one of which must be manually signed. If space is insufficient, *see* Instruction 6 for procedure.

**Persons who respond to the collection of information contained in this form are not required to respond unless the form displays a currently valid OMB Number.**

# EXHIBIT B

# EXHIBIT B

| OPTIONABLE INC (OPBL) | | | OTC Type: OTCBB |
|---|---|---|---|
| **Short Interest for August 15 2007** | | | |
| Short Interest | Percent Change | Average Daily Share Volume | Days to Cover |
| 157,650 | (16.84) | 146,878 | 1.07 |

CLOSE

| OPTIONABLE INC (OPBL) | | | OTC Type: OTCBB |
|---|---|---|---|
| **Short Interest for July 13 2007** | | | |
| Short Interest | Percent Change | Average Daily Share Volume | Days to Cover |
| 189,576 | (7.51) | 374,491 | 1.00 |

CLOSE

| OPTIONABLE INC (OPBL) | | | OTC Type: OTCBB |
|---|---|---|---|
| **Short Interest for June 15 2007** | | | |
| Short Interest | Percent Change | Average Daily Share Volume | Days to Cover |
| 204,970 | (84.40) | 660,230 | 1.00 |

CLOSE

| OPTIONABLE INC (OPBL) | | | OTC Type: OTCBB |
|---|---|---|---|
| **Short Interest for May 15 2007** | | | |
| Short Interest | Percent Change | Average Daily Share Volume | Days to Cover |
| 1,313,702 | (62.69) | 3,605,644 | 1.00 |

CLOSE

| OPTIONABLE INC (OPBL) | | | OTC Type: OTCBB |
|---|---|---|---|
| **Short Interest for April 13 2007** | | | |
| Short Interest | Percent Change | Average Daily Share Volume | Days to Cover |
| 3,521,242 | 33.07 | 929,648 | 3.79 |

CLOSE

| OPTIONABLE INC (OPBL) | | | OTC Type: OTCBB |
|---|---|---|---|
| **Short Interest for March 15 2007** | | | |
| Short Interest | Percent Change | Average Daily Share Volume | Days to Cover |
| 2,646,124 | 264.29 | 554,473 | 4.77 |

CLOSE

| OPTIONABLE INC (OPBL) | | | OTC Type: OTCBB |
|---|---|---|---|
| **Short Interest for February 15 2007** | | | |
| Short Interest | Percent Change | Average Daily Share Volume | Days to Cover |
| 726,369 | 2,413.56 | 1,426,332 | 1.00 |

CLOSE

| OPTIONABLE INC (OPBL) | | | OTC Type: OTCBB |
|---|---|---|---|

**Short Interest for January 12 2007**

| Short Interest | Percent Change | Average Daily Share Volume | Days to Cover |
|---|---|---|---|
| 28,898 | 424.94 | 483,101 | 1.00 |

CLOSE

| OPTIONABLE INC (OPBL) | | | OTC Type: OTCBB |
|---|---|---|---|
| **Short Interest for December 15 2006** | | | |
| Short Interest | Percent Change | Average Daily Share Volume | Days to Cover |
| 5,505 | (50.92) | 522,939 | 1.00 |

CLOSE

# EXHIBIT C

# EXHIBIT C

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
**Washington, D.C. 20549**

| OMB APPROVAL | |
| --- | --- |
| OMB Number: | 3235-0420 |
| Expires: | April 30, 2009 |
| Estimated average burden | |
| hours per response . . . . . | 1646 |

## Form 10-KSB

(Mark One)

☐    ANNUAL REPORT UNDER SECTION 13 OR 15(d) OF THE SECURITIES EXCHANGE ACT OF 1934

For the fiscal year ended _____

☐    TRANSITION REPORT UNDER SECTION 13 OR 15(d) OF THE SECURITIES EXCHANGE ACT OF 1934

For the transition period from _____ to _____

Commission file number _____

_____
(Name of small business issuer in its charter)

_____    _____
(State or other jurisdiction of incorporation or organization)    (I.R.S. Employer Identification No.)

_____    _____
(Address of principal executive offices)    (Zip Code)

Issuer's telephone number  (_____) _____

Securities registered under Section 12(b) of the Exchange Act:

Title of each class    Name of each exchange on which registered

_____    _____

_____    _____

Securities registered under Section 12(g) of the Exchange Act:

_____
(Title of class)

_____
(Title of class)

Check whether the issuer is not required to file reports pursuant to Section 13 or 15(d) of the Exchange Act. ☐

Note – Checking the box above will not relieve any registrant required to file reports pursuant to Section 13 or 15(d) of the Exchange Act from their obligations under those Sections.

**Persons who are to respond to the collection of information contained in this form are not required to respond unless the form displays a currently valid OMB control number.**

Check whether the issuer (1) filed all reports required to be filed by Section 13 or 15(d) of the Exchange Act during the past 12 months (or for such shorter period that the registrant was required to file such reports), and (2) has been subject to such filing requirements for the past 90 days.   Yes ☐   No ☐

Check if there is no disclosure of delinquent filers in response to Item 405 of Regulation S-B contained in this form, and no disclosure will be contained, to the best of registrant's knowledge, in definitive proxy or information statements incorporated by reference in Part III of this Form 10-KSB or any amendment to this Form 10-KSB. ☐

Indicate by check mark whether the registrant is a shell company (as defined in Rule 12b-2 of the Exchange Act).
Yes ☐ No ☐

State issuer's revenues for its most recent fiscal year. _____

State the aggregate market value of the voting and non-voting common equity held by non-affiliates computed by reference to the price at which the common equity was sold, or the average bid and asked price of such common equity, as of a specified date within the past 60 days. (See definition of affiliate in Rule 12b-2 of the Exchange Act.)

Note: If determining whether a person is an affiliate will involve an unreasonable effort and expense, the issuer may calculate the aggregate market value of the common equity held by non-affiliates on the basis of reasonable assumptions, if the assumptions are stated.

## (ISSUERS INVOLVED IN BANKRUPTCY PROCEEDINGS DURING THE PAST FIVE YEARS)

Check whether the issuer has filed all documents and reports required to be filed by Section 12, 13 or 15(d) of the Exchange Act after the distribution of securities under a plan confirmed by a court.  Yes ☐  No ☐

## (APPLICABLE ONLY TO CORPORATE REGISTRANTS)

State the number of shares outstanding of each of the issuer's classes of common equity, as of the latest practicable date.

_____

## DOCUMENTS INCORPORATED BY REFERENCE

If the following documents are incorporated by reference, briefly describe them and identify the part of the Form 10-KSB (e.g., Part I, Part II, etc.) into which the document is incorporated: (1) any annual report to security holders; (2) any proxy or information statement; and (3) any prospectus filed pursuant to Rule 424(b) or (c) of the Securities Act of 1933 ("Securities Act"). The listed documents should be clearly described for identification purposes (e.g., annual report to security holders for fiscal year ended December 24, 1990).

Transitional Small Business Disclosure Format (Check one):  Yes ____;  No ____

## GENERAL INSTRUCTIONS

### A.  Use of Form 10-KSB.

This Form may be used by a "small business issuer," defined in Rule 12b-2 of the Exchange Act, for its annual and transitional reports under section 13 or 15(d) of that Act. For further information as to eligibility to use this Form see Item 10(a) of Regulation S-B (17 CFR 228.10 *et seq.*). Annual reports on this form shall be filed within 90 days after the end of the fiscal year covered by the report. Transition reports shall be filed within the time period specified in Rules 13a-10 or 15d-10 of the Exchange Act (§§240.13a-10 or 240.15d-10 of this chapter).

### B.  Application of General Rules and Regulations.

The General Rules and Regulations under the Exchange Act (§240.0-1 *et seq.*), particularly Regulation 12B (§240.12b-1 *et seq.*) contain certain general requirements for reports on any form which should be carefully read and observed in the preparation and filing of reports on this Form.

C.   **Signature and Filing of Report.**

1.   File three "complete" copies and five "additional" copies of the registration statement with the Commission and file at least one complete copy with each exchange on which the securities will be registered. A "complete" copy includes financial statements, exhibits and all other papers and documents. An "additional" copy excludes exhibits. One of the copies filed with the Commission and each exchange should be manually signed; all other copies should have typed or printed signatures.

2.   Who must sign. The small business issuer, its principal executive officer or officers, its principal financial officer, its controller or principal accounting officer and at least a majority of the board of directors or persons performing similar functions. If the small business issuer is a limited partnership, then the general partner and a majority of its board of directors if a corporation must sign the report. Any person who occupies more than one of the specified positions must indicate each capacity in which he or she signs the report. See Rule 12b-11 concerning manual signatures under powers of attorney.

3.   Small business issuers are requested to indicate in a transmittal letter with the Form 10-KSB whether the financial statements in the report reflect a change from the preceding year in any accounting principles or practices or in the methods of application of those principles or practices.

D.   **Information as to Employee Stock Purchase, Savings and Similar Plans.**

Separate annual and other reports need not be filed under Section 15(d) of the Exchange Act for any employee stock purchase, savings or similar plan if the issuer of the securities offered under the plan furnishes to the Commission the information and documents specified in the Rule 15d-21 of the Exchange Act.

E.   **Information to be Incorporated by Reference.**

1.   Refer to Rule 12b-23 (§240.12b-23 of this chapter) if information will be incorporated by reference from other documents in answer or partial answer to any item of this Form.

2.   The Information called for in Parts I and II of this Form, Items 1-8, may be incorporated by reference from:

   (a)   the registrant's annual report to security holders furnished to the Commission under Rule 14a-3(b) or Rule 14c-3(a) of the Exchange Act (§§240.14a-3(b), 240.14c-3(a) of this chapter); or

   (b)   the registrant's annual report to shareholders if it contains the information required by Rule 14a-3 (§240.14-3 of this chapter).

   *Note to electronic filers*: If any information required by Part I or Part II is incorporated by reference from the annual report to security holders as allowed in General Instruction E.2.(a), any portion of the annual report to security holders incorporated by reference shall be filed as an exhibit in electronic format, as required by Item 601(b)(13) of Regulation S-B.

3.   The information required by Part III may be incorporated by reference from the registrant's definitive proxy statement (filed or to be filed in accordance with §240.14a-101, Schedule 14A) or definitive information statement (filed or to be filed pursuant to §240.14c-101, Schedule 14C) which involves the election of directors, if such definitive proxy or information statement is filed with the Commission not later than 120 days after the end of the fiscal year covered by this Form. If the definitive proxy or information statement is not filed within the 120-day period, the information called for in Part III information must be filed as part of the Form 10-KSB, or as an amendment to the Form 10-KSB, not later than the end of the 120-day period.

4.   No item numbers of captions or items need be contained in the material incorporated by reference into the report. However, the registrant's attention is directed to Rule 12b-23(b) of the Exchange Act (§240.12b-23(b)) regarding the specific disclosure required in the report concerning information incorporated by reference. When the registrant combines all of the information in Parts I and II of this Form by incorporation by reference from the registrant's annual report to security holders and all of the information in Part III of this Form by incorporating by reference from a definitive proxy statement or information statement involving the election of directors, then this Form shall consist of the facing or cover page, those sections incorporated from the annual report to security holders, the proxy or information statement, and the information, if any, required by Part III of this Form, signatures and a cross-reference sheet setting forth the item numbers and captions in Parts I, II and III of this Form and page and/or pages in the referenced materials where the corresponding information appears.

F.   **Integrated Reports to Security Holders.**

Annual reports to security holders may be combined with the required information of this Form and will be suitable for filing with the

Commission if the following conditions are satisfied:

1. The combined report contains complete answers to all items required by Form 10-KSB. When responses to a certain item of required disclosure are separated within the combined report, an appropriate cross-reference should be made. If the information required by Part III of Form 10-KSB is omitted by virtue of General Instruction E, a definitive proxy or information statement shall be filed.

2. The cover page and required signatures are included. A cross-reference sheet should be filed indicating the location of information required by items of the Form.

3. If an electronic filer files any portion of an annual report to security holders in combination with the required information of Form 10-KSB, as provided in this instruction, only such portions filed in satisfaction of the Form 10-KSB requirements shall be filed in electronic format.

**G. Omission of Information by Certain Wholly-Owned Subsidiaries**

If, on the date of the filing of its report on Form 10-KSB, the registrant meets the conditions specified in paragraph (1) below, then it may furnish the abbreviated narrative disclosure specified in paragraph (2) below.

1. Conditions for availability of relief specified in paragraph (2) below.

    (a) All of the registrant's equity securities are owned, either directly or indirectly, by a single person which is a reporting company and which has filed all the material required to be filed under sections 13, 14 or 15(d), as applicable, and which is named in conjunction with the registrant's description of its business;

    (b) During the past thirty-six months and any subsequent period of days, there has not been any material default in the payment of principal, interest, a sinking or purchase fund installment, or any other material default not cured within thirty days, with respect to any indebtedness of the registrant or it subsidiaries, and there has not been any material default in the payment of rental under material long-term leases; and

    (c) There is prominently set forth on the cover page of the Form 10-KSB, a statement that the registrant meets the conditions set forth in General Instruction G(1)(a) and (b) of Form 10-KSB and therefore filing this Form with the reduced disclosure format.

2. Registrants meeting the conditions specified in paragraph 1 above are entitled to the following relief:

    (a) Such registrants may omit the information called for by Item 303(b), Management's Discussion and Analysis, if required by the Instruction to that Item, provided that the registrant includes in the Form 10-KSB a narrative analysis of the results of operations explaining the reasons for material changes in the amount of revenue and expense items between the most recent fiscal year presented and the fiscal year immediately preceding it. Explanations of material changes should include, but not be limited to, changes in the various elements which determine revenue and expense levels, such as unit sales volume, prices charged and paid, production levels, production cost variances, labor costs and discretionary spending programs. In addition, the analysis should include an explanation of the effect of any changes in accounting principles and practices or method of application that have a material effect on net income as reported.

    (b) Such registrants may omit the list of subsidiaries exhibit required by Item 601 of Regulation S-B.

    (c) Such registrants may omit the information called for by the following Items: Item 4, Submission of Matters to a Vote of Security Holders; Item 10 Directors and Executive Officers, etc.; Item 11, Executive Compensation; Item 12, Security Ownership of Certain Beneficial Owners, etc.; Item 13, Certain Relationships and Related Transactions.

**H. Transitional Small Business Issuers.**

a. In lieu of the disclosure requirements set forth under Parts I, II and III, a small business issuer that has not registered more than $10,000,000 in securities offerings in any continuous 12-month period since it became subject to the reporting requirements of Section 13 or 15(d) of the Exchange Act may include the information required under "Information Required in Annual Report of Transitional Small Business Issuers." In calculating the $10,000,000 ceiling, issuers should include all offerings which were registered under the Securities Act, other than any amounts registered on Form S-8.

b. A small business issuer may provide the information set forth under "Information Required in Annual Report of Transitional Small Business Issuers" until it (1) registers more than $10 million under the Securities Act in any continuous 12-month period (other than securities registered on Form S-8), (2) elects to file on a non-transitional disclosure document (other than the proxy statement disclosure

in Schedule 14A), or (3) no longer meets the definition of small business issuer. Non-transitional disclosure documents include: (1) Securities Act registration statement forms other than Forms SB-1, S-3 (if the issuer incorporates by reference transitional Exchange Act reports), S-8 and S-4 (if the issuer relies upon the transitional disclosure format in that form); (2) Exchange Act periodic reporting Forms 10-K and 10-Q; (3) Exchange Act registration Form 10; and (4) reports or registration statements on Forms 10-KSB, 10-QSB or 10-SB which do not use the transitional disclosure document format. A reporting company may not return to the transitional disclosure forms.

## PART I

**Item 1.    Description of Business.**

Furnish the information required by Item 101 of Regulation S-B.

**Item 2.    Description of Property.**

Furnish the information required by Item 102 of Regulation S-B.

**Item 3.    Legal Proceedings.**

Furnish the information required by Item 103 of Regulation S-B.

**Item 4.    Submission of Matters to a Vote of Security Holders.**

If any matter was submitted during the fourth quarter of the fiscal year covered by this report to a vote of security holders, through the solicitation of proxies or otherwise, furnish the following information:

(a)  The date of the meeting and whether it was an annual or special meeting.

(b)  If the meeting involved the election of directors, the name of each director elected at the meeting and the name of each other director whose term of office as a director continued after the meeting.

(c)  A brief description of each matter voted upon at the meeting and state the number of votes cast for, against [*123] or withheld, as well as the number of abstentions and broker non-votes as to each such matter, including a separate tabulation with respect to each nominee for office.

(d)  A description of the terms of any settlement between the registrant and any other participant (as defined in Instruction 3 to Item 4 of Schedule 14A (§240.14a-101)) terminating any solicitation subject to §240.14a-12(c), including the cost or anticipated cost to the registrant.

*Instructions to Item 4.*

1.  If any matter has been submitted to a vote of security holders otherwise than at a meeting of such security holders, corresponding information with respect to such submission should be furnished. The solicitation of any authorization or consent (other than a proxy to vote at a shareholders' meeting) with respect to any matter shall be deemed a submission of such matter to a vote of security holders within the meaning of this item.

2.  Paragraph (a) need be answered only if paragraph (b) or (c) is required to be answered.

3.  Paragraph (b) need not be answered if (i) proxies for the meeting were solicited pursuant to Regulation 14A under the Act, (ii) there was no solicitation in opposition to the management's nominees as listed in the proxy statement, and (iii) all of such nominees were elected. If the registrant did not solicit proxies and the board of directors as previously reported to the Commission was re-elected in its entirety, a statement to that effect in answer to paragraph (b) will suffice as an answer thereto.

4.  Paragraph (c) must be answered for all matters voted upon at the meeting, including both contested and uncontested elections

of directors.

5.  If the registrant has furnished to its security holders proxy soliciting material containing the information called for by paragraph (d), the paragraph may be answered by reference to the information contained in such material.

6.  If the registrant published a report containing all of the information called for by this item, the item may be answered by reference to the information in that report.

## PART II

**Item 5.    Market for Common Equity and Related Stockholder Matters and Small Business Issuer Purchases of Equity Securities.**

(a)  (a) Furnish the information required by Item 201 of Regulation S-B and Item 701 of Regulation S-B as to all equity securities of the small business issuer sold by the small business issuer during the period covered by the report that were not registered under the Securities Act. If the Item 701 information previously has been included in a Quarterly Report on Form 10-Q or 10-QSB, or on a Current Report on Form 8-K, however, it need not be furnished.

(b)  If required pursuant to Rule 463 (17 CFR 230.463) of the Securities Act of 1933, furnish the information required by Item 701(f) of Regulation S-B (§228.701(f) of this chapter).

(c)  Furnish the information required by Item 703 of Regulation S-B (§228.703 of this chapter) for any repurchase made in a month within the fourth quarter of the fiscal year covered by the report. Provide disclosures covering repurchases made on a monthly basis. For example, if the fourth quarter began on January 16 and ended on April 15, the chart would show repurchases for the months from January 16 through February 15, February 16 through March 15, and March 16 through April 15.

**Item 6.    Management's Discussion and Analysis or Plan of Operation.**

Furnish the information required by Item 303 of Regulation S-B.

**Item 7.    Financial Statements.**

Furnish the information required by Item 310(a) of Regulation S-B.

**Item 8.    Changes In and Disagreements With Accountants on Accounting and Financial Disclosure.**

Furnish the information required by Item 304(b) of Regulation S-B.

**Item 8A.    Controls and Procedures.**

Furnish the information required by Items 307 of Regulation S-B (17 CFR 228.307) and 308 of Regulation S-B (17 CFR 228.308).

**Item 8A(T). Controls and Procedures.**

(a) Furnish the information required by Items 307 and 308T of Regulation S-B (17 CFR 228.307 and 228.308T) with respect to an annual report that the small business issuer is required to file for a fiscal year ending on or after December 15, 2007 but before December 15, 2008.

(b) This temporary Item 8A(T) will expire on June 30, 2009.

**Item 8B.    Other Information.**

The small business issuer must disclose under this item any information required to be disclosed in a report on Form 8-K during the fourth quarter of the year covered by this Form 10-KSB, but not reported, whether or not otherwise required by this Form 10-KSB. If disclosure of such information is made under this item, it need not be repeated in a report on Form 8-K which would otherwise be required to be filed with respect to such information or in a subsequent report on Form 10-KSB.

PART III

**Item 9.    Directors, Executive Officers, Promoters, Control Persons and Corporate Governance; Compliance With Section 16(a) of the Exchange Act.**

Furnish the information required by Items 401, 405, 406 and 407(c)(3), (d)(4) and (d)(5) of Regulation S-B (§§228.401, 228.405, 228.406, 228.407(c)(3), (d)(4) and (d)(5) of this chapter).

*Instruction to Item 9.*
Checking the box provided on the cover page of this Form to indicate that Item 405 disclosure of delinquent Form 3, 4, or 5 filers is not contained herein is intended to facilitate Form processing and review. Failure to provide such indication will not create liability for violation of the federal securities laws. The space should be checked only if there is no disclosure in this Form of reporting person delinquencies in response to Item 405 of Regulation S-B (§228.405 of this chapter) and the registrant, at the time of filing of the Form 10-KSB, has reviewed the information necessary to ascertain, and has determined that, Item 405 disclosure is not expected to be contained in Part III of the Form 10-KSB or incorporated by reference.

**Item 10.    Executive Compensation.**

Furnish the information required by Item 402 of Regulation S-B.

**Item 11.    Security Ownership of Certain Beneficial Owners and Management and Related Stockholder Matters.**

Furnish the information required by Item 201(d) of Regulation S-B and by Item 403 of Regulation S-B.

**Item 12.    Certain Relationships and Related Transactions, and Director Independence.**

Furnish the information required by Item 404 of Regulation S-B and Item 407(a) of Regulation S-B (§ 229.407(a) of this chapter).

**Item 13.    Exhibits.**

Furnish the exhibits required by Item 601 of Regulation S-B. Where any financial statement or exhibit is incorporated by reference, the incorporation by reference shall be set forth in the list required by this item. See Exchange Act Rule 12b-23 (§240.12b-23 of this chapter). Identify in the list each management contract or compensatory plan or arrangement required to be filed as an exhibit to this form.

**Item 14.    Principal Accountant Fees and Services.**

Furnish the information required by Item 9(e) of Schedule 14A (§240.14a-101 of this chapter).

(1)    Disclose, under the caption Audit Fees, the aggregate fees billed for each of the last two fiscal years for professional services rendered by the principal accountant for the audit of the registrant's annual financial statements and review of financial statements included in the registrant's Form 10-Q (17 CFR 249.308a) or 10-QSB (17 CFR 249.308b) or services that are normally provided by the accountant in connection with statutory and regulatory filings or engagements for those fiscal years.

(2)    Disclose, under the caption Audit-Related Fees, the aggregate fees billed in each of the last two fiscal years for assurance and related services by the principal accountant that are reasonably related to the performance of the audit or review of the registrant's financial statements and are not reported under Item 9(e)(1) of Schedule 14A. Registrants shall describe the nature of the services comprising the fees disclosed under this category.

(3)    Disclose, under the caption Tax Fees, the aggregate fees billed in each of the last two fiscal years for professional services rendered by the principal accountant for tax compliance, tax advice, and tax planning. Registrants shall describe the nature of the services comprising the fees disclosed under this category.

(4)    Disclose, under the caption All Other Fees, the aggregate fees billed in each of the last two fiscal years for products and services provided by the principal accountant, other than the services reported in Items 9(e)(1) through 9(e)(3) of Schedule 14A. Registrants shall describe the nature of the services comprising the fees

disclosed under this category.

(5)      (i) Disclose the audit committee's pre-approval policies and procedures described in paragraph (c)(7)(i) of Rule 2-01 of Regulation S-X.
(ii) Disclose the percentage of services described in each of Items 9(e)(2) through 9(e)(4) of Schedule 14A that were approved by the audit committee pursuant to paragraph (c)(7)(i)(C) of Rule 2-01 of Regulation S-X.

(6)      If greater than 50 percent, disclose the percentage of hours expended on the principal accountant's engagement to audit the registrant's financial statements for the most recent fiscal year that were attributed to work performed by persons other than the principal accountant's full-time, permanent employees.

## INFORMATION REQUIRED IN ANNUAL REPORTS OF TRANSITIONAL SMALL BUSINESS ISSUERS

### PART I

Note:  Regardless of the disclosure model used, all registrants shall furnish the financial statements required by Part F/S.

**Alternative 1**

Corporate issuers may elect to furnish the information required by Questions 1, 3, 4, 11, 28 – 43, 45, and 47 – 50 of Model A of Form 1-A, as well as the information in Parts II an III, below.

**Alternative 2**

Any issuer may elect to furnish the information required by Items 6-11 of Model B of Form 1-A, as well as the information required by Parts II and III, below.

### PART II

**Item 1.    Market Price of Dividends on the Registrant's Common Equity and Other Shareholder Matters.**

Furnish the information required by Item 201 of Regulation S-B.

**Item 2.   Description of Exhibits.**

As appropriate, the issuer should file those documents required to be filed as Exhibit Number 2, 3, 5, 6, and 7 in Part III of Form 1-A. The registrant also shall file:

(12)      Additional exhibits - Any additional exhibits which the issuer may wish to file, which shall be so marked as to indicate clearly the subject matters to which they refer.

(13)       Form F-X - Canadian issuers shall file a written irrevocable consent and power of attorney on Form F-X.

(31) The exhibit described in paragraph (b)(31) of Item 601 of Regulation S-B.
(32) The exhibit described in paragraph (b)(32) of Item 601 of Regulation S-B.

**Item 3.   Changes in and Disagreements with Accountants.**

Furnish the information required by Item 304(b) of Regulation S-B, if applicable.

**Item 4.   Submission of Matters to a Vote of Security Holders.**

If any matter was submitted during the fourth quarter of the fiscal year covered by this report to a vote of security holders, through the solicitation of proxies or otherwise, furnish the following information:

(a)  The date of the meeting and whether it was an annual or special meeting.

(b)  If the meeting involved the election of directors, the name of each director elected at the meeting and the name of each other director whose term of office as a director continued after the meeting.

(c)  A brief description of each other matter voted upon at the meeting and the number of affirmative votes and the number of negative votes cast with respect to each such matter.

(d)  A description of the terms of any settlement between the registrant and any other participant (as defined in Instruction 3 to Item 4 of Schedule 14 A §240.14a-101) terminating any solicitation subject to §240.14a-12(c), including the cost or anticipated cost to the registrant.

*Instructions to Item 4.*

1.  If any matter has been submitted to a vote of security holders otherwise than at a meeting of such security holders, corresponding information with respect to such submission should be furnished. The solicitation of any authorization or consent (other than a proxy to vote at a shareholders' meeting) with respect to any matter shall be deemed a submission of such matter to a vote of security holders within the meeting of this item.

2.  Paragraph (a) need be answered only if paragraph (b) or (c) is required to be answered.

3.  Paragraph (b) need not be answered if (i) proxies for the meeting were solicited pursuant to Regulation 14A under the Act, (ii) there was no solicitation in opposition to the management's nominees as listed in the proxy statement, and (iii) all of such nominees were elected. If the registrant did not solicit proxies and the board of directors as previously reported to the Commission was re-elected in its entirety, a statement to that effect in answer to paragraph (b) will suffice as an answer thereto.

4.  Paragraph (c) need not be answered as to procedural matters or as to the selection or approval of auditors.

5.  If the registrant has furnished to its security holders proxy soliciting material containing the information called for by paragraph (d), the paragraph may be answered by reference to the information contained in such material.

6.  If the registrant published a report containing all of the information called for by this item, the item may be answered by reference to the information in that report.

**Item 5.  Compliance with Section 16(a) of the Exchange Act.**

Furnish the information required by Item 405 of Regulation S-B.

**Part F/S**

Furnish the information required by Item 310(a) of Regulation S-B.

**Part III**

**Item 1.  Index to Exhibits.**

(a)  An index to the exhibits should be presented.

(b)  Each exhibit should be listed in the exhibit index according to the number assigned to it in Part III of Form 1-A or under Item 2, below.

(c)  The index to exhibits should identify the location of the exhibit under the sequential page numbering system for this Form 10-KSB.

(d)  Where exhibits are incorporated by reference, the reference shall be made in the index of exhibits.

*Instructions.*

1.  Any document or part thereof filed with the Commission pursuant to any Act administered by the Commission may, subject to the limitations of Rule 24 of the Commission's Rules of Practice, be incorporated by reference as an exhibit to any registration statement.

2.  If any modification has occurred in the text of any document incorporated by reference since the filing thereof, the issuer shall

9

file with the reference a statement containing the text of such modification and the date thereof.

3. Procedurally, the techniques specified in Rule 12b-23 shall be followed.

## Item 2. Description of Exhibits.

As appropriate, the issuer should file those documents required to be filed as Exhibit Number 2, 3, 5, 6, and 7 in Part III of Form 1-A. The registrant also shall file:

(12) *Additional exhibits* - Any additional exhibits which the issuer may wish to file, which shall be so marked as to indicate clearly the subject matters to which they refer.

(13) *Form F-X* - Canadian issuers shall file a written irrevocable consent and power of attorney on Form F-X.

## SIGNATURES

In accordance with Section 13 or 15(d) of the Exchange Act, the registrant caused this report to be signed on its behalf by the undersigned, thereunto duly authorized.

_____

(Registrant)

By _____

(Signature and Title)*

Date _____

In accordance with the Exchange Act, this report has been signed below by the following persons on behalf of the registrant and in the capacities and on the dates indicated.

By _____

(Signature and Title)*

Date _____

By _____

(Signature and Title)*

Date _____

* Print the name and title of each signing officer under his signature.

**Supplemental information to be Furnished With Reports Filed Pursuant to Section 15(d) of the Exchange Act By Non-reporting Issuers**

(a) Except to the extent that the materials enumerated in (1) and/or (2) below are specifically incorporated into this Form by reference (in which case, see rule 12b-23(b)), every issuer which files an annual report on this Form under Section 15(d) of the Exchange Act shall furnish the Commission for its information, at the time of filing its report on this Form, four copies of the following:

(1) Any annual report to security holders covering the registrant's last fiscal year; and

(2)   Every proxy statement, form of proxy or other proxy soliciting material sent to more than ten of the registrant's security holders with respect to any annual or other meeting of security holders.

(b)   The Commission will not consider the material to be "filed" or subject to the liabilities of Section 18 of the Exchange Act, except if the issuer specifically incorporates it in its annual report on this Form by reference.

(c)   If no such annual report or proxy material has been sent to security holders, a statement to that effect shall be included under this caption. If such report or proxy material is to be furnished to security holders subsequent to the filing of the annual report on this Form, the registrant shall so state under this caption and shall furnish copies of such material to the Commission when it is sent to security holders.

# EXHIBIT D

# EXHIBIT D



# BANK'S $400M LOSS ON GAS BETS SINGES N.Y. FIRM

By RODDY BOYD



> Good For Business

*April 28, 2007* -- The Bank of Montreal's disclosure yesterday that it lost up to $400 million trading natural gas may prove to be very painful for a fast-growing commodity brokerage.

Valhalla, N.Y.-based Optionable - a brokerage whose technology enticed Nymex to take a 19 percent stake in the company - appears to be in danger of losing revenue from its biggest customer, the Bank of Montreal, as the bank reels from a giant portfolio valuation problem.

According to Optionable's 10-K filing, BMO accounted for 24 percent of its revenues last year. Investors took note of this, and sent Optionable's stock down $1.45, or almost 21 percent, to $5.56 yesterday.

While BMO will not end its generally lucrative energy trading operations, executives emphasized that it is pulling back on both the volume of trades and the appetite for risk.

The loss resulted from inaccurate valuations on the bank's large portfolio of natural gas options, BMO Chief Executive Officer Bill Downe said in a conference call.

Sources told The Post that the losses resulted from trades made in so-called out-of-the-money options that were not valued properly. Out-of-the-money refers to a price that is less favorable than what's currently available in the market, triggering a loss for an investor.

Sources said many of these trades were made by David Lee, a veteran gas trader at the bank.

While details of what happened remain sketchy, natural gas traders on and off the Nymex trading floor told The Post that BMO's problems were compounded by problematic valuations of their short positions in illiquid natural gas futures and options.

A Nymex floor-trading source said that BMO began unwinding its problematic natural gas trades on Thursday afternoon, but did not use Optionable.

A call to Lee was referred to a BMO spokeswoman, who declined to comment.

An Optionable spokesman said that the company would not have a comment until its earnings conference call on Tuesday.

An Optionable executive told The Post earlier this month that the company was trying to diversify its client base away from its heavy reliance on BMO.

*roddy.boyd@nypost.com*

**Home**

NEW YORK POST is a registered trademark of NYP Holdings, Inc. NYPOST.COM, NYPOSTONLINE.COM, and NEWYORKPOST.COM
are trademarks of NYP Holdings, Inc.
Copyright 2007 NYP Holdings, Inc. All rights reserved.

## CERTIFICATE OF SERVICE

I, Lawrence R. Gelber, an attorney duly admitted to practice in the courts of the state of New York, including the United States District Court for the Southern District of New York, do hereby affirm and certify, that on Friday, February 15, 2008, I served a copy of the foregoing "Affirmation of Lawrence R. Gelber in Support of Defendant Kevin Cassidy's Motion to Dismiss The Consolidated Amended Class Action Complaint" on counsel for the plaintiffs, and upon counsel for each defendant by electronic mail, as follows;

Kim Elaine Miller, Esq.
KAHN GAUTHIER SWICK LLC
114 East 39th Street
New York, New York 10016
T: 212 696 3730
Email: kim.miller@kgscounsel.com
Attorneys for Plaintiffs

Eliot Lauer, Esq.
CURTIS, MALLET-PREVOST, COLT
  & MOSLE LLP
101 Park Avenue
New York, New York  10178-0061
T:  212 696 6000
F:  212 697 1559
Email: elauer@cm-p.com
*Attorneys for Defendant Mark Nordlicht*

Liam O'Brien, Esq.
MCCORMICK & O'BRIEN, LLP
42 West 38th Street, 7th Floor
New York, New York 10018
T: 212 286 4471
F; 212 504 9574
Email: lobrien@mcoblaw.com
*Attorneys for Defendant Edward O'Connor*

Michael G. Bongiorno, Esq.
WILMER CUTLER PICKERING HALE
AND DORR LLP
399 Park Avenue
New York, New York 10022
T: 212 330 8800
Email:
michael.bongiorno@wilmerhale.com
*Attorneys for Defendant Optionable, Inc.*

Peter J. Pizzi, Esq.
CONNELL FOLEY LLP
888 Seventh Avenue
New York, New York 10106
T: 973 533 4221
F: 973 535 9217
Email: ppizzi@connellfoley.com
*Attorneys for Defendant Albert Helmig*

Laurie E. Morrison, Esq.
EDWARDS ANGELL PALMER & DODGE LLP
750 Lexington AvenueNew York, New York 10022-1200
T: 212 912 2916
F: 212 308 4844
Email:  lmorrison@eapdlaw.com

-and-

John L. Reed, Esq.
EDWARDS ANGELL PALMER & DODGE LLP
919 North Market Street, 15th Floor
Wilmington, Delaware 19801
T: 302 425 7114
F: 302 777 7263
Email: jreed@eapdlaw.com
*Attorneys for Defendant Marc-Andre Boisseau*

Dated:       Brooklyn, New York
             February 15, 2008

_____
Lawrence R. Gelber
Attorney at Law