USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/20/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re OPTIONABLE, INC. SECURITIES LITIGATION

07 Civ. 3753 (LAK)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## MEMORANDUM AND ORDER

LEWIS A. KAPLAN, *District Judge.*

   Plaintiffs move to lift the PSLRA discovery stay in order to permit it to seek discovery of the so-called Deloitte report.

   First, the Court on September 15, 2008 granted defendants' motion to dismiss subject to the plaintiffs' right to seek leave to amend by motion filed on or before October 6, 2008. Plaintiffs filed no such motion. The present motion to lift the PSLRA stay was not filed until October 8, 2008. Plaintiffs offer no explanation for their failure. I see no reason to relieve them of their default.

   Second, even if I were to put the plaintiffs' default to one side, I would see no merit in the motion. Plaintiffs have been aware of the Deloitte report for many months. They relied upon press accounts of it in opposing dismissal. While I rejected the press accounts as sources adequate for the statements attributed to Deloitte, I did not stop there. I went on to assume *arguendo* that the press reports were adequate sources "for [plaintiffs'] claim that Optionable provided *some* inaccurate prices to BMO."[1] Even on that assumption, however, I concluded that the complaint was deficient because "[t]he articles d[id] not attribute BMO's losses to Optionable's mispricing or suggest that

---

[1] Slip op. at 15 (emphasis in the original).

Optionable purposely gave inaccurate prices."[2] In these circumstances, plaintiffs obviously seek discovery of the Deloitte report in the hope that they will turn up something beyond what appeared in the press reports.

The PSLRA provides in relevant part:

"In any private action arising under this subchapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds, upon the motion of any party, that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party."[3]

Plaintiffs seek this discovery in the hope that there will be something in the report that will enable them to draft a complaint that will meet the pleading standard set out in the PSLRA. But if that purpose were sufficient to establish that the discovery is sought to prevent undue prejudice, the exception to the PSLRA discovery stay would swallow the rule. Plaintiffs unable to satisfy the PSLRA pleading standards always hope that discovery might yield information that would permit them to do so and thus always could make precisely the same argument plaintiffs make here. The fact that plaintiffs, at least at the moment, seek discovery only of the Deloitte report and any drafts thereof rather than more extensive disclosure does not alter the fact that their request is irreconcilable with a proper reading of the statute. As the Ninth Circuit has held, it is impermissible to lift the PSLRA discovery stay "so that [plaintiffs] might uncover facts sufficient to satisfy the Act's pleading requirements."[4] "The 'Stay of Discovery' provision of the Act clearly contemplates

---

[2] *Id.* (footnote omitted).

[3] 15 U.S.C. § 77z-1(b)(1).

[4] *S.G. Cowen Secs. Corp. v. U.S. Dist. Court for Northern Dist. of California*, 189 F.3d 909, 912 (9th Cir. 1999). *Accord Faulkner v. Verizon Commc'ns, Inc.*, 156 F. Supp. 2d 384, 402-03 (S.D.N.Y. 2001); *Sedona Corp. v. Ladenburg Thalmann*, No. 03 Civ. 3120 (LTS), 2005

3

that 'discovery should be permitted in securities class actions only after the court has sustained the legal sufficiency of the complaint.'"[5]

Accordingly, plaintiffs' motion [docket item 115] is denied in all respects. As plaintiffs have not move for leave to amend, the Clerk shall enter final judgment of dismissal.

SO ORDERED.

Dated: October 20, 2008

                                              Lewis A. Kaplan
                                           United States District Judge

---

WL 2647945, at *3 (S.D.N.Y. Oct. 14, 2005) (Katz, M.J.).

[5] S.G. Cowen, 189 F.3d at 912-13 (quoting S. REP. NO. 104-98, at 14 (1995) reprinted in U.S.C.C.A.N. 693) (emphasis omitted).