```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: June 15, 2009
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                        :

In re OPTIONABLE SECURITIES     :   07 Civ. 3753 (PAC)
LITIGATION                          :   MEMORANDUM ORDER
                                        :
------------------------------------------------------------X

HONORABLE PAUL A. CROTTY, United States District Judge:

Plaintiffs, an investment group and an individual purporting to represent a class of all people and entities who purchased securities of Optionable, Inc., between January 22, 2007 and May 14, 2007, move, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, for reconsideration of Judge Kaplan's dismissal of their Consolidated Amended Class Action Complaint ("Original Complaint") for failure to state a claim.[1]  Plaintiffs seek leave to reopen the case and file a second amended complaint based upon newly discovered evidence.  For the reasons that follow, Plaintiffs' motion is DENIED.

## BACKGROUND

Judge Kaplan granted Defendants' motion to dismiss on September 15, 2008 in a thorough opinion, familiarity with which is presumed.  See In re Optionable Sec. Litig., 577 F. Supp. 2d 681 (S.D.N.Y. 2008).  In brief, Plaintiffs' Original Complaint alleged that Optionable and five individual officers and directors of the company—Optionable founder and Chairman Mark Nordlicht; Chief Executive Officer and Vice Chairman Kevin Cassidy; President Edward J. O'Connor; Director Albert Helming; and Chief Financial Officer Marc-Andre Boisseau— violated the Securities Exchange Act of 1934.  The alleged scheme involved mispricing of natural gas options in collaboration with a trader, David Lee, who worked at Bank of Montreal ("BMO"), Optionable's largest client.

---

[1]    Judge Kaplan recused himself from this motion.  The case was reassigned first to Judge Kram and then to this Court.

1

Judge Kaplan closely examined the allegations that Defendants had made knowingly false statements in violation of 15 U.S.C. §§ 78j(b), 78t(a), and 78t-1, and in violation of Rule 10b-5, promulgated at 17 C.F.R. § 240.10b-5.  Those statements related to: (1) the quality of Optionable's brokerage services; (2) Optionable's revenue; (3) Defendant Cassidy's prior convictions for credit card fraud and tax evasion; (4) Optionable's motivation for selling a 19% stake in the company to the New York Mercantile Exchange ("NYMEX"); Lee's relationship with Optionable; Optionable's expectation that BMO would not cut ties with Optionable; NYMEX's intention to compete with an Optionable trading platform called OPEX; the effectiveness of Optionable's internal controls; and the accuracy of a 10-KSB form. See In re Optionable, 577 F. Supp. 2d at 689-94.

Judge Kaplan found that under Rule 9(b) and the Private Securities Litigation Reform Act of 1995 ("PSLRA"), codified at 15 U.S.C. § 78u-4(b), the complaint failed to state the circumstances constituting fraud with particularity.

> Many of plaintiffs' factual allegations are not based on an adequate source or are unsupported by the purported source.  Those allegations that are based on adequate sources do not support the inference that defendants' statements were false o[r] misleading with regard to a material fact.

Id. at 694.  In granting the Defendants' motion to dismiss, Judge Kaplan permitted Plaintiffs to move for leave to amend the Original Complaint on or before October 6, 2008.

Plaintiffs did not move for leave to amend the Original Complaint on or before October 6, 2008, but instead moved for a partial lifting of the PSLRA's discovery stay, in order to seek discovery on a report prepared on behalf of BMO by Deloitte and Touche, LLP (the "Deloitte Report").  On October 20, 2008, Judge Kaplan denied Plaintiffs' motion to lift the discovery stay, stating that Plaintiffs had already relied on press accounts of the Deloitte Report in their Original Complaint and that lifting the discovery stay would not serve the goals of the PSLRA.

Accordingly, as Plaintiffs had not moved for leave to amend the Original Complaint, Judge Kaplan ordered the Clerk of the Court to enter a final judgment of dismissal, which occurred on October 23, 2008.

Several weeks later, various federal and state organizations announced criminal and civil actions against the parties involved in the alleged scheme between Optionable and Lee.  On November 18, 2008, the United States Attorney for the Southern District of New York ("USAO") announced the unsealing of a six-count indictment against Defendant Cassidy for crimes relating to the scheme to defraud BMO. (See Plaintiffs' Memorandum of Law in Support of Rule 60(b) Motion ("Pl. Mem.") Ex. 3.)  The release also stated that Lee had pled guilty on November 13, 2008, to a four-count criminal information for his involvement with the scheme. Id.  The Securities and Exchange Commission ("SEC"), the Commodity Futures Trading Commission ("CFTC"), the Federal Reserve Board, and the Manhattan District Attorney's Office also announced companion and related actions against the Optionable directors and officers and against Lee. (Id. Ex. 1, Ex. C-G.)

Plaintiffs scoop this prosecutorial and regulatory information, which occurred in November 2008, after Judge Kaplan's decision, into a Proposed Second Consolidated Amended Class Action Complaint ("Proposed Complaint") and seek a reopening of the case, pursuant to Rule 60(b)(2) and (6) of the Federal Rules of Civil Procedure, and permission to amend the Original Complaint, pursuant to Rule 15.

### DISCUSSION

Rule 60(b) reconsideration of a previous order is an extraordinary remedy that works against the interest of finality and should be applied only in exceptional circumstances. See United States v. Cirami, 563 F.2d 26, 33 (2d Cir. 1977), Panther Partners, Inc. v. Ikanos

3

Communications, Inc., No. 06 Civ. 12967 (PAC), 2008 WL 2414047, *1 (S.D.N.Y. June 12, 2008). Rule 60(b)(2) states that a court may relieve a party from final judgment on the basis of "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). The Second Circuit has established a four-part standard in applying this rule:

> The movant must demonstrate that (1) the newly discovered evidence was of facts that existed at the time of trial or other dispositive proceeding, (2) the movant must have been justifiably ignorant of them despite due diligence, (3) the evidence must be admissible and of such importance that it probably would have changed the outcome, and (4) the evidence must not be merely cumulative or impeaching.

United States v. Int'l Bhd. of Teamsters, 247 F.3d 370, 392 (2d Cir. 2001).

Rule 60(b)(6) is the "catchall" provision of Rule 60 and provides for reconsideration for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Rule 60(b)(6) is not applicable where "the reasons offered for relief from judgment can be considered in one of the more specific clauses of 60(b)." Int'l Bhd. of Teamsters, 247 F.3d at 391-92; State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada, 374 F.3d 158, 178 (2d Cir. 2004) ("Where a claim sounds very much like a claim regarding newly discovered evidence, the claim is controlled by 60(b)(2) and should not be labeled as if brought under a different provision of Rule 60(b).") (citation and internal quotations omitted). The Court turns to the application of Rule 60(b)(2).

Plaintiffs follow the four-part standard set forth in United States v. International Brotherhood of Teamsters, 247 F.3d at 392. First, Plaintiffs argue that the facts contained within the various government indictments and accusatory instruments represent newly discovered evidence which existed at the time of Judge Kaplan's dismissal. Second, Plaintiffs argue that they were justifiably ignorant of those facts. They claim that despite hiring several investigators to pursue a factual investigation of the Defendants, without the benefit of the government's

4

subpoena power there was no possibility for Plaintiffs to uncover the existence of the government investigations. Third, Plaintiffs argue that the newly discovered evidence is admissible, or, in the alternative, that the Court can take judicial notice of the existence—not the truth—of the new evidence. See Werner v. Werner, 267 F.3d 288, 295 (3d Cir. 2001) (vacating dismissal and allowing Plaintiff to replead after taking judicial notice of newly discovered evidence from a related state-court case). Fourth, Plaintiffs argue that the newly discovered evidence from the government charging documents and press releases is not cumulative to their Original Complaint and provides enough particularity to satisfy the pleading standards of the PSLRA and Rule 9(b).

At oral argument on this motion on May 21, 2009, Plaintiffs, relying on Kurzweil v. Philip Morris Cos., Inc., Nos. 94 Civ. 2373 (MBM), 94 Civ. 2546 (MBM), 1997 WL 167043, *5 (S.D.N.Y. Apr. 9, 1997), argued that the standard for reconsideration of newly discovered evidence was lower at the motion to dismiss stage than at the trial stage. (See Oral Argument Transcript ("Tr.") 08:24-09:11.) In Kurzweil, a case involving a 60(b)(2) motion to reconsider a dismissal at the pleading stage, Judge Mukasey found that most of the evidence that the plaintiffs brought to the court's attention was newly discovered, and he granted the motion for reconsideration. Some of the evidence, however, included the consolidation of pending investigations by two U.S. Attorney's Offices, and Judge Mukasey found that this evidence "is not newly discovered evidence that was in existence at the time of the order; it is simply new evidence." Kurzweil, 1997 WL 167043, at *5 (emphasis in original). Plaintiffs argue that Judge Mukasey applied a lower standard of admissibility on the reconsideration motion by admitting some of the newly discovered evidence and then stating that "[o]n a Rule 12(b)(6) motion I must take plaintiffs' factual allegations to be true." Id.

5

Kurzweil does not support a lower standard for reconsideration of newly discovered evidence at the pleading stage, as Plaintiffs urge. Judge Mukasey applied essentially the same standard of review for the newly discovered evidence as described in International Brotherhood of Teamsters. See Kurzweil, 1997 WL 167043, at *4 ("To succeed on a motion pursuant to Rule 60(b)(2) the evidence presented must be 'truly newly discovered or . . . could not have been found by due diligence.'") (citing United States v. Potamkin, 697 F.2d 491, 493 (2d Cir. 1983)). This is virtually indistinguishable from the International Brotherhood of Teamsters standard. See Int'l Bhd. of Teamsters, 247 F.3d at 392 ("The movant must demonstrate that (1) the newly discovered evidence was of facts that existed at the time of trial or other dispositive proceeding, (2) the movant must have been justifiably ignorant of them despite due diligence . . . ."). While the outcome of Kurzweil is the same as Plaintiffs seek, nothing about the case suggests that the standard for reconsideration stated in International Brotherhood of Teamsters is lowered when the motion follows a dismissal at the pleading stage.[2]

Rather than waiting to file their claims against Optionable until enough facts emerged so that their complaint could be stated with the requisite particularity, Plaintiffs chose to file against Optionable with what Judge Kaplan found to be inadequate allegations that could not withstand a motion to dismiss. Plaintiffs had an opportunity to replead, which they clearly failed to exercise. Shortly after dismissal, new events occurred which Plaintiffs contend enable them to cure the prior deficiencies in pleading. Accordingly, Plaintiffs seek reconsideration, which presents a higher standard for success than what Plaintiffs would have encountered had they taken an appeal from Judge Kaplan's decision. Compare standards of review from Int'l Bhd. of Teamsters, 247 F.3d at 392, with Staehr v. Hartford Fin. Servs. Group, 547 F.3d 406, 424 (2d

---

[2] Plaintiffs' interpretation of Kurzweil also ignores the fact that Kurzweil was decided before International Brotherhood of Teamsters and that the latter case is a Second Circuit decision, and thus binding on this Court.

Cir. 2008) (noting de novo standard of review of district court's ruling on a motion to dismiss). The Court is faced with balancing two important judicial goals: preserving the finality of judgments versus ensuring that claims are decided on the merits.

It is clear that Plaintiffs knew about the prosecutorial and regulatory investigations into Optionable and its dealings with BMO trader Lee before filing their Original Complaint. The Original Complaint contained references to a grand jury subpoena, plus investigations by the Manhattan District Attorney's Office, the CFTC, the SEC, and the Department of Justice. (See Original Complaint ¶ 50.) Knowing that their prior knowledge of these investigations would be troublesome—based on Judge Kaplan's rejection of the request to lift the discovery stay for the Deloitte Report—at oral argument counsel claimed that Plaintiffs were unaware of the government investigations until after they filed their Original Complaint. (See Tr. 04:02-07 ("At the time the complaint was filed . . . there was no known government investigation of the company or any of the individuals at the company."); Tr. 13:10-13 ("We did a massive investigation. We thought we cracked it. Judge Kaplan disagreed. We could not have known that the government was investigating."); Tr. 14:04-07 (following questioning by the Court about whether Plaintiffs' knew of the ongoing SEC and CFTC investigation, Plaintiffs answered, "We did not, your Honor").)

Once Defendants' counsel pointed out that Plaintiffs had mentioned these very government investigations in their Original Complaint, Plaintiffs' counsel backed away from the earlier statements and acknowledged that Plaintiffs had known of the investigations. (See Tr. 34:22-24 ("Your Honor, I misspoke. Clearly, it's in our complaint. Clearly, we knew. I made a mistake. I forgot that the information had come out.").)

Plaintiffs knew of the government investigations and indeed pled the existence of the investigations in their Original Complaint. Even if some of the particular underlying facts that later came out in the charging documents could be considered "newly discovered," it is clear that Plaintiffs were not justifiably ignorant of those facts. Plaintiffs knew of the investigations, but instead of waiting for more facts to emerge—or even requesting from Judge Kaplan more time to amend the complaint—Plaintiffs chose to file on insufficient allegations, perhaps to gain a tactical advantage. Rule 60(b) is not a do-over when more facts emerge. See Lorusso v. Borer, 260 Fed. Appx. 355, 357 (2d. Cir. 2008) ("Rule 60(b) does not exist to provide a remedy for plaintiffs' counsel's tactical decisions."). Plaintiffs were not justifiably ignorant of the facts that later emerged in government charging documents and press releases, and the Court will not reopen this case.

## CONCLUSION

For the reasons already stated, Plaintiffs' motion for reconsideration is DENIED. The Clerk of the Court is directed to terminate the motion.

Dated: New York, New York
June 15, 2009

SO ORDERED

*[signature]*

PAUL A. CROTTY
United States District Judge